MILBERG WEISS LLP
JEFF S. WESTERMAN (94559)
One California Plaza
300 South Grand Ave., Suite 3900
Los Angeles, CA 90071
Tel: (213) 617-1200
Fax: (213) 617-1975
jwesterman@milbergweiss.com

GLANCY BINKOW & GOLDBERG LLP
SUSAN G. KUPFER (141724)
One Embarcadero Center, Suite 760
San Francisco, CA 94111
Tel: (415) 972-8160
Fax: (415) 972-8166
skupfer@glancylaw.com

SUSMAN GODFREY L.L.P.
MARC M. SELTZER (54534)
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
mseltzer@susmangodfrey.com

Plaintiffs' Interim Co-Lead Counsel

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| In re KOREAN AIR LINES CO., LTD. ANTITRUST LITIGATION | **MDL No. 1891** |
| | **MASTER FILE No. CV 07-05107 SJO (AGRx)** |
| This Document Relates To: All Actions | **PLAINTIFFS' INTERIM CO-LEAD COUNSEL'S RESPONSE TO INDIRECT PURCHASER PLAINTIFFS' OBJECTIONS TO THE DIRECT PARTIES' [PROPOSED] CASE MANAGEMENT ORDER NO. 1** |

1

821237v1/010438

1    Interim Co-Lead Counsel for Plaintiffs hereby respectfully respond to the
2    Indirect Purchaser Plaintiffs' Objections to the Direct Parties' [Proposed] Case
3    Management Order No. 1.  The objections to the [Proposed] Case Management
4    Order No. 1 (CMO) proposed by Interim Co-Lead Counsel for Plaintiffs, and
5    approved by defendants, were filed by counsel for three individuals who allege that
6    they purchased tickets for travel to Korea indirectly from one or more of the
7    defendants.  It is respectfully submitted that the objections should be rejected for the
8    following reasons:
9        1.    By their objections, the objecting counsel seek to wrest control over the
10   prosecution of Sherman Act claims that are currently being asserted by the plaintiffs
11   represented by Plaintiffs' Interim Co-Lead Counsel.  The objecting counsel do so by
12   mischaracterizing the scope of the claims that were intended to be reserved to the
13   consolidated actions and the claims to be reserved to the indirect purchaser case.
14   Plaintiffs' Interim Co-Lead Counsel determined not to represent certain claimants,
15   namely, indirect purchasers who cannot bring claims for damages under the
16   Sherman Act, out of an abundance of caution to avoid potential conflicts.  The CMO
17   we have proposed properly delimits the correct division between the two groups of
18   cases.  On February 29, 2008, following the hearing before the Court on February
19   15, 2008, and pursuant to the Court's order made that day, Plaintiffs' Interim Co-
20   Lead Counsel filed Plaintiffs' Second Amended Consolidated Complaint (SACC).
21   That complaint asserts claims on behalf of all purchasers who may assert claims
22   against the defendants for price-fixing under the Sherman Act.  On March 3, 2008,
23   the objecting counsel filed their Second Amended Indirect Purchaser Class Action
24   Complaint (SAIPC), which asserts claims under the Sherman Act and the laws of
25   various states on behalf of those it labels as "indirect purchasers."  As explained
26   below, only persons who are direct purchasers from a defendant or who are in a
27   relationship that makes them the functional equivalent of direct purchasers may sue
28

2

1  for damages under the Sherman Act.  However, all such purchasers who may bring

2  claims for damages under the Sherman Act, regardless of whether they may be

3  characterized as "direct" or "indirect" purchasers, are represented by Plaintiffs'

4  Interim Co-Lead Counsel and are included in the Class defined in the SACC.  Thus,

5  the filing by objecting counsel of an amended complaint which purports to include

6  Sherman Act claims on behalf of these same purchasers was an unauthorized act.

7  Now, in a further effort to aggrandize their position, they have challenged the CMO.

8  　　　　2.　　To place this matter in proper context, it is important to briefly review

9  why a distinction is drawn between different categories of purchasers who allege

10 they were harmed by a price-fixing conspiracy.  In *Illinois Brick Co. v. Illinois*, 431

11 U.S. 720 (1977), the Supreme Court held that, to avoid the complexities that would

12 be caused in allowing downstream purchasers who bought from a middleman, who,

13 in turn, bought from a seller who conspired to fix prices, to attempt to prove they

14 paid overcharges passed on to them, such indirect purchasers would not be allowed

15 to maintain claims for damages under the Sherman Act.  The Supreme Court,

16 however, stated that certain categories of purchasers who did not deal directly with

17 the conspirator could nonetheless maintain suit under the Sherman Act where

18 intervening market forces were superseded.  431 U.S. at 736 & fn. 16.  The two

19 categories identified were those who bought the affected products pursuant to pre-

20 existing, fixed-quantity, cost-plus contracts and those who owned or controlled the

21 direct purchaser.  Thus, even though title may have formally passed to someone else,

22 purchasers in these categories are deemed to be the equivalent of direct purchasers.

23 They are not the indirect purchasers who were denied the right to sue for damages

24 under the Sherman Act in *Illinois Brick*.  After *Illinois Brick*, a number of states,

25 including California, enacted legislation allowing consumers who were not able to

26 sue under the Sherman Act to sue as indirect purchasers under their own state

27 antitrust laws.  *See Union Carbide Corp. v. Superior Court*, 36 Cal.3d 15, 20 (1984)

28

3

(1978 Amendment to the Cartwright Act, Cal. Bus. & Prof. § 16750, allowed indirect purchasers, namely, "those persons 'injured' by illegal overcharges passed on to them in the chain of distribution," to sue). Thus, under these states' laws, the person to whom the Sherman Act plaintiff passed on the overcharge can sue for the portion of the overcharge passed on to him, while the direct purchasers or other persons falling within the *Illinois* Brick exceptions can sue under the Sherman Act and recover the entire overcharge.

3.     The CMO in question properly distinguishes between the federal and state law antitrust claims at issue in this litigation. In this litigation, Plaintiffs' Interim Co-Lead Counsel seek to represent purchasers who may assert claims against the defendants under Section 1 of the Sherman Act. Regardless of whether a plaintiff was in contractual privity with the defendants, if a plaintiff is entitled to bring a Sherman Act claim for damages against the defendants, he is in functionally the same position as a direct purchaser and all such persons were intended to be and are represented by Plaintiffs' Interim Co-Lead Counsel.

4.     It was always understood and intended by Plaintiffs' Interim Co-Lead Counsel that the indirect purchaser case would be limited to those purchasers who were not entitled to bring a claim for damages under the Sherman Act who can only assert claims for damages under state law. Plaintiffs' Interim Co-Lead Counsel advised the Court that they would not seek to represent these indirect purchasers, and referenced, in particular, the pending case filed by the objecting counsel which only asserted state law claims, as one that should not be consolidated with the cases represented by Plaintiffs' Interim Co-Lead Counsel. In the Report of Plaintiffs' Interim Co-Lead Counsel for Status Conference, filed on February 2, 2008, Plaintiffs' Interim Co-Lead Counsel noted that they did not believe that the indirect purchaser action filed by the objecting counsel should be consolidated with the direct purchaser actions "[d]ue to differing legal standards governing direct and

4

indirect purchaser actions." Report at 6. However, the same legal standards apply to plaintiffs who may bring Sherman Act claims for damages and courts have routinely certified class actions brought on behalf of Sherman Act plaintiffs comprised of both direct purchasers from a defendant, as well as plaintiffs who fall within an *Illinois Brick* exception. *See In re Industrial Diamonds Antitrust Litig.*, 167 F.R.D. 374, 386-87 (S.D.N.Y. 1996) (class certified including persons purchasing diamond products directly from one of the defendants or a corporation or other person owned or controlled by one of the defendants). At the hearing held on February 15, 2008, this Court determined not to consolidate the direct and indirect purchaser actions because it found "there may be some conflicts between the two positions." Reporter's Tr., Feb. 15, 2008, at 14. Of course, there is no conflict among Sherman Act plaintiffs. Seizing on the parties' use of the shorthand terminology used to distinguish the cases, objecting counsel are now seeking to gain control over the prosecution of the claims on behalf of Sherman Act plaintiffs who they claim may be characterized as "indirect purchasers."

5. When objecting counsel filed their amended complaint on December 21, 2007, they limited their claims to claims arising under California law and the laws of those certain identified states that expressly allow indirect purchasers to sue who would not have a right to sue under the Sherman Act. That was the operative indirect purchaser complaint on file on February 2, 2008, when Plaintiffs' Interim Co-Lead Counsel filed their Report, and at the time of the hearing held before this Court on February 15, 2008, when the Court accepted our view that the indirect purchaser case should not be consolidated, and on February 29, 2008, when Plaintiffs' Interim Co-Lead Counsel filed plaintiffs' SACC.

6. For the foregoing reasons, we respectfully submit that the objecting indirect plaintiffs' counsel should not be permitted to assert competing claims under the Sherman Act on behalf of members of the Class already represented by the

Interim Co-Lead Counsel for Plaintiffs.  Their effort to do so is an attempt to usurp the authority confided in Plaintiffs' Interim Co-Lead Counsel by this Court.

7.     To the extent that the objecting indirect plaintiffs' counsel now also seek to bring a claim for an injunction under the Sherman Act, they are seeking to interfere with the management of this case by Plaintiffs' Interim Co-Lead Counsel, who also seek injunctive relief on behalf of the Class.  The potential for conflicting orders directed to the defendants provides ample reason why only Plaintiffs' Interim Co-Lead Counsel should be responsible for litigating equitable claims under the Sherman Act.

8.     To the extent the objecting indirect purchasers' counsel object to the absence of authority imparted to them to litigate claims under foreign law, that objection is entirely theoretical because they have not sought to assert any such claims.  Furthermore, they have cited no authority whatsoever that would allow indirect purchasers to sue under foreign law.

9.     It is respectfully submitted that the CMO prepared by Plaintiffs' Interim Co-Lead Counsel, and approved by defendants, be approved by this Court and that the competing proposed CMO be denied.  It is also respectfully submitted that the objecting counsel should be ordered to file an amended complaint that conforms to the CMO.


Dated:  March 11, 2008.

                              MILBERG WEISS LLP
                              JEFF S. WESTERMAN
                              One California Plaza
                              300 South Grand Ave., Suite 3900
                              Los Angeles, CA  90071
                              Tel:  (213) 617-1200
                              Fax:  (213) 617-1975
                              jwesterman@milbergweiss.com

6

821237v1/010438

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

GLANCY BINKOW & GOLDBERG LLP
SUSAN G. KUPFER
One Embarcadero Center, Suite 760
San Francisco, CA  94111
Tel:  (415) 972-8160
Fax:  (415) 972-8166
skupfer@glancylaw.com


SUSMAN GODFREY L.L.P.
MARC M. SELTZER
1901 Avenue of the Stars, Suite 950
Los Angeles, CA  90067
Tel:  (310) 789-3100
Fax:  (310) 789-3150
mseltzer@susmangodfrey.com


By____/s/_____
        Marc M. Seltzer
Plaintiffs' Interim Co-Lead Counsel

7

821237v1/010438