MILBERG WEISS LLP
JEFF S. WESTERMAN (94559)
One California Plaza
300 South Grand Ave., Suite 3900
Los Angeles, CA 90071
Tel: (213) 617-1200
Fax: (213) 617-1975
jwesterman@milbergweiss.com

GLANCY BINKOW & GOLDBERG LLP
SUSAN G. KUPFER (141724)
One Embarcadero Center, Suite 760
San Francisco, CA 94111
Tel: (415) 972-8160
Fax: (415) 972-8166
skupfer@glancylaw.com

SUSMAN GODFREY L.L.P.
MARC M. SELTZER (54534)
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
mseltzer@susmangodfrey.com

Plaintiffs' Interim Co-Lead Counsel

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| In re KOREAN AIR LINES CO., LTD. ANTITRUST LITIGATION <br><br> This Document Relates To: <br><br> All Actions. | **MDL No. 1891** <br> **MASTER FILE No. CV 07-05107 SJO (AGRx)** <br><br> **AMENDED [PROPOSED] CASE MANAGEMENT ORDER NO. 1** |

## THE APPLICATION OF THIS ORDER

1. The terms of this Order shall apply to all pending actions and all actions later instituted in, removed to, or transferred to this Court as part of MDL No. 1891 or otherwise related to these actions that come before the Court on behalf of direct purchasers of passenger air transportation and that arise out of price-fixing allegations concerning Korea routes (collectively, "the Consolidated Direct Actions"). The terms of this Order shall not apply to any actions brought on behalf of indirect purchasers of passenger air transportation and that arise out of price-fixing allegations concerning Korea routes, such as *Soon Ja Chun, et al. v. Korean Air Lines* Co., Ltd., et al., Case No. CV 07-06542 SJO (AGRx). All such indirect purchaser actions shall be coordinated for pretrial purposes with the Consolidated Actions and subject to a separate case management order.

## CONSOLIDATION OF RELATED ACTIONS

2. The Clerk of the Court shall establish and maintain a Master Docket and Master File for the Consolidated Actions under the caption "*In re Korean Air Lines Co., Ltd. Antitrust Litigation*," MDL No. 1891 and Master File No. CV 07-05107 SJO (AGRx). All of the actions listed in Exhibit A to this Order are hereby consolidated under the foregoing Master Docket and Master File case numbers. All orders, pleadings, motions and other documents should, when filed and docketed in the Master File, be deemed filed and docketed in each individual case.

3. The Consolidated Actions shall be subject to the following procedures:

a. When such a case is filed in, removed to, or transferred to this Court, the Clerk of the Court shall:

   (i) place a copy of this Order in the separate file for such action;

   (ii) mail a copy of this Order to counsel for plaintiffs in the newly filed or transferred action and to any defendants in the newly filed or transferred action; and

   (iii) make an appropriate entry on the Master Docket for the Consolidated Actions.

b. Each new case that arises, in whole or in part, out of the subject matter of the Consolidated Actions and that is filed in, removed to or transferred to this Court shall be consolidated with the Consolidated Actions and this Order shall apply to that action.

c. Counsel shall call to the attention of the Clerk of the Court the filing, removal or transfer of any case that might properly be consolidated with the Consolidated Actions. Mailing or other delivery of a copy of this Order by defendants' counsel or plaintiffs' counsel, as appropriate, to the counsel in any newly filed or transferred actions shall constitute valid notice for purposes of establishing its applicability to such action in accordance with this Order.

**FILING AND DOCKETING PROCEDURES**

4. Every pleading hereafter filed in the Consolidation Action shall bear the following caption:

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| In re KOREAN AIR LINES CO., LTD. ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS | **MDL No. 1891**<br><br>**MASTER FILE**<br>**No. CV 07-05107 SJO (AGRx)** |
|---|---|

5. When a pleading or paper is intended to be applicable to all actions to which this Order is applicable, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption set out above. When a pleading or paper is intended to be applicable only to some, but not all of such actions, this Court's docket number for each action to which the pleading or paper is intended to be applicable and the last name of the first named plaintiffs in said action shall appear immediately after the words "This Document Relates To:" in the caption described above; i.e., Civil Action No.    , [Name of plaintiffs].

6. When a pleading or paper is filed and the caption, pursuant to ¶5, shows that it is to be applicable to "All Actions," the Clerk of the Court shall file such pleading or paper in the Master File and note such filing in the Master Docket. No

further copies need be filed or other docket entries made.

7. When a pleading or paper is filed and the caption, pursuant to ¶5, shows that it is applicable to fewer than all of the actions, the Clerk of the Court shall file such pleading or other paper only in the Master File but nonetheless shall note such filing in both the Master Docket and in the docket of each such action.

8. All parties must comply with this Court's General Order No. 08-02, as modified and supplemented by the Initial Standing Order for Cases Assigned to Judge S. James Otero, this Case Management Order, and any subsequent orders of the Court. Notwithstanding ¶4 of the Court's Initial Standing Order, however, the parties shall have one court day after documents are filed through the Court's ECF system to submit the paper courtesy copy.

9. If they have not already done so, on or before March 14, 2008, all Interim Co-Lead Counsel for plaintiffs and counsel of record for defendants shall (a) register for electronic case filing (ECF) and (b) file a consent to electronic service, as that term is defined in General Order No. 08-02, so that service upon such counsel of an electronically filed document and Court orders and Court generated documents is deemed complete upon the transmission of receipt of a notice of electronic filing, as set forth in General Order No. 08-02, Part VII.A & B. Filing and service of documents by means of ECF shall satisfy any obligation to serve documents on the parties to the Consolidated Actions. Any counsel of record for plaintiffs who have not been designated as Interim Co-Lead Counsel may also register for ECF and file a consent to

- 4 -

electronic service if they wish to receive electronic service of documents filed with the Court, Court orders or other Court generated documents. As service of all papers is accomplished automatically when documents are filed electronically, counsel who do not register for ECF will not receive orders filed by the Court or documents filed by the parties.

**ORGANIZATION OF DIRECT PURCHASER PLAINTIFFS' COUNSEL**

10. The organizational structure of direct purchaser plaintiffs' counsel established by this Order shall bind plaintiffs' and defendants' counsel in the Consolidated Actions, including any action subsequently governed by this Order.

11. The following attorneys are designated as Interim Co-Lead Counsel for the direct purchaser Plaintiffs: Jeff S. Westerman of Milberg Weiss LLP, Susan G. Kupfer of Glancy Binkow & Goldberg LLP, and Marc M. Seltzer of Susman Godfrey L.L.P (hereinafter referred to as "Direct Purchaser Plaintiffs' Interim Co-Lead Counsel"). The indirect purchaser Plaintiffs shall be represented by separate Interim Co-Lead counsel pursuant to the separate case management order filed with respect to the indirect purchasers.

12. Direct Purchaser Plaintiffs' Interim Co-Lead Counsel are authorized to receive orders, notices, correspondence, and telephone calls from the Court on behalf of all plaintiffs in the Consolidated Actions other than indirect purchaser plaintiffs. Any agreements entered into by Direct Purchaser Plaintiffs' Interim Co-Lead Counsel with defendants or their counsel shall be binding on all plaintiffs in the Consolidated

- 5 -

Actions other than indirect purchaser plaintiffs. Direct Purchaser Plaintiffs' Interim Co-Lead Counsel shall assume and exercise the following powers and responsibilities:

a. To determine and present in pleadings, motions, briefs, oral argument or such other fashion as may be appropriate to the Court and opposing parties, the position of the direct purchaser plaintiffs as to all matters arising during all pretrial and trial proceedings;

b. To conduct or coordinate discovery on behalf of direct purchaser plaintiffs consistent with the requirements of the Federal Rules of Civil Procedure;

c. To enter into stipulations with opposing counsel for the conduct of the direct purchaser litigation;

d. To supervise and monitor the activities of direct purchaser plaintiffs' counsel and to implement procedures to ensure that unnecessary expenditures of time and funds by counsel are avoided;

e. To sign all papers filed or submitted on behalf of direct purchaser plaintiffs;

f. To conduct all pre-trial, trial and post-trial proceedings on behalf of direct purchaser plaintiffs;

g. To employ and consult with experts.

h. To call and chair meetings of direct purchaser plaintiffs' counsel when deemed appropriate;

     i.     To be the sole persons authorized to conduct settlement negotiations with defendants on behalf of direct purchaser plaintiffs;

     j.     To otherwise coordinate the work of all direct purchaser plaintiffs' counsel, and perform such other duties as Co-Lead Counsel deem necessary or as authorized by further order of the Court; and

     k.     To make all work assignments on behalf of direct purchaser plaintiffs in such a manner as to promote the orderly and efficient conduct of this litigation and to avoid unnecessary duplication and expense.

## **COMPLAINT AND BRIEFING SCHEDULE**

13. No later than February 29, 2008, and after meeting and conferring with defendants' counsel, plaintiffs shall prepare and file through ECF a single Consolidated Amended Complaint that shall be deemed to supersede the complaints filed in each of the Consolidated Actions. All plaintiffs who filed complaints in the Consolidated Actions shall continue to be parties in the Consolidated Actions.

14. The parties recognize, and represented to the Court, that the following schedule is appropriate so long as the new Consolidated Amended Complaint does not contain materially new or different claims. If the new Consolidated Amended Complaint contains materially new or different claims, the parties may promptly seek to modify the schedule accordingly. Absent such a request, each defendant shall file through ECF its response to the Consolidated Amended Complaint on or before April 4, 2008. Defendants' respective memoranda in support of any motion to dismiss shall

be filed concurrently with any motion and shall not exceed 25 pages in length.

15. Plaintiffs' oppositions to any motion to dismiss shall be filed through ECF on or before May 9, 2008. Opposition memoranda shall not exceed 25 pages in length.

16. Defendants' replies in support of any motion to dismiss shall be filed through ECF on or before May 23, 2008. Reply memoranda shall not exceed **10 pages** in length.

17. The Court shall hold a hearing on any motions to dismiss on June 9, 2008, at 10:00 a.m., and shall also conduct a status conference at that date and time to schedule plaintiffs' motion for class certification, if not previously filed, and to schedule pretrial and other dates and deadlines.

18. Subject to further order from the Court, notwithstanding Local Rule 23¬3, plaintiffs shall have an extension of time until 90 days after defendants file their answer to plaintiffs' Consolidated Amended Complaint to file their motion for class certification.

**ADMISSION TO PRACTICE; SUBSTITUTION OF COUNSEL**

19. Notwithstanding Rule 1.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, counsel for any of the parties in the Consolidated Actions desiring to appear shall comply with the Court's rules for pro hac vice admission. By this Order, Plaintiffs' Interim Co-Lead Counsel are substituted in as counsel for plaintiffs in each of the Consolidated Actions.

## MODIFICATION OF THIS ORDER

20. This Order may be modified or amended by the Court, or on motion by any party for good cause shown.

## ORDER

IT IS SO ORDERED.

Dated: _March 14, 2008.                                         /S/

_____
S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

C:\DOCUME~1\CHRIST~1.000\LOCALS~1\Temp\MetaSave\EXH001-3-7-08.doc