Ian Simmons (admitted *pro hac vice*)
isimmons@omm.com
Alexander Okuliar (admitted *pro hac vice*)
aokuliar@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, D.C.  20006-4001
Telephone:  (202) 383-5300
Facsimile:  (202) 383-5414
Attorneys for Defendant Asiana Airlines, Inc.
(See Signature Page for Names and
Addresses of Additional Counsel for the
Parties)

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| IN RE KOREAN AIRLINES CO., LTD. ANTITRUST LITIGATION | MDL Docket No. 1891<br>Master File No. CV 07 5107-SJO |
| THIS DOCUMENT RELATES TO: | Judge:     Hon. S. James Otero |
| ALL ACTIONS | **CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER GOVERNING PRODUCTION OF DOCUMENTS AND MATERIALS** |

1    Plaintiffs and Defendants hereby stipulate and agree that, upon entry

2    by the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,[1] the

3    following Confidentiality Stipulation and Protective Order ("Order") shall govern

4    the disclosure of Material in the Action, including Materials produced by non-

5    parties.

6

7    **<u>Definitions</u>**

8    1.    "Action" means the action captioned *In re Korean Airlines Co.,*

9    *Ltd. Antitrust Litigation*, MDL 1891, Master File No. CV 07-5107 (SJO) (C.D.

10   Cal.), which is currently pending in the United States District Court for the Central

11   District of California, and includes all actions by plaintiffs for purchases of air

12   travel directly from Defendants that were transferred by the Judicial Panel for

13   Multidistrict Litigation for coordination, all direct purchaser actions pending such

14   transfer (including but not limited to "tag-along" actions), and all actions that may

15   be transferred in the future.

16   2.    "Confidential Information" shall refer collectively to all

17   Materials designated "Confidential", or "Highly Confidential."

18   3.    "Court" shall refer to the United States District Court for the

19   Central District of California and the Honorable S. James Otero or his successor.

20   4.    "Defendant" means any defendant named in the Second

21   Amended Consolidated Class Action Complaint, dated February 29, 2008, in the

22   Action or future amended complaints.

23   5.    "Disclose" means to show, give, produce, make available,

24   reproduce, communicate, process, paraphrase, summarize, or excerpt, in whole

25   or in part, by any means or medium.

26

---

27   [1]   Nothing herein is intended to modify, amend or supersede any of the parties' rights or
obligations to request, produce, provide or respond to discovery under the Federal Rules
28   of Civil Procedure or other applicable law.

STIPULATED PROTECTIVE ORDER
MDL-1891
NO. 07-5107

950464v1/010438

6.     "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure.

7.     "ESI", Electronically Stored Information, is defined to be synonymous in meaning and equal in scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure.

8.     "Material" means information in written, oral, graphic/pictorial, audiovisual or other form, whether it be ESI, a Document, information contained in a Document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise Disclosed and/or any copies or reproductions, excerpts, summaries or other ESI, documents or media that excerpt, contain, or otherwise reveal the substance of such information.

9.     "Parties" means Defendants and Plaintiffs.

10.     "Party" means any of the Parties.

11.     "Person" means any natural person, partnership, corporation, association, or other legal entity, as well as its parents, subsidiaries, affiliates, board members, officers, employees, agents, attorneys, and representatives.

12.     "Plaintiff" means any of the Plaintiffs identified in the Second Amended Consolidated Class Action Complaint in the Action, dated February 29, 2008.

13.     "Process" means any act with respect to personal data, whether or not by automatic means, covered by any applicable laws or regulations governing the processing of data (including laws of foreign nations, to the extent applicable) including, but not limited to, collection, storage, use, amendment, disclosure, dissemination or otherwise making available, recording, retrieval, consultation, organization, adaptation or alteration, alignment or combination, blocking, erasure, transfer into archives, or destruction.

950464v1/010438

14. "Producing Party" means the Party, party or entity, including third parties, which has produced Confidential Information.

15. "Receiving Party" means a Party that receives Material from a Producing Party.

## **General Provisions**

16. This Order shall be binding on: (a) the Parties; (b) counsel for all of the Parties; and (c) any other Person who receives or possesses Materials produced by a Producing Party.

17. To preserve legitimate proprietary and privacy interests, this Order establishes procedures for Producing Parties' production of Materials; imposes restrictions upon Persons who may receive Materials originally designated or later redesignated Confidential Information produced by the Parties; and imposes obligations on Persons receiving Materials originally designated or later redesignated Confidential Information to protect such Material from unauthorized use or Disclosure. Materials originally designated or later redesignated Confidential Information produced by the Producing Parties shall not be used or Disclosed by any Person except as specifically and expressly permitted by this Order.

18. Materials originally designated or later redesignated Confidential Information produced by a Producing Party shall be used solely for the purpose of, and only to the extent necessary for, prosecuting or defending the claims in the Action. Such Materials shall not be used or otherwise Processed by any Person for any other purpose, including, without limitation, any business, competitive, personal, private, public, commercial, or other purpose.

19. Materials originally designated or later redesignated Confidential Information produced by a Producing Party may be Disclosed to a Person only to the extent that a Party has a legitimate need, in connection with the

- 4 -

prosecution or defense of the claims in the Action, to provide the Materials or the information contained in the Materials to such Person.

20.     The provisions of this Order extend to all Materials originally designated or later redesignated Confidential Information produced by the Producing Parties, regardless of the manner in which they are Disclosed, including, without limitation, Documents, interrogatory answers, responses to requests for admissions, deposition transcripts, deposition exhibits, and any copies, notes, abstracts, or summaries of the foregoing materials.  No provision of this Order shall apply to publicly available Material or information.

## **Confidential Information**

21.     A Producing Party may designate all or any part of a Document or Material produced as "Confidential" or "Highly Confidential," as described below.  Such designations may be made with respect to any information or Material, regardless of the manner in which it is Disclosed, including, without limitation, Documents, interrogatory answers, responses to requests for admissions, deposition transcripts, deposition exhibits, and any copies, notes, abstracts, or summaries of the foregoing materials.

(a) "Confidential" material shall mean Material that the Producing Party reasonably believes is of a proprietary or commercially sensitive nature, or should otherwise be subject to confidential treatment because it contains any personal data, i.e., information relating to an identified or identifiable Person, including but not limited to, customers and current and former employees of the Parties.  An "identifiable" person is one who can be identified directly or indirectly, including without limitation, by reference to an identification number or to one or more factors specific

- 5 -

1   to his or her physical, physiological, mental, economic,

2   cultural, or social identity.  The Producing Party shall affix

3   the following designation on such Material: "Confidential -

4   Protected by Court Order."  To the extent that ESI is

5   produced in such form, the Producing Party may designate

6   such material as "Confidential" by cover letter referring

7   generally to such matter and by affixing (where possible) a

8   label on the ESI or its casing indicating such designation.

9   Nothing in this paragraph constitutes an agreement or

10  acknowledgment that such information has been properly

11  designated Confidential or is entitled to Confidential

12  treatment under applicable law, nor does this paragraph

13  relieve the Designating Party of its burden to establish that

14  designated information is entitled to Confidential treatment

15  should a dispute arise concerning the propriety of such

16  designation.

17  (b) "Highly Confidential" material shall mean Material that

18  the Producing Party reasonably believes contains or

19  reflects trade secrets, "know-how," customer information,

20  financial and marketing information, strategy, planning and

21  other highly sensitive commercial information, or

22  information that should otherwise be subject to heightened

23  confidential treatment because the Producing Party

24  believes in good faith that disclosure of such Material

25  except under the restrictions in this Order for "Highly

26  Confidential" Material could negatively impact the

27  Producing Party's ability to conduct its business or

28  compete for business customers.  The Producing Party shall

- 6 -

950464v1/010438

1    affix the following designation on such Material: "Highly

2    Confidential - Protected by Court Order."  To the extent

3    that matter stored or recorded in the form of electronic or

4    magnetic media (including information, files, databases or

5    programs stored on any digital or analog machine-readable

6    devise, computers, discs, networks, or tapes) is produced in

7    such form, the Producing Party may designate such

8    material as "Highly Confidential" by cover letter referring

9    generally to such matter and by affixing (where possible) a

10   label on the media or its casing indicating such

11   designation.  Nothing in this paragraph constitutes an

12   agreement or acknowledgment that such information has

13   been properly designated Highly Confidential or is entitled to

14   Highly Confidential treatment under applicable law, nor does

15   this paragraph relieve the Designating Party of its burden to

16   establish that designated information is entitled to Highly

17   Confidential treatment should a dispute arise concerning the

18   propriety of such designation.

19   (c) A Producing Party's failure to designate any Confidential

20   Information or the misdesignation of any Confidential

21   Information does not waive the confidentiality otherwise

22   attaching to such Confidential Information, provided that

23   the Producing Party notifies the Parties of such failure or

24   misdesignation promptly after the Producing Party

25   discovers the same.  Upon discovery that Confidential

26   Information was incorrectly designated or not designated at

27   all, the Producing Party shall notify the Parties, and shall

28   then have ten (10) days to redesignate and reproduce the

- 7 -

STIPULATED PROTECTIVE ORDER
MDL-1891
NO. 07-5107

950464v1/010438

1    Material.  In the interim, the information may not be used
2    or Disclosed in a manner inconsistent with the
3    confidentiality designation indicated by the Producing Party
4    in its notification.  In the event a Producing Party
5    redesignates and reproduces Material, the Parties that
6    received the Material at issue shall either promptly return
7    all incorrectly designated Material, and take all reasonable
8    steps to return all copies of such material, to the Producing
9    Party, or mark the Material in its possession with the
10   appropriate designation.
11       22.   The following procedures shall govern any challenges to a
12   Producing Party's confidentiality designations:
13       (a) If a Party reasonably believes that Material should not have
14            been designated "Confidential" or "Highly Confidential,"
15            it must provide the Producing Party with a written objection
16            that identifies the Material at issue and states its reasons for
17            questioning the confidentiality designation.  The Producing
18            Party must respond in writing within ten (10) business
19            days, or within such additional time as is reasonable and is
20            agreed to by counsel or ordered by the Court.
21       (b) If a Party is not satisfied by the Producing Party's
22            response, it may move the Court to lift or change the
23            confidentiality designation, as may be appropriate.  It shall
24            be the Producing Party's responsibility on any such motion
25            to demonstrate the appropriateness of its confidentiality
26            designation.
27       (c) Until the Court rules, the original confidentiality
28            designation shall remain in effect.  If the Court rules that

- 8 -

STIPULATED PROTECTIVE ORDER
MDL-1891
NO. 07-5107

950464v1/010438

1   the Material was not appropriately designated, the original
2   designation shall remain in effect for ten (10) business
3   days after the Court's order, during which time the
4   Producing Party shall notify the other Parties of its intent
5   to seek relief from the Court's ruling.  To the extent the
6   Producing Party does not seek relief within the ten days it
7   shall then redesignate and reproduce the Material as
8   appropriate.  In this case, other Persons that received the
9   misdesignated Material at issue shall promptly return all
10  copies of such Material to the Producing Party or mark the
11  Material in their possession with the appropriate
12  designation.

13
14  **Disclosure of Confidential Information**

15  23.    Each Person to whom Confidential Information is Disclosed,
16  except the Court and its personnel, shall, before receiving any Confidential
17  Information, agree to be bound by this Order.  Each Person to whom "Highly
18  Confidential" Material is Disclosed, except those Persons identified in Paragraph
19  Nos. 25(a), (c), (d), (f), (g) and (k) (with respect to deposition, trial and hearing
20  witnesses), shall, before receiving any Confidential Information as set forth in this
21  Paragraph, agree in writing to be bound by this Order by signing a declaration in
22  the form annexed hereto as Exhibit A.  Such declarations shall be secured by
23  counsel for the Disclosing Party, and the names of Persons who have signed a
24  declaration shall not be discoverable except upon a showing of good cause and by
25  order of the Court.

26  24.    Subject to the other restrictions in this Order, Material
27  designated as "Confidential" maybe Disclosed only to the persons identified below:
28  (a) The Parties in the Action and any employees of the Parties

STIPULATED PROTECTIVE ORDER
MDL-1891
NO. 07-5107

950464v1/010438

1   who are actively involved in the prosecution or defense of

2   claims in the Action;

3   (b) The Court and appropriate court personnel;

4   (c) Outside counsel for any Party who are retained to assist the

5   Party in question in the prosecution or defense of claims in

6   the Action;

7   (d) Members of the legal, paralegal, secretarial or clerical staff

8   of such counsel who are assisting in or responsible for

9   working on the claims in the Action;

10   (e) In-house counsel for any Party specifically assigned by the

11   Party in question to provide or assist in providing legal

12   advice on the prosecution or defense of claims in the

13   Action;

14   (f) Any person who was either an author or recipient of the

15   information in question prior to the intended disclosure in

16   the Action;

17   (g) Current and former employees of the Producing Party

18   provided, however, that such Disclosure shall be only for

19   purposes related to the Action;

20   (h) Any other Person authorized to receive such information

21   by prior written consent of the Producing Party or prior

22   order of this Court;

23   (i) Any witness at an interview, trial, hearing or deposition in

24   this matter, or in preparation therefor, where the Disclosing

25   attorney believes in good faith that showing the

26   information to the witness will assist the attorney in the

27   prosecution or defense of the claims in the Action;

28   (j) Consulting or testifying experts retained by any of the

- 10 -

STIPULATED PROTECTIVE ORDER
MDL-1891
NO. 07-5107

1   Parties for assistance in the prosecution or defense of

2   claims in the Action;

3   (k) Private arbitrators and mediators involved in resolving

4   disputes over claims in the Action;

5   (l) Litigation support personnel actively involved in the

6   Action, including court reporters, court videographers, and

7   copy vendors; and

8   (m)   Participants in mock trial or mock jury exercises

9   conducted by counsel for a Party (but only to the extent

10   that these participants shall first be required to sign the

11   Declaration in the form annexed hereto as Exhibit A).

12   25.   Subject to the other restrictions in this Order, Material

13   designated "Highly Confidential" may be Disclosed only to the persons identified

14   below, however, nothing herein shall prohibit outside counsel for a Party from

15   advising in-house counsel for a Party about the status of the litigation, including

16   information about the claims and defenses:

17   (a) The Court and appropriate court personnel;

18   (b) In-house and outside counsel for the Producing Party;

19   (c) Outside counsel for any Party who are retained to assist the

20   Party in the prosecution or defense of claims in the Action;

21   (d) Members of the legal, paralegal, secretarial or clerical staff

22   of outside counsel for any Party who are assisting in or

23   responsible for working on the claims in the Action;

24   (e) Consulting or testifying experts retained by Parties for

25   assistance in the prosecution or defense of claims in the

26   Action;

27   (f) Litigation support personnel involved in the Action,

28   including court reporters, court videographers, and copy

- 11 -

950464v1/010438

1    vendors;

2    (g) Any person who was either an author or recipient of the

3    information in question prior to the intended Disclosure in

4    the Action;

5    (h) Any other Person authorized to receive such information

6    by prior written consent of the Producing Party or prior

7    order of this Court;

8    (i) The Producing Party's current and former employees,

9    provided, however, that (i) such Disclosure shall be only

10    during the course of a deposition or interview and (ii) such

11    Disclosure to former employees of a Producing Party shall

12    be limited to authors and recipients of the information and

13    former employees who originally had an authorized and

14    lawful right of access to the Material in the ordinary course

15    of their former employment with the Producing Party;

16    (j) Private arbitrators and mediators involved in resolving

17    disputes over claims in the Action;

18    (k) Any Person either identified in the Material or any Person

19    reasonably believed to have knowledge about the subject

20    matter of the Material, provided, however, that: (i) such

21    Disclosure shall be only during the course of an interview,

22    deposition, pre-trial hearing, or trial in the Action

23    concerning the claims in the Action, and (ii) Counsel for

24    the Disclosing Party shall undertake all reasonable efforts

25    not to Disclose any unrelated proprietary, personal, or

26    commercially sensitive information during the course of

27    any such deposition or interview; and

28    (l) Participants in mock trial or mock jury exercises conducted

- 12 -

950464v1/010438

1    by counsel for a Party.

2         26.    Any Party filing pleadings, motions, or other papers with the

3    Court that contain or make reference to Confidential Information shall file an

4    Application and Order to Seal seeking to have the Confidential Information filed

5    under seal pursuant to Local Rule 79-5.  This paragraph is without prejudice to the

6    right of any party to move to unseal any papers filed under seal.

7

8    **DISCLOSURE OF CONFIDENTIAL INFORMATION DURING**
     **INTERVIEWS, DEPOSITIONS, AND PRE-TRIAL PROCEEDINGS**

9

10        27.    No Person shall Disclose Confidential Information during the

11   course of any interview, deposition, or pre-trial proceeding in the Action, except

12   under the terms authorized in this Order.  In no event shall any interviewee,

13   deponent, or witness retain copies of Material designated as Confidential

14   Information.  Deponents may keep a copy of their deposition transcript on the

15   condition that they sign the declaration in the form annexed hereto as Exhibit A.

16        28.    Confidential Information shall not be Disclosed during the

17   course of a deposition or interview in the Action for any purpose other than

18   examining the witness with respect to claims in the Action.

19        29.    No "Highly Confidential" Material maybe Disclosed to any

20   Person other than those Persons listed in Paragraph 25 during an interview or

21   deposition, unless Counsel for the Disclosing Party has provided the Producing

22   Party with advance written notice that Highly Confidential Material may be

23   Disclosed, via facsimile or hand delivery, at least five (5) business days before

24   Disclosure, that states the identity of the witness to whom Disclosure is proposed to

25   be made.  The Producing Party may challenge the proposed Disclosure by

26   providing a written objection, via facsimile or hand delivery, within three (3)

27   business days after receipt of notice.  If the Producing Party so objects in writing,

28   Counsel for the Disclosing Party shall not proceed with the Disclosure.

STIPULATED PROTECTIVE ORDER
MDL-1891
NO. 07-5107

950464v1/010438

30.     When noticing a deposition during the course of which
Confidential Information may be Disclosed to the witness, the noticing Counsel for
the Disclosing Party shall attach a copy of this Order to the deposition notice, and
the deposition notice shall instruct the witness and his or her attorney to read the
Order and request that they sign the attached Declaration before attending the
deposition.  At the beginning of the deposition, the witness and his or her attorney
shall be asked to confirm that they have read the Order.  If the witness and/or
attorney has not read the Order, the noticing Counsel for the Disclosing Party shall
provide the witness and/or attorney with another copy of the Order and, after the
witness and/or attorney has finished reading the Order, the witness and his or her
attorney shall confirm on the record that they have read the Order and agree to its
terms.  This time will not count against any time limits for the deposition.

31.     The Producing Party may designate any or all deposition
testimony given in the Action by its current or former directors, officers, or
employees as "Confidential" or "Highly Confidential." If so requested, the reporter
shall separately bind the portion(s) of the transcript containing Confidential
Information and any related exhibits, and shall mark each page of such portion(s)
and exhibits, as appropriate, as "Confidential - Protected By Court Order" or
"Highly Confidential - Protected By Court Order." Any Document designated as
Confidential Information that is introduced as an exhibit in any deposition in the
Action shall be labeled in a similar fashion, as appropriate.  Additionally, within
two weeks after receiving a deposition transcript, the Producing Party may request
that a portion of the transcript be marked as Confidential Information as described
above.  Until the expiration of thirty (30) days after the Producing Party receives a
deposition transcript, the entire deposition transcript will be treated as "Highly
Confidential" under this Order, unless otherwise agreed by the Parties.  Any other
media containing portions of the deposition designated "Confidential" or "Highly
Confidential," including, but not limited to, videotapes or computer ASCII-type

- 14 -

950464v1/010438

1    disks, also shall be clearly labeled by the reporter as such.

2           32.    Should need arise during the trial or any hearing before the

3    Court for either Party to cause Confidential Information to be disclosed at such

4    proceeding, it may do so only after appropriate in camera inspection or other

5    safeguards are requested of the Court or are otherwise ordered by the Court.  Any

6    Confidential Information Disclosed at trial will become public absent a separate

7    court order upon motion or application in compliance with the Local Rules and

8    sufficient cause shown.

9
                **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIALS**
10

11          33.    If any information produced in response to discovery requests in

12   this Action is subject to a claim of privilege or identified as trial preparation

13   material, the Producing Party may notify any receiving party about the inadvertent

14   production of this Material and that the Material should have been withheld on the

15   grounds of a privilege, including the work product doctrine (collectively referred to

16   as "Inadvertently Produced Privileged Material").  The Receiving Party upon

17   receiving notice must immediately return the Inadvertently Produced Privileged

18   Material to the Producing Party, including any copies, must not use or disclose the

19   information, and must take reasonable steps to retrieve the information if the

20   Receiving Party disclosed it before being notified.  In connection with any motion

21   presented to the Court regarding a determination of privilege, the Receiving Party

22   may not assert that the fact of production alone constitutes a waiver of an applicable

23   privilege.  However, nothing in this paragraph shall preclude a Party from asserting

24   that the production of the allegedly Inadvertently Produced Privileged Material was

25   not inadvertent or that the conduct or circumstances constitute a waiver.

26
                                  **MISCELLANEOUS**
27

28          34.    Any Person who has received Confidential Materials subject to

STIPULATED PROTECTIVE ORDER
MDL-1891
NO. 07-5107

950464v1/010438

this Order who receives a request or subpoena for production or Disclosure of such
Material shall immediately give written notice to the Producing Party's outside
counsel identifying the Materials sought and providing a copy of the request or
subpoena.  The Person subject to the request or subpoena shall not produce or
Disclose the requested Material prior to the date of production called for in the
request or subpoena.

35.     To the extent that any Person creates, develops, or otherwise
establishes on any digital or analog machine-readable device, recording media,
computers, discs, networks, or tapes any information, files, databases, or programs that
contain Confidential Information, that Person must take all necessary steps to insure
that access to that device or media is restricted to those Persons who, by the terms of
this Order, are permitted to receive such Confidential Information.

36.     This Order shall apply to non-parties who are obliged to provide
discovery by deposition, production of documents or otherwise in the Action, if such
non-party requests protection of this Order as to the non-party's Confidential
Information and complies with the provisions of this Order.

37.     Within ninety (90) days of a written request after final,
nonappealable judgment has been entered with respect to all of the claims against all
Defendants in the Action, Persons who received Confidential Information governed by
this Order shall destroy all Confidential Information and provide a written certification
of such destruction to the Producing Parties.  Notwithstanding the foregoing,
Plaintiffs' Counsel may retain Documents necessary for the administration of any class
settlements in the Action and the distribution of funds to class members.  Within sixty
days after the final distribution of funds to class members, after all appellate review
rights have been exhausted with respect to such distribution, any such Documents or
Materials shall be destroyed as described above; except that Plaintiffs' counsel may
retain their work product and correspondence, and a complete set of court filings,
depositions and exhibits.  Plaintiffs' Counsel must take all reasonable steps to maintain

- 16 -

STIPULATED PROTECTIVE ORDER
MDL-1891
NO. 07-5107

950464v1/010438

the confidential nature of the set of court filings, depositions and exhibits in their possession in accordance with this Order and either return or destroy (and provide written certification of destruction) to the Producing Parties any Confidential Information in the set within four years after the expiry of all appellate review rights with respect to the distribution of funds to class members.

38.     Nothing in this Order shall be construed to require any Party to commit any act, including the transmittal or Disclosure of any information or Materials, that would violate any federal, state, or local law, or any law of a foreign jurisdiction.  To the extent, if any, that certain laws and regulations govern the processing of data, including any applicable laws of foreign jurisdictions, and give data subjects the right to object to the Disclosure, use, or other processing of Documents containing personal data, nothing in this Order shall be construed to limit those rights.

39.     Nothing in this Order shall prohibit any Party from seeking modification of this Order, either by stipulation among the Parties or by application to the Court.

40.     All terms in this Order relating to Materials produced by any Party shall apply to the substance and/or content found therein and shall also apply to any copies, reproductions, or summaries of such Materials.

41.     Persons receiving Materials governed by this Order shall take all reasonable technical and organizational measures to prevent unauthorized access to, Disclosure, use, or other Processing of, Materials.

42.     Nothing in this Order shall restrict the use by a Party of its own Materials.

43.     This Order is without prejudice to a Party's right to assert the attorney-client privilege, attorney work-product protection, or any other privilege or objection.

44.     Neither this Order nor the Disclosure of Materials shall be

- 17 -

950464v1/010438

1   deemed a concession or determination of the relevance, materiality, or admissibility

2   of Materials governed by or Disclosed under this Order.

3         45. This Order shall survive the termination of the Action and shall

4   continue in full force and effect until otherwise ordered by the Court.  The Court

5   shall retain jurisdiction to enforce or modify this Order.

6

7   Dated:  May 15, 2009                    Respectfully submitted,

8

9                                           Ian Simmons (*pro hac vice*)
                                            Alexander Okuliar (*pro hac vice*)
10                                          O'MELVENY & MYERS LLP
                                            1625 Eye Street, N.W.
11                                          Washington, D.C.  20006-4001

12

13                                          By: _____/s/_____
                                                   Ian Simmons
14

15                                          *Attorneys for Defendant Asiana Airlines, Inc.*

16

17                                          Peter Edward Halle (*pro hac vice*)
                                            Joseph Brooks (*pro hac vice*)
18                                          J. Clayton Everett (*pro hace vice*)
                                            Willard K. Tom (*pro hac vice*)
19                                          MORGAN LEWIS & BOCKIUS LLP
                                            1111 Pennsylvania Avenue, NW
20                                          Washington, D.C.  20004
21

22                                          By: _____/s/_____
                                                   Peter Halle
23

24                                          *Attorneys for Defendant Korean Air Lines
                                            Co., Ltd.*
25

26

27

28

950464v1/010438

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Susan G. Kupfer
GLANCY BINKOW & GOLDBERG LLP
One Embarcadero Center, Suite 760
San Francisco, CA 94111

By: _____/s/_____
        Susan Kupfer

Jeff S. Westerman
MILBERG LLP
One California Plaza
300 South Grand Ave., Suite 3900
Los Angeles, CA 90071

By: _____/s/_____
        Jeff Westerman

Marc M. Seltzer
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067

By: _____/s/_____
        Marc M. Seltzer

*Interim Co-Lead Counsel for Plaintiffs*

950464v1/010438

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

_____

IN RE KOREAN AIRLINES CO., LTD.
ANTITRUST LITIGATION

MDL DOCKET NO. 1891
MASTER FILE NO. 07-5107 (SJO)

THIS DOCUMENT RELATES TO:
ALL ACTIONS_____

## CERTIFICATION

1.     My name is _____.

I live at _____.

I am employed as (state position) _____

by (state name and address of employer) _____.

2.     I have read the Confidentiality Order that has been entered in this case, and a copy of it has been given to me.  I understand the provisions of this Order, and agree to comply with and to be bound by its provisions.

3.     I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____2009.

by _____ (signature)

STIPULATED PROTECTIVE ORDER
MDL-1891
NO. 07-5107

950464v1/010438