Ian Simmons (admitted *pro hac vice*)
isimmons@omm.com
Alexander Okuliar (admitted *pro hac vice*)
aokuliar@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, D.C. 20006-4001
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

Attorneys for Defendant Asiana Airlines, Inc.
(See Signature Page for Names and
Addresses of Additional Counsel for the
Parties)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| IN RE KOREAN AIRLINES CO., LTD. ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | MDL Docket No. 1891<br>Master File No. CV 07 5107-SJO<br><br>Judge:  Hon. S. James Otero<br><br>**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER GOVERNING PRODUCTION OF DOCUMENTS AND MATERIALS** |

Plaintiffs and Defendants hereby stipulate and agree that, upon entry by the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,[1] the following Confidentiality Stipulation and Protective Order ("Order") shall govern the disclosure of Material in the Action, including Materials produced by non-parties.

### Definitions

1. "Action" means the action captioned *In re Korean Airlines Co., Ltd. Antitrust Litigation*, MDL 1891, Master File No. CV 07-5107 (SJO) (C.D. Cal.), which is currently pending in the United States District Court for the Central District of California, and includes all actions by plaintiffs for purchases of air travel directly from Defendants that were transferred by the Judicial Panel for Multidistrict Litigation for coordination, all direct purchaser actions pending such transfer (including but not limited to "tag-along" actions), and all actions that may be transferred in the future.

2. "Confidential Information" shall refer collectively to all Materials designated "Confidential", or "Highly Confidential."

3. "Court" shall refer to the United States District Court for the Central District of California and the Honorable S. James Otero or his successor.

4. "Defendant" means any defendant named in the Second Amended Consolidated Class Action Complaint, dated February 29, 2008, in the Action or future amended complaints.

5. "Disclose" means to show, give, produce, make available, reproduce, communicate, process, paraphrase, summarize, or excerpt, in whole or in part, by any means or medium.

---

[1] Nothing herein is intended to modify, amend or supersede any of the parties' rights or obligations to request, produce, provide or respond to discovery under the Federal Rules of Civil Procedure or other applicable law.

- 2 -    STIPULATED PROTECTIVE ORDER
MDL-1891
NO. 07-5107

950464v1/010438

6. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure.

7. "ESI", Electronically Stored Information, is defined to be synonymous in meaning and equal in scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure.

8. "Material" means information in written, oral, graphic/pictorial, audiovisual or other form, whether it be ESI, a Document, information contained in a Document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise Disclosed and/or any copies or reproductions, excerpts, summaries or other ESI, documents or media that excerpt, contain, or otherwise reveal the substance of such information.

9. "Parties" means Defendants and Plaintiffs.

10. "Party" means any of the Parties.

11. "Person" means any natural person, partnership, corporation, association, or other legal entity, as well as its parents, subsidiaries, affiliates, board members, officers, employees, agents, attorneys, and representatives.

12. "Plaintiff" means any of the Plaintiffs identified in the Second Amended Consolidated Class Action Complaint in the Action, dated February 29, 2008.

13. "Process" means any act with respect to personal data, whether or not by automatic means, covered by any applicable laws or regulations governing the processing of data (including laws of foreign nations, to the extent applicable) including, but not limited to, collection, storage, use, amendment, disclosure, dissemination or otherwise making available, recording, retrieval, consultation, organization, adaptation or alteration, alignment or combination, blocking, erasure, transfer into archives, or destruction.

14. "Producing Party" means the Party, party or entity, including third parties, which has produced Confidential Information.

15. "Receiving Party" means a Party that receives Material from a Producing Party.

## General Provisions

16. This Order shall be binding on: (a) the Parties; (b) counsel for all of the Parties; and (c) any other Person who receives or possesses Materials produced by a Producing Party.

17. To preserve legitimate proprietary and privacy interests, this Order establishes procedures for Producing Parties' production of Materials; imposes restrictions upon Persons who may receive Materials originally designated or later redesignated Confidential Information produced by the Parties; and imposes obligations on Persons receiving Materials originally designated or later redesignated Confidential Information to protect such Material from unauthorized use or Disclosure. Materials originally designated or later redesignated Confidential Information produced by the Producing Parties shall not be used or Disclosed by any Person except as specifically and expressly permitted by this Order.

18. Materials originally designated or later redesignated Confidential Information produced by a Producing Party shall be used solely for the purpose of, and only to the extent necessary for, prosecuting or defending the claims in the Action. Such Materials shall not be used or otherwise Processed by any Person for any other purpose, including, without limitation, any business, competitive, personal, private, public, commercial, or other purpose.

19. Materials originally designated or later redesignated Confidential Information produced by a Producing Party may be Disclosed to a Person only to the extent that a Party has a legitimate need, in connection with the

prosecution or defense of the claims in the Action, to provide the Materials or the information contained in the Materials to such Person.

20. The provisions of this Order extend to all Materials originally designated or later redesignated Confidential Information produced by the Producing Parties, regardless of the manner in which they are Disclosed, including, without limitation, Documents, interrogatory answers, responses to requests for admissions, deposition transcripts, deposition exhibits, and any copies, notes, abstracts, or summaries of the foregoing materials.  No provision of this Order shall apply to publicly available Material or information.

### Confidential Information

21. A Producing Party may designate all or any part of a Document or Material produced as "Confidential" or "Highly Confidential," as described below.  Such designations may be made with respect to any information or Material, regardless of the manner in which it is Disclosed, including, without limitation, Documents, interrogatory answers, responses to requests for admissions, deposition transcripts, deposition exhibits, and any copies, notes, abstracts, or summaries of the foregoing materials.

(a) "Confidential" material shall mean Material that the Producing Party reasonably believes is of a proprietary or commercially sensitive nature, or should otherwise be subject to confidential treatment because it contains any personal data, i.e., information relating to an identified or identifiable Person, including but not limited to, customers and current and former employees of the Parties.  An "identifiable" person is one who can be identified directly or indirectly, including without limitation, by reference to an identification number or to one or more factors specific

1   to his or her physical, physiological, mental, economic,
2   cultural, or social identity.  The Producing Party shall affix
3   the following designation on such Material: "Confidential -
4   Protected by Court Order."  To the extent that ESI is
5   produced in such form, the Producing Party may designate
6   such material as "Confidential" by cover letter referring
7   generally to such matter and by affixing (where possible) a
8   label on the ESI or its casing indicating such designation.
9   Nothing in this paragraph constitutes an agreement or
10  acknowledgment that such information has been properly
11  designated Confidential or is entitled to Confidential
12  treatment under applicable law, nor does this paragraph
13  relieve the Designating Party of its burden to establish that
14  designated information is entitled to Confidential treatment
15  should a dispute arise concerning the propriety of such
16  designation.

17  (b) "Highly Confidential" material shall mean Material that
18  the Producing Party reasonably believes contains or
19  reflects trade secrets, "know-how," customer information,
20  financial and marketing information, strategy, planning and
21  other highly sensitive commercial information, or
22  information that should otherwise be subject to heightened
23  confidential treatment because the Producing Party
24  believes in good faith that disclosure of such Material
25  except under the restrictions in this Order for "Highly
26  Confidential" Material could negatively impact the
27  Producing Party's ability to conduct its business or
28  compete for business customers.  The Producing Party shall

affix the following designation on such Material: "Highly Confidential - Protected by Court Order." To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, databases or programs stored on any digital or analog machine-readable devise, computers, discs, networks, or tapes) is produced in such form, the Producing Party may designate such material as "Highly Confidential" by cover letter referring generally to such matter and by affixing (where possible) a label on the media or its casing indicating such designation. Nothing in this paragraph constitutes an agreement or acknowledgment that such information has been properly designated Highly Confidential or is entitled to Highly Confidential treatment under applicable law, nor does this paragraph relieve the Designating Party of its burden to establish that designated information is entitled to Highly Confidential treatment should a dispute arise concerning the propriety of such designation.

(c) A Producing Party's failure to designate any Confidential Information or the misdesignation of any Confidential Information does not waive the confidentiality otherwise attaching to such Confidential Information, provided that the Producing Party notifies the Parties of such failure or misdesignation promptly after the Producing Party discovers the same. Upon discovery that Confidential Information was incorrectly designated or not designated at all, the Producing Party shall notify the Parties, and shall then have ten (10) days to redesignate and reproduce the

Material. In the interim, the information may not be used or Disclosed in a manner inconsistent with the confidentiality designation indicated by the Producing Party in its notification. In the event a Producing Party redesignates and reproduces Material, the Parties that received the Material at issue shall either promptly return all incorrectly designated Material, and take all reasonable steps to return all copies of such material, to the Producing Party, or mark the Material in its possession with the appropriate designation.

22. The following procedures shall govern any challenges to a Producing Party's confidentiality designations:

(a) If a Party reasonably believes that Material should not have been designated "Confidential" or "Highly Confidential," it must provide the Producing Party with a written objection that identifies the Material at issue and states its reasons for questioning the confidentiality designation. The Producing Party must respond in writing within ten (10) business days, or within such additional time as is reasonable and is agreed to by counsel or ordered by the Court.

(b) If a Party is not satisfied by the Producing Party's response, it may move the Court to lift or change the confidentiality designation, as may be appropriate. It shall be the Producing Party's responsibility on any such motion to demonstrate the appropriateness of its confidentiality designation.

(c) Until the Court rules, the original confidentiality designation shall remain in effect. If the Court rules that

the Material was not appropriately designated, the original designation shall remain in effect for ten (10) business days after the Court's order, during which time the Producing Party shall notify the other Parties of its intent to seek relief from the Court's ruling.  To the extent the Producing Party does not seek relief within the ten days it shall then redesignate and reproduce the Material as appropriate.  In this case, other Persons that received the misdesignated Material at issue shall promptly return all copies of such Material to the Producing Party or mark the Material in their possession with the appropriate designation.

### **Disclosure of Confidential Information**

23. Each Person to whom Confidential Information is Disclosed, except the Court and its personnel, shall, before receiving any Confidential Information, agree to be bound by this Order.  Each Person to whom "Highly Confidential" Material is Disclosed, except those Persons identified in Paragraph Nos. 25(a), (c), (d), (f), (g) and (k) (with respect to deposition, trial and hearing witnesses), shall, before receiving any Confidential Information as set forth in this Paragraph, agree in writing to be bound by this Order by signing a declaration in the form annexed hereto as Exhibit A.  Such declarations shall be secured by counsel for the Disclosing Party, and the names of Persons who have signed a declaration shall not be discoverable except upon a showing of good cause and by order of the Court.

24. Subject to the other restrictions in this Order, Material designated as "Confidential" maybe Disclosed only to the persons identified below:

(a) The Parties in the Action and any employees of the Parties

|   |   |
|---|---|
| 1 | who are actively involved in the prosecution or defense of |
| 2 | claims in the Action; |

(b) The Court and appropriate court personnel;

(c) Outside counsel for any Party who are retained to assist the Party in question in the prosecution or defense of claims in the Action;

(d) Members of the legal, paralegal, secretarial or clerical staff of such counsel who are assisting in or responsible for working on the claims in the Action;

(e) In-house counsel for any Party specifically assigned by the Party in question to provide or assist in providing legal advice on the prosecution or defense of claims in the Action;

(f) Any person who was either an author or recipient of the information in question prior to the intended disclosure in the Action;

(g) Current and former employees of the Producing Party provided, however, that such Disclosure shall be only for purposes related to the Action;

(h) Any other Person authorized to receive such information by prior written consent of the Producing Party or prior order of this Court;

(i) Any witness at an interview, trial, hearing or deposition in this matter, or in preparation therefor, where the Disclosing attorney believes in good faith that showing the information to the witness will assist the attorney in the prosecution or defense of the claims in the Action;

(j) Consulting or testifying experts retained by any of the

Parties for assistance in the prosecution or defense of claims in the Action;

(k) Private arbitrators and mediators involved in resolving disputes over claims in the Action;

(l) Litigation support personnel actively involved in the Action, including court reporters, court videographers, and copy vendors; and

(m) Participants in mock trial or mock jury exercises conducted by counsel for a Party (but only to the extent that these participants shall first be required to sign the Declaration in the form annexed hereto as Exhibit A).

25. Subject to the other restrictions in this Order, Material designated "Highly Confidential" may be Disclosed only to the persons identified below, however, nothing herein shall prohibit outside counsel for a Party from advising in-house counsel for a Party about the status of the litigation, including information about the claims and defenses:

(a) The Court and appropriate court personnel;

(b) In-house and outside counsel for the Producing Party;

(c) Outside counsel for any Party who are retained to assist the Party in the prosecution or defense of claims in the Action;

(d) Members of the legal, paralegal, secretarial or clerical staff of outside counsel for any Party who are assisting in or responsible for working on the claims in the Action;

(e) Consulting or testifying experts retained by Parties for assistance in the prosecution or defense of claims in the Action;

(f) Litigation support personnel involved in the Action, including court reporters, court videographers, and copy

vendors;

(g) Any person who was either an author or recipient of the information in question prior to the intended Disclosure in the Action;

(h) Any other Person authorized to receive such information by prior written consent of the Producing Party or prior order of this Court;

(i) The Producing Party's current and former employees, provided, however, that (i) such Disclosure shall be only during the course of a deposition or interview and (ii) such Disclosure to former employees of a Producing Party shall be limited to authors and recipients of the information and former employees who originally had an authorized and lawful right of access to the Material in the ordinary course of their former employment with the Producing Party;

(j) Private arbitrators and mediators involved in resolving disputes over claims in the Action;

(k) Any Person either identified in the Material or any Person reasonably believed to have knowledge about the subject matter of the Material, provided, however, that: (i) such Disclosure shall be only during the course of an interview, deposition, pre-trial hearing, or trial in the Action concerning the claims in the Action, and (ii) Counsel for the Disclosing Party shall undertake all reasonable efforts not to Disclose any unrelated proprietary, personal, or commercially sensitive information during the course of any such deposition or interview; and

(l) Participants in mock trial or mock jury exercises conducted

- 12 -

STIPULATED PROTECTIVE ORDER
MDL-1891
NO. 07-5107

950464v1/010438

by counsel for a Party.

26. Any Party filing pleadings, motions, or other papers with the Court that contain or make reference to Confidential Information shall file an Application and Order to Seal seeking to have the Confidential Information filed under seal pursuant to Local Rule 79-5. This paragraph is without prejudice to the right of any party to move to unseal any papers filed under seal.

## DISCLOSURE OF CONFIDENTIAL INFORMATION DURING INTERVIEWS, DEPOSITIONS, AND PRE-TRIAL PROCEEDINGS

27. No Person shall Disclose Confidential Information during the course of any interview, deposition, or pre-trial proceeding in the Action, except under the terms authorized in this Order. In no event shall any interviewee, deponent, or witness retain copies of Material designated as Confidential Information. Deponents may keep a copy of their deposition transcript on the condition that they sign the declaration in the form annexed hereto as Exhibit A.

28. Confidential Information shall not be Disclosed during the course of a deposition or interview in the Action for any purpose other than examining the witness with respect to claims in the Action.

29. No "Highly Confidential" Material maybe Disclosed to any Person other than those Persons listed in Paragraph 25 during an interview or deposition, unless Counsel for the Disclosing Party has provided the Producing Party with advance written notice that Highly Confidential Material may be Disclosed, via facsimile or hand delivery, at least five (5) business days before Disclosure, that states the identity of the witness to whom Disclosure is proposed to be made. The Producing Party may challenge the proposed Disclosure by providing a written objection, via facsimile or hand delivery, within three (3) business days after receipt of notice. If the Producing Party so objects in writing, Counsel for the Disclosing Party shall not proceed with the Disclosure.

30. When noticing a deposition during the course of which Confidential Information may be Disclosed to the witness, the noticing Counsel for the Disclosing Party shall attach a copy of this Order to the deposition notice, and the deposition notice shall instruct the witness and his or her attorney to read the Order and request that they sign the attached Declaration before attending the deposition. At the beginning of the deposition, the witness and his or her attorney shall be asked to confirm that they have read the Order. If the witness and/or attorney has not read the Order, the noticing Counsel for the Disclosing Party shall provide the witness and/or attorney with another copy of the Order and, after the witness and/or attorney has finished reading the Order, the witness and his or her attorney shall confirm on the record that they have read the Order and agree to its terms. This time will not count against any time limits for the deposition.

31. The Producing Party may designate any or all deposition testimony given in the Action by its current or former directors, officers, or employees as "Confidential" or "Highly Confidential." If so requested, the reporter shall separately bind the portion(s) of the transcript containing Confidential Information and any related exhibits, and shall mark each page of such portion(s) and exhibits, as appropriate, as "Confidential - Protected By Court Order" or "Highly Confidential - Protected By Court Order." Any Document designated as Confidential Information that is introduced as an exhibit in any deposition in the Action shall be labeled in a similar fashion, as appropriate. Additionally, within two weeks after receiving a deposition transcript, the Producing Party may request that a portion of the transcript be marked as Confidential Information as described above. Until the expiration of thirty (30) days after the Producing Party receives a deposition transcript, the entire deposition transcript will be treated as "Highly Confidential" under this Order, unless otherwise agreed by the Parties. Any other media containing portions of the deposition designated "Confidential" or "Highly Confidential," including, but not limited to, videotapes or computer ASCII-type

1  disks, also shall be clearly labeled by the reporter as such.

2        32.   Should need arise during the trial or any hearing before the
3  Court for either Party to cause Confidential Information to be disclosed at such
4  proceeding, it may do so only after appropriate in camera inspection or other
5  safeguards are requested of the Court or are otherwise ordered by the Court.  Any
6  Confidential Information Disclosed at trial will become public absent a separate
7  court order upon motion or application in compliance with the Local Rules and
8  sufficient cause shown.

## INADVERTENT DISCLOSURE OF PRIVILEGED MATERIALS

11        33.   If any information produced in response to discovery requests in
12  this Action is subject to a claim of privilege or identified as trial preparation
13  material, the Producing Party may notify any receiving party about the inadvertent
14  production of this Material and that the Material should have been withheld on the
15  grounds of a privilege, including the work product doctrine (collectively referred to
16  as "Inadvertently Produced Privileged Material").  The Receiving Party upon
17  receiving notice must immediately return the Inadvertently Produced Privileged
18  Material to the Producing Party, including any copies, must not use or disclose the
19  information, and must take reasonable steps to retrieve the information if the
20  Receiving Party disclosed it before being notified.  In connection with any motion
21  presented to the Court regarding a determination of privilege, the Receiving Party
22  may not assert that the fact of production alone constitutes a waiver of an applicable
23  privilege.  However, nothing in this paragraph shall preclude a Party from asserting
24  that the production of the allegedly Inadvertently Produced Privileged Material was
25  not inadvertent or that the conduct or circumstances constitute a waiver.

## MISCELLANEOUS

28        34.   Any Person who has received Confidential Materials subject to

this Order who receives a request or subpoena for production or Disclosure of such Material shall immediately give written notice to the Producing Party's outside counsel identifying the Materials sought and providing a copy of the request or subpoena. The Person subject to the request or subpoena shall not produce or Disclose the requested Material prior to the date of production called for in the request or subpoena.

35. To the extent that any Person creates, develops, or otherwise establishes on any digital or analog machine-readable device, recording media, computers, discs, networks, or tapes any information, files, databases, or programs that contain Confidential Information, that Person must take all necessary steps to insure that access to that device or media is restricted to those Persons who, by the terms of this Order, are permitted to receive such Confidential Information.

36. This Order shall apply to non-parties who are obliged to provide discovery by deposition, production of documents or otherwise in the Action, if such non-party requests protection of this Order as to the non-party's Confidential Information and complies with the provisions of this Order.

37. Within ninety (90) days of a written request after final, nonappealable judgment has been entered with respect to all of the claims against all Defendants in the Action, Persons who received Confidential Information governed by this Order shall destroy all Confidential Information and provide a written certification of such destruction to the Producing Parties. Notwithstanding the foregoing, Plaintiffs' Counsel may retain Documents necessary for the administration of any class settlements in the Action and the distribution of funds to class members. Within sixty days after the final distribution of funds to class members, after all appellate review rights have been exhausted with respect to such distribution, any such Documents or Materials shall be destroyed as described above; except that Plaintiffs' counsel may retain their work product and correspondence, and a complete set of court filings, depositions and exhibits. Plaintiffs' Counsel must take all reasonable steps to maintain

the confidential nature of the set of court filings, depositions and exhibits in their possession in accordance with this Order and either return or destroy (and provide written certification of destruction) to the Producing Parties any Confidential Information in the set within four years after the expiry of all appellate review rights with respect to the distribution of funds to class members.

38. Nothing in this Order shall be construed to require any Party to commit any act, including the transmittal or Disclosure of any information or Materials, that would violate any federal, state, or local law, or any law of a foreign jurisdiction. To the extent, if any, that certain laws and regulations govern the processing of data, including any applicable laws of foreign jurisdictions, and give data subjects the right to object to the Disclosure, use, or other processing of Documents containing personal data, nothing in this Order shall be construed to limit those rights.

39. Nothing in this Order shall prohibit any Party from seeking modification of this Order, either by stipulation among the Parties or by application to the Court.

40. All terms in this Order relating to Materials produced by any Party shall apply to the substance and/or content found therein and shall also apply to any copies, reproductions, or summaries of such Materials.

41. Persons receiving Materials governed by this Order shall take all reasonable technical and organizational measures to prevent unauthorized access to, Disclosure, use, or other Processing of, Materials.

42. Nothing in this Order shall restrict the use by a Party of its own Materials.

43. This Order is without prejudice to a Party's right to assert the attorney-client privilege, attorney work-product protection, or any other privilege or objection.

44. Neither this Order nor the Disclosure of Materials shall be

deemed a concession or determination of the relevance, materiality, or admissibility of Materials governed by or Disclosed under this Order.

45.   This Order shall survive the termination of the Action and shall continue in full force and effect until otherwise ordered by the Court.  The Court shall retain jurisdiction to enforce or modify this Order.

**ORDER**

IT IS SO ORDERED.

Dated:  May 20, 2009.

_____
ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

_____
IN RE KOREAN AIRLINES CO., LTD.
ANTITRUST LITIGATION

MDL DOCKET NO. 1891
MASTER FILE NO. 07-5107 (SJO)

THIS DOCUMENT RELATES TO:
ALL ACTIONS_____

## **CERTIFICATION**

1. My name is _____.

I live at _____.

I am employed as (state position) _____

by (state name and address of employer) _____.

2. I have read the Confidentiality Order that has been entered in this case, and a copy of it has been given to me. I understand the provisions of this Order, and agree to comply with and to be bound by its provisions.

3. I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____2009.

by _____ (signature)