UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-05107-SJO (AGRx) | Date | November 18, 2009 |
|---|---|---|---|
| Title | HYUN PARK, et al. v. IN RE KOREAN AIR LINES CO., LTD | | |

| Present: The Honorable | Alicia G. Rosenberg, United States Magistrate Judge | |
|---|---|---|
| Marine Pogosyan | n/a | none |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| none | | none |

**Proceedings:** (In chambers) **PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM DEFENDANT KOREAN AIR LINES CO., LTD.**

On October 22, 2009, Plaintiffs filed a Motion to Compel Document Production From Defendant Korea Air Lines Co., Ltd. ("KE"). (Dkt. Nos. 295-96.) On November 3, 2009, Plaintiffs filed a supplemental memorandum. (Dkt. No. 312.) On November 4, 2009, KE filed a supplemental memorandum. (Dkt. No. 313.) On November 17, 2009, the court heard oral arguments.

Plaintiffs seek to compel the production of documents falling into three categories: (1) South Korea purchase information; (2) pass-through data; and (3) documents during the period September 2006 through August 2, 2007.

*South Korea Purchase Information*

Plaintiffs move to compel production of responsive documents as to tickets purchased in South Korea. Plaintiffs argue that such documents are (a) necessary to oppose Defendants' pending motion to dismiss Plaintiffs' Korea-purchase claims for lack of subject matter jurisdiction (Dkt. Nos. 271-72); and (b) relevant to this action regardless of the outcome of Defendants' pending motion. (JS at 24-25.)

Defendants' motion to dismiss attached an expert report of Dr. Gary Dorman, who opined that passengers whose trips originate in the U.S. are in a separate relevant market from those passengers whose trips originate in South Korea. (Exh. I ¶¶ 10, 19, filed under seal.) In summary, Dorman observed differences in booking codes and fares, season codes and timing of fare changes, and the timing and magnitude of fuel surcharges. Dorman also relied upon the existence of separate pricing teams for the U.S. and South Korea, and different regulatory environments in the two countries. (*Id.* ¶¶ 11-19.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-05107-SJO (AGRx) | Date | November 18, 2009 |
|---|---|---|---|
| Title | HYUN PARK, et al. v. IN RE KOREAN AIR LINES CO., LTD | | |

Plaintiffs state they need basic South Korea-purchase transactional data.[1] (JS at 28.) It is apparently undisputed that KE agreed to produce transactional ticket and coupon data for sales in South Korea. (Plaintiffs' Supp. Mem. at 1.) Plaintiffs argue that KE should also produce "the same ***revenue*** and ***cost*** data for Korea-purchases as it did for U.S. sales." (*Id.* at 2 (citing Request Nos. 8, 9, 11-14, 16, 33-35, 40, 42).) At oral argument, KE represented that it produced financial, ticket and cost data through the end of 2008. (Exh. A at 5 to Azar Suppl Decl.; KE's Supp. Mem. at 2.) Accordingly, it appears that the parties are in agreement, and all that remains is for Plaintiffs to confirm that they have received the documents.

Plaintiff also state that in order to rebut Dorman's assumption as to separate pricing teams, they need "documents related to how [KE] makes pricing decisions in both Korea and the U.S." and "details on KE's revenue management systems." (Plaintiffs' Supp. Mem. at 3 (citing Request Nos. 8, 10-16, 21-22, 25-31, 37-42).) Plaintiffs seek "equivalent information for fuel surcharges," *i.e.*, "how decisions are made about setting fuel surcharges in both Korea and the U.S., including but not limited to how KE purchases fuel for its entire operation, its strategy for doing so, how it determines the amount to charge for fuel costs." (*Id.* at 4.) Plaintiffs state that "KE failed to produce a complete description of the revenue management systems used during the class period and how it functioned." (Plaintiffs' Supp. Mem. at 3-4.) Apart from Defendants' pending motion, Plaintiffs argue that South Korea-purchase information is relevant to their claims.[2] (JS at 29; Dr. Hurdle Report, filed under seal.)

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Discovery of foreign-related documents may be relevant to the existence of conspiracy, particularly when, as here, there may be a dispute as to when the conspiracy came to an end. *In re Urethane Antitrust Litigation*, 2009 U.S. Dist. LEXIS 71135, at *21, *24 (D. Kan. Aug. 11, 2009) (documents relating to meetings or communications with competitors outside the U.S. may be relevant

---

[1] Plaintiffs seek "all documents [KE] is providing to the Korean and other investigatory entities relating to fares, prices and fuel surcharges for passenger flights between the U.S. and Korea." (Plaintiffs' Supp. Mem. at 4.) At oral argument, KE represented that the only documents at issue would be documents seized by the KFTC, and KE cannot readily identify what the KFTC seized. Thus, it appears that attempting to identify such documents would be an inefficient way to proceed. Nothing in this order precludes the parties from meeting and conferring about these documents.

[2] In addition, Plaintiffs argue that if Defendants contend that certain types of tickets were outside the scope of the conspiracy, data related to the non-price-fixed tickets may be relevant to pricing in the absence of conspiracy. (JS at 29.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-05107-SJO (AGRx) | Date | November 18, 2009 |
|---|---|---|---|
| Title | HYUN PARK, et al. v. IN RE KOREAN AIR LINES CO., LTD | | |

to establish conspiracy); *In re Automotive Refinishing Paint Antitrust Litigation*, 2004 U.S. Dist. LEXIS 29160, *12 (E.D. Pa. Oct. 29, 2004) ("Evidence of foreign price-fixing among Defendants would also be material to prove that they had the opportunity and ability to engage in domestic price-fixing for automotive refinishing paint."); *In re Vitamins Antitrust Litigation*, 2001 U.S. Dist. LEXIS 8904, at *64 (D.D.C. June 20, 2001) (discovery may be relevant to show "how the conspiracy was maintained for the length of time alleged"). Such discovery may also be relevant to show how the conspiracy affected prices generally and to quantify the overcharges plaintiffs paid. *Id.* at *61, *67 (compelling production of transactional and financial data for foreign sales of vitamins).

      Relevance, however, does not end the inquiry. Defendants argue that the burden of this discovery outweighs the benefit to the Plaintiffs. (JS at 31.) In the antitrust cases permitting foreign discovery, the courts addressed specific discovery protocols. *E.g., In re Urethane Antitrust Litigation*, 2009 U.S. Dist. LEXIS 71135, at **20 (parties agreed on particular custodians whose files would be searched); *In re Vitamins Antitrust Litigation*, 2001 U.S. Dist. LEXIS 8904, at *39 (D.D.C. June 20, 2001) (focusing search on persons who had primary decision-making authority or oversight responsibility for pricing, sale or distribution of vitamins). It does not appear that the parties have sufficiently met and conferred as to such issues prior to the hearing.

      The Plaintiffs' expert report relies to some extent on assumptions about how KE's revenue management system operates. It is unknown, however, whether those assumptions are correct. At oral argument, KE agreed to produce the manuals, including addendums, for the revenue management system during the class period within one or two weeks after today's hearing. Counsel will be ordered to meet and confer as to whether Plaintiffs require more information in order to understand how the revenue management system operates and whether such information may be more efficiently obtained through a Rule 30(b)(6) deposition.

      Counsel will also be ordered to meet and confer as to Plaintiffs' requests for documents regarding how KE makes pricing decisions in both Korea and the U.S. as to fares and fuel surcharges, as described above. The parties should discuss a list of custodians, search terms or other methods of reducing the volume of ESI (electronically stored information) to be searched and produced. *E.g., Treppel v. Biovail Corp.*, 233 F.R.D. 363, 374 (S.D.N.Y. 2006).[3]

    *Pass-Through Data*

      Based on the same theories argued above in connection with South Korea-purchase information, Plaintiffs narrowed their requests and now ask that KE produce "the same transaction, revenue, and cost

---

[3] Plaintiffs request that this court order KE to withdraw its objections. (Plaintiffs' Supp. Mem. at 9; Exh. 15 at 212-13 to Azar Decl.) Plaintiffs' request is denied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-05107-SJO (AGRx) | Date | November 18, 2009 |
|---|---|---|---|
| Title | HYUN PARK, et al. v. IN RE KOREAN AIR LINES CO., LTD | | |

data for *pass-through* itineraries as it did for U.S. sales."[4] (Plaintiffs' Supp. Mem. at 3 (citing Request Nos. 8-9, 11-14, 16, 33-35, 40, 42.).)  Plaintiffs state that their expert needs this information because "revenue management requires consideration of all passengers on the plane."  (*Id.*; Hurdle Rept. 5-15 ¶¶ 13, 23, 28, 50.)

As discussed above, Plaintiffs' argument appears to depend upon assumptions about how KE's revenue management system operates.  Therefore, the parties are ordered to meet and confer about this category of documents after KE has produced the manuals regarding its revenue management system.

*Time Frame*

At oral argument, it appeared that KE conducted the bulk of its search in September 2006 and updated its search through January 2007.  KE argues that it ceased the alleged conspiracy in July 2006.

Plaintiffs argue that they are entitled to documents as to (a) when any violations ceased; (b) how KE's operations changed; and (c) how KE's pricing policies changed after the DOJ subpoena.  (JS at 11.)  In their supplemental memorandum, Plaintiffs indicated that they seek "documents that show whether and when the conspiracy ended, what company personnel were told about the conspiracy and when, and what (if anything) was done in reaction to the disclosure of the conspiracy."  (Plaintiffs' Supp. Mem. at 2 (citing Request Nos. 1-2, 4, 8, 21-24, 28-31, 37-39, 42).)  Plaintiffs also seek responsive documents covering U.S. and Korea-origin purchases for one year from the date the conspiracy ended and any related change in practices.  (*Id.*)

Discovery to determine when the conspiracy ended and its effect on pricing within one year of termination is certainly relevant to Plaintiffs' claims.  *E.g., In re Vitamins Antitrust Litigation*, 2001 U.S. Dist. LEXIS 8904, at *61, *64, *67.  However, in the era of electronic discovery, it is critical for parties to meet and confer regarding a list of custodians, search terms or other methods of reducing the volume of ESI to be searched and produced.  *E.g., Treppel*, 233 F.R.D. at 374.  The parties are ordered to meet and confer regarding custodians, search terms, time frame or other methods of reducing the volume of ESI to be searched and produced.  At oral argument, KE agreed to produce a list of custodians and the date each custodian's files were searched.

*Date for Completion of Document Production and Privilege Log*

At oral argument, the parties advised that KE has produced a privilege log.  The parties indicated

---

[4] Plaintiffs also seek the "pass-through information [KE] provided (or will provide) to foreign or domestic agencies investigating passenger charges or fuel surcharges." (Plaintiffs' Supp. Mem. at 3.)  As discussed above in footnote 1, it appears that attempting to identify such documents would be an inefficient way to proceed.  Nothing in this order precludes the parties from meeting and conferring about these documents.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-05107-SJO (AGRx) | Date | November 18, 2009 |
|---|---|---|---|
| Title | HYUN PARK, et al. v. IN RE KOREAN AIR LINES CO., LTD | | |

that they will meet and confer regarding whether the log includes documents that have been redacted.

The parties are further ordered to meet and confer regarding an estimated date for completion of KE's document production regarding the documents at issue in this order.

IT IS HEREBY ORDERED that Plaintiffs' motion to compel is GRANTED IN PART as follows:

1. On or before November 30, 2009, KE shall produce the manuals, including addendums, for its revenue management system during the class period.

2. On or before December 8, 2009, the parties are ordered to meet and confer regarding the following issues:

   a. KE's representation that it produced ticket, coupon, cost and financial data for South Korea-purchase transactions through the end of 2008.

   b. Whether Plaintiffs will seek information in addition to the manuals described in paragraph 1 in order to understand how KE's revenue management system operates and, if so, whether Plaintiffs will pursue additional document production or other methods of discovery.

   c. Plaintiffs' requests for documents regarding how KE makes pricing decisions in both Korea and the U.S. as to fares and fuel surcharges, as described in this order, including but not limited to a list of custodians, search terms, or other methods of reducing the volume of ESI to be searched and produced.

   d. Plaintiffs' request for pass-through data as described in this order.

   e. Plaintiffs' request for an updated production during the period September 2006 through August 2, 2007, including a list of custodians, search terms, time frame or other methods of reducing the volume of ESI to be searched and produced. At least five calendar days prior to the meet and confer, KE shall provide Plaintiffs' counsel a list of custodians and the date each custodian's files were searched.

   f. Whether KE's privilege log contains entries for redacted documents produced to Plaintiffs.

   g. An estimated date for completion of KE's document production regarding documents at issue in this order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-05107-SJO (AGRx) | Date | November 18, 2009 |
|---|---|---|---|
| Title | HYUN PARK, et al. v. IN RE KOREAN AIR LINES CO., LTD | | |

     3.    If the parties are unable to resolve their discovery disputes after meeting and conferring as described in paragraph 2, counsel shall contact the Clerk, Marine Pogosyan, at (213) 894-5419 on December 8, 2009 to request a hearing. No additional briefing is required unless otherwise ordered by the court. If a hearing is held, the court will issue a further minute order.

cc:    Judge S. James Otero
       Parties

                                                                            0  :  0
                                              Initials of Preparer   mp