UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-05107-SJO (AGRx) | Date | June 22, 2010 |
|---|---|---|---|
| Title | HYUN PARK, et al. v. IN RE KOREAN AIR LINES CO., LTD | | |

| Present: The Honorable | Alicia G. Rosenberg, United States Magistrate Judge | |
|---|---|---|
| Marine Pogosyan | n/a | CS 6/22/2010 |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| David E. Azar, Esq., Jeff Westerman, Esq., | | J. Clayton Everett, Esq. |

**Proceedings:**    (In chambers)  RE DEFENDANT KOREAN AIR LINES' MOTION FOR PROTECTIVE ORDER

Case is called. David E. Azar, Esq., and Jeff Westerman, Esq., appeared on behalf of Plaintiffs. J. Clayton Everett, Esq., appeared on behalf of Defendant Korean Air Lines Co. (KAL).

On March 24, 2010, Plaintiffs noticed the deposition of Suk Wan Kim in Los Angeles, California on April 30, 2010.[1]  (Exh. 1 to Azar Decl.)

On May 21, 2010, KAL filed a motion for a protective order regarding the location of Suk Wan Kim's deposition and a joint stipulation ("JS"). (Dkt. No. 385, 387.) KAL objects to Los Angeles as the place of deposition. On June 8, 2010, Plaintiffs filed a supplemental memorandum. (Dkt. No. 394.) On June 8, 2010, KAL filed a supplemental memorandum. (Dkt. No. 395.) The court heard oral argument.

"A district court has wide discretion to establish the time and place of depositions." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994). "Ordinarily, 'the deposition of a party may be noticed wherever the deposing party designates, subject to the Court's power to grant a protective order.'" *Fausto v. Credigy Services Corp.*, 251 F.R.D. 427, 429 (N.D. Cal. 2008) (citation omitted). "However, 'there is a general presumption that the deposition of a defendant should be conducted in the district of his residence [because while] plaintiffs bring the lawsuit and . . . exercise the first choice as to the forum, [t]he defendants, on the other hand, are not before the court by choice.'" *Id.* (citation omitted).

Upon motion, "[c]ourts consider the relative convenience of and hardships to the parties when determining whether there is good cause to grant a protective order." *Id.* Factors to be considered

---

[1] KAL states that three other employees have already been deposed. JS at 11 n.3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-05107-SJO (AGRx) | Date | June 22, 2010 |
|---|---|---|---|
| Title | HYUN PARK, et al. v. IN RE KOREAN AIR LINES CO., LTD | | |

include: "1. The parties' convenience and relative hardships to attend the designated location; 2. Cost of transportation and lost work to a defendant; 3. Expense and inconvenience to move voluminous documents; 4. Whether the parties' counsel are located in the forum district; 5. Whether the defendant is a large corporation whose employees often travel; 6. Whether significant discovery disputes may arise and judicial economy favors resolution by the forum court or other similar concerns; and 7. Whether the parties' claims and parties' relationship are such that appropriate adjustment of the equities favors a deposition site in the forum district." *Willis v. Mullens*, 2006 U.S. Dist. LEXIS 35627, *17-*18 (E.D. Cal. 2006).

Plaintiffs have made a showing that Kim is a "central figure in the price fixing conspiracy at issue" while he was "living and working in the United States, including in Los Angeles." JS at 3; (Jackson Dep. at 20-21, 60, Exh. 3 to Azar Decl.) At the time, Kim was the head of passenger operations in the Americas.[2] (*Id.* at 14.) KAL pled guilty to price fixing. (*Id.* at 16; Exh. 6 to Azar Decl.) Kim was the sole source of information given to KAL's Rule 30(b)(6) witness about the substance of the price fixing discussions. (Jackson Dep. at 73, 75-76; Plaintiffs' Supp. Mem. at 4.) KAL moved Kim to a new job in Korea at the end of 2006 (Jackson Dep. at 21, 75), which Plaintiffs contend was after the Department of Justice began its investigation of KAL. JS at 17. Plaintiffs further argue that KAL has its U.S. headquarters in Los Angeles. JS at 20.

Given Plaintiffs' showing that Kim is a key witness who was involved in price fixing discussions while based in Los Angeles, it is more reasonable to require Kim to travel to Los Angeles for deposition. *See United States v. $ 160,066.98*, 202 F.R.D. 624, 627 (S.D. Cal. 2001) (departing from general rule when litigation involved witness' business transactions while witness resided in this district); *Custom Form Mfg., Inc. v. Omron Corp.*, 196 F.R.D. 333, 336 (N.D. Ind. 2000) ("When a foreign corporation is doing business in the United States, is subject to the court's jurisdiction, and has freely taken advantage of our federal rules of discovery, exceptions to the general rule on the location of depositions are often made."); *compare Realuyo v. Diaz*, 2000 U.S. Dist. LEXIS 7241, *5-*6 (S.D.N.Y. 2000) (ordering deposition in Korea when alleged tortious interference occurred in the Phillipines and plaintiff failed to demonstrate importance of witness to the litigation).

Moreover, having Kim's deposition in Los Angeles is more efficient and less costly. In this multi-district litigation, Plaintiffs' counsel is located in Los Angeles, San Francisco and Seattle. Defense counsel is located in Washington D.C., with offices in Los Angeles. JS at 10, 24. It would appear less costly to have Kim travel to Los Angeles than to have counsel travel to Seoul. *See Dean Foods Co. v. Eastman Chemical Co.*, 2001 U.S. Dist. LEXIS 25447, *17-*18 & n.4 (N.D. Cal. 2001).

Kim states he is currently the Vice President–Passenger Marketing. (Kim Decl. ¶ 6.) KAL argues it would incur travel costs and suffer the loss of Kim's work for an unnecessarily long period (nearly a week) if the deposition takes place in Los Angeles. JS at 1. According to Kim, travel alone

---

[2] During the period 2002-2006, Kim held the positions of Chicago branch manager, passenger marketing manager, and then head of passenger operations. (Jackson Dep. at 63-66.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-05107-SJO (AGRx) | Date | June 22, 2010 |
|---|---|---|---|
| Title | HYUN PARK, et al. v. IN RE KOREAN AIR LINES CO., LTD | | |

would cause him to miss two days of work (12 hours of flight time each way). (Kim Decl. ¶ 3.) Kim states he does not have any plans to travel to the United States in the foreseeable future. (*Id.* ¶ 4.)

However, although Kim states that any absence from his job creates a backlog of work,[3] Kim does not state he cannot do any work on a plane, or that he does not travel to other parts of the world on business or vacation. KAL's travel costs associated with its counsel's travel will likely be less in Los Angeles than in Seoul. On balance, the relative costs and hardships favor having the deposition in Los Angeles. In addition, if judicial intervention is sought to resolve discovery disputes during the course of Kim's deposition, Los Angeles would clearly be a more convenient forum. *See $ 160,066.98*, 202 F.R.D. at 629 (describing difficulty of dispute resolution with significant time zone differences).

This court has considered KAL's argument that Plaintiffs may avoid traveling to Seoul if they take Kim's deposition by videoconference. Plaintiffs previously took telephonic depositions of three Korea-based witnesses, with a translator, court reporter, questioning attorney and a Korean-speaking attorney in Los Angeles. JS at 25-26. Plaintiffs represent that there were technological, translation and other difficulties, but they elected to proceed on that basis based on the relative significance of the witnesses and information sought.

By contrast, Plaintiffs argue that a videoconference deposition would place them "at a marked disadvantage with a key fact witness such as Mr. Kim," who may have controversial testimony that goes to the heart of the case. JS at 26-27. Based upon the record before the court concerning Kim's signficance as a witness to the price fixing issues, this court agrees that an in-person deposition in Los Angeles is appropriate.

In its supplemental brief, KAL indicated that Plaintiffs intend to seek up to 45 depositions of "Defendant employees," among others, and that Kim's deposition could proceed in Seoul with the rest of the witnesses. At oral argument, Plaintiffs responded that they seek Kim's deposition first, after receiving interrogatory responses regarding price fixing discussions. The written discovery and Kim's deposition will inform Plaintiffs' decisions as to a future discovery plan, including document custodians and deponents. Given these circumstances, the parties' future deposition schedule does not alter this court's decision as to the location of Kim's deposition. This court does not address the location of depositions of any other Korea-based witnesses.

---

[3] Kim states his backlog "ultimately results in a delay in the operations at Korean Air." This court does not interpret his statement to mean that his absence results in flight delays. KAL argues only that it "would lose the benefit of Mr. Kim's productive activity." JS at 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-05107-SJO (AGRx) | Date | June 22, 2010 |
|---|---|---|---|
| Title | HYUN PARK, et al. v. IN RE KOREAN AIR LINES CO., LTD | | |

　　　　IT IS HEREBY ORDERED that KAL's motion for protective order is DENIED.  (Dkt. No. 385, 387, 394-395.)


cc:　　Judge S. James Otero
　　　　Parties


　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　0　　：　　35

　　　　　　　　　　　　　　　　　　　　Initials of Preparer　　mp