UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
Scan Only ___

| | |
|---|---|
| **CASE NO.:** CV 07-01891 Master File No. CV 07-05107 SJO (GRx) * | **DATE:** August 2, 2010 |

**TITLE:** **In Re Korean Air Lines Co., Ltd Antitrust Litigation**

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz
Courtroom Clerk

Not Present
Court Reporter

**COUNSEL PRESENT FOR PLAINTIFFS:**

Not Present

**COUNSEL PRESENT FOR DEFENDANTS:**

Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING DEFENDANTS' JOINT MOTION TO DISMISS PLAINTIFFS' KOREA-PURCHASE CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION AND DEFENDANTS' MOTION TO STRIKE PORTIONS OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT MOTION TO DISMISS**
[Docket Nos. 411, 383]

   This matter is before the Court on Defendants Korean Airlines Co., Ltd. and Asiana Airlines, Inc.'s (collectively, "Defendants") Renewed Joint Motion to Dismiss Plaintiffs' Korea-Purchase Claims for Lack of Subject Matter Jurisdiction, filed February 26, 2010, and Motion to Strike Portions of Plaintiffs' Opposition to Defendants' Motion to Dismiss, filed May 21, 2010. Plaintiffs filed Oppositions, to which Defendants replied. The Court heard argument on July 26, 2010. Having considered the arguments, Defendants' Joint Motion to Dismiss and Motion to Strike Portions of Plaintiffs' Opposition are **GRANTED**.

   As an initial matter, the Court adopts and incorporates the findings of fact and conclusions of law from the June 9, 2008 hearing and June 25, 2008 Order, except as to Plaintiffs' Korea-purchase claims, which are again before the Court. (*See* Transcript of June 9, 2008; *see* Order of June 25, 2008.) In the June 25, 2008 Order, the Court granted in part and denied in part, Defendants' Motion. (*See* Order of June 25, 2008.) In declining to dismiss Plaintiffs' Korea-

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: CV 07-01891 Master File No.         DATE: August 2, 2010
          CV 07-05107 SJO (GRx)

purchase claims, the Court held: "Plaintiffs' single market theory warrants further discovery, and does not now serve as a basis for dismissal . . ."  (*See* Order of June 25, 2008.)

Defendants renewed their Motion to Dismiss in the fall of 2009 ("Defendants' 2009 Motion"), arguing that in light of the Ninth Circuit's holding in *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation* ("*Centerprise*"), 546 F.3d 981 (9th Cir. 2008), Plaintiffs' Korea-purchase claims must be dismissed.  Prior to the hearing on Defendants' 2009 Motion, Plaintiffs filed an ex parte application seeking additional time to conduct discovery relating to Defendants' revenue management programs and pricing teams.  On December 14, 2009, the Court ordered that Defendants' pending 2009 Motion to Dismiss be stricken and re-briefed to provide Plaintiffs with full opportunity to conduct discovery and perfect their theory of causation.

Pursuant to the Court's February 9, 2010 Order, Defendants re-filed the instant Motion to Dismiss, presenting both a facial and factual attack on Plaintiffs' Korea-purchase claims.  As the Court explained during the July 26, 2010 hearing, Plaintiffs were provided full opportunity to explore the link between the domestic effect of Defendants' alleged conspiracy (higher U.S.-purchase prices) and the foreign injury (higher Korea-purchase prices).

Even so, in light of *Centerprise*, Plaintiffs have failed to sufficiently allege that the domestic effect gave rise to the foreign injury so as to bring the Korea-purchase claims within the Foreign Trade Antitrust Improvements Act (the "FTAIA") domestic-injury exception. *Centerprise*, 546 F.3d 981.  At best, Plaintiffs' briefing, as well as the Declaration and Report of Dr. Gloria Hurdle, suggests a correlation between higher U.S.-purchase prices and higher Korea-purchase prices. Such a correlation or interdependence of markets does not suffice to show that the effect in the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| CASE NO.: <u>CV 07-01891 Master File No.</u> <u>CV 07-05107 SJO (GRx)</u> | DATE: <u>August 2, 2010</u> |

United States actually gives rise to Plaintiffs' Korea-purchase claims. As the Court emphasized during the July 26, 2010 hearing, Plaintiffs cannot escape a finding of no subject matter jurisdiction unless a direct causal relationship is established. *Id.* Accordingly, because Plaintiffs cannot set forth a theory with specificity to establish proximate causation, Plaintiffs' Korea-purchase claims must be DISMISSED, pursuant to *Centerprise*.

Defendants present both a facial and factual attack on Plaintiffs' Korea-purchase claims, pursuant to Rule 12(b)(1). *See* Fed. R. Civ. P. 12(b)(1). As explained above and in greater detail at the hearing, Plaintiffs' Korea-purchase claims cannot survive either a facial or factual attack. Accordingly, Plaintiffs' Korea-purchase claims are DISMISSED WITH PREJUDICE, pursuant to Rule 12(b)(1). Moreover, because it is not entirely clear whether Plaintiffs' Korea-purchase claims should be dismissed, pursuant to Rule 12(b)(1) or Rule12(b)(6), and because Plaintiffs have been given every opportunity to perfect their proximate causation theory, but cannot do so, Plaintiffs' Korea-purchase claims are DISMISSED, pursuant to Rule 12(b)(6).

Defendants' Joint Motion to Dismiss is **GRANTED**. Plaintiffs' Korea-purchase claims are **DISMISSED WITH PREJUDICE**. Additionally, for the reasons stated in Defendants' Motion, Defendants' Motion to Strike Portions of Plaintiffs' Opposition is **GRANTED**. Finally, in its June 25, 2008 Order, the Court rejected Plaintiffs' argument that the FTAIA is inapplicable under the import commerce provision. In this recent round of briefing, Plaintiffs have not persuaded the Court that it should change its ruling. The parties are instructed to meet and confer and submit a proposed scheduling order with the Court by **AUGUST 23, 2010**.