JEFF S. WESTERMAN (94559)
jwesterman@milberg.com
MILBERG LLP
One California Plaza
300 South Grand Ave., Suite 3900
Los Angeles, CA 90071
Tel: (213) 617-1200
Fax: (213) 617-1975

SUSAN G. KUPFER (141724)
skupfer@glancylaw.com
GLANCY BINKOW & GOLDBERG LLP
One Embarcadero Center, Suite 760
San Francisco, CA 94111
Tel: (415) 972-8160
Fax: (415) 972-8166

MARC M. SELTZER (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150

Plaintiffs' Interim Class Counsel

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| In re KOREAN AIR LINES CO., LTD. ANTITRUST LITIGATION | MDL No. 07-01891 |
| | Master File No. CV 07-05107 SJO (AGRx) |
| This Document Relates To: | |
| All Actions | **DECLARATION OF MARC M. SELTZER IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT BETWEEN PLAINTIFFS AND DEFENDANT ASIANA AIRLINES, INC.** |
| | **Date:** November 8, 2010<br>**Time:** 10:00 a.m.<br>**Place:** Courtroom of the Hon. S. James Otero |

1

1289334v1/010438

I, MARC M. SELTZER, hereby declare as follows:

1.     I am a member in good standing of the bar of this Court, an active member of the State Bar of California, a partner in the law firm of Susman Godfrey L.L.P., and one of the Interim Class Counsel appointed by the Court to represent the plaintiffs in the above-entitled litigation.  I have personal, first-hand knowledge of the matters set forth herein and, if called to testify as a witness, could and would testify competently thereto.

2.     I have practiced law for more than thirty-five years, litigating complex cases in both state and federal courts throughout the United States.  Before joining Susman Godfrey in 1998, when I opened the firm's Los Angeles office, I practiced law for 20 years with the litigation boutique that ultimately became known as Corinblit & Seltzer, a Professional Corporation.  My relationship with Susman Godfrey began when I worked on the *Corrugated Container Antitrust Litigation,* beginning in the late 1970s.  In that case, which was tried to a verdict against the last remaining non-settling defendant, more than $500 million was obtained for the benefit of the plaintiff class.  Over the years, I have represented the plaintiffs in numerous antitrust class action cases, including more recently, the *Universal Service Fund Telephone Billing Practices Litigation*, *White v. National Collegiate Athletic Association*, and the *Vitamin Antitrust Litigation*, where more than $1 billion was made available for the benefit of the class.

3.     Co-Interim Class Counsel Susan G. Kupfer, a partner with the firm Glancy Binkow & Goldberg LLP, has extensive experience litigating antitrust class actions in courts throughout the country.  Ms. Kupfer has served as lead or co-lead counsel in several antitrust and securities class actions that have achieved favorable results for the plaintiff class, including the *In re Sorbates Antitrust Litigation*, *In re*

2

*Urethane Antitrust Litigation*, *In re Pillar Point Partners Antitrust Litigation*, *In re Critical Path Securities Litigation*, and *In re Western States Wholesale Natural Gas Antitrust Litigation*.

4.     Co-Interim Class Counsel Jeff S. Westerman, a partner with the firm Milberg LLP, has 30 years of litigation experience, including 20 years of experience litigating complex class actions in state and federal courts throughout the United States.  Mr. Westerman has served as lead or co-lead counsel in many cases resulting in significant recoveries for class plaintiffs.

5.     This consolidated litigation is an exceptionally complex matter that has presented novel questions under the antitrust laws.  The litigation has been vigorously defended by both defendants.  Defendant Asiana Airlines, Inc. ("Asiana") fought plaintiffs at every turn, and the settlement negotiations which produced the proposed settlement were conducted at arm's-length over many months.  Plaintiffs expect that defendant Korean Air Lines Co., Ltd., the non-settling defendant, will continue to vigorously defend this case.

6.     Plaintiffs have conducted substantial discovery and have worked with economics and airline industry experts to learn about the systems and methods defendants use to price and sell tickets for air travel.  This knowledge, along with other information obtained through discovery, has assisted plaintiffs' counsel to ensure that the settlement reached with Asiana is reasonable and fair to the Class.

7.     Settlement negotiations with Asiana were conducted in earnest beginning in late 2009.  Over the ensuring months, the parties exchanged settlement proposals and conducted extensive arm's-length negotiations, both by telephone and in person.  Plaintiffs were represented in these negotiations by Interim Class Counsel, and Asiana was represented by its experienced and skillful counsel of

3

record.  In addition to the substantial evidentiary materials produced by Asiana in discovery, Asiana informally provided financial and other information to plaintiffs' counsel as part of the settlement negotiations.

8.  Plaintiffs and Asiana reached an agreement on July 30, 2010.  A true and correct copy of the Stipulation of Settlement Between Class Plaintiffs and Defendant Asiana Airlines, Inc., dated July 30, 2010 ("Settlement Agreement"), is attached as Exhibit 1 to this declaration.

9.  The specific terms and conditions of the settlement are set forth in the Settlement Agreement.  To summarize, the settlement provides as follows:

    a.  Asiana will pay $11,000,000 in cash, which has already been deposited into an interest-bearing escrow account established by Interim Class Counsel, *see* Settlement Agreement ¶¶ 24-25;

    b.  Asiana will make available $10,000,000 in travel coupons for passenger flight tickets sold by Asiana, *id.* ¶ 26; and

    c.  Asiana will pay up to $60,000 over and above the $11,000,000 cash fund for costs and expenses related to giving notice to the Settlement Class and the administration of claims, *id.* ¶ 32.

10.  The economic compensation provided by Asiana is significant by any measure, but is particularly so in light of Asiana's financial difficulties.  There is substantial evidence that indicates that Asiana is in a weakened financial condition, including the following:

    a.  The United States Department of Justice ("DOJ") examined Asiana's financial condition and recommended, and the Court imposed, a below-Guidelines fine of $50 million based on "Asiana's inability to pay a greater fine without substantially

4

jeopardizing its continued viability, even with the use of a reasonable installment schedule." Sentencing Memorandum by the United States, ¶ 3, at 3, dated April 21, 2009. (A true and correct copy of the Sentencing Memorandum of the United States is attached hereto as Exhibit 2.)

    b.    Asiana's fine was to be paid in six installments over a five-year period, but on April 26, 2010, after Asiana had made only one timely installment payment of $4 million, the DOJ petitioned the Court to defer Asiana's future installment payments based on Asiana's ongoing financial hardships. (A true and correct copy of the Unopposed Petition of the United States Pursuant to 18 U.S.C. § 3573 For Modification of Fine Imposed on Defendant is attached hereto as Exhibit 3.)

    c.    On April 27, 2010, the Court ordered that Asiana's installment payments be deferred. (A true and correct copy of the Order Granting Unopposed Petition of the United States Pursuant to 18 U.S.C. § 3573 For Modification of Fine Imposed on Defendant is attached hereto as Exhibit 4.)

    11.    In addition to the economic compensation provided by Asiana, Asiana agreed to immediately begin cooperating with plaintiffs with respect to discovery in this case. Asiana's cooperation obligations are broad in scope, and plaintiffs' counsel believe that Asiana's cooperation will prove extremely valuable in the continuing litigation against Korean Air. In negotiating the terms of the settlement with Asiana, plaintiffs' counsel also took into account the fact that Korean Air,

which is jointly and severally liable for all of the damages caused by the conspiracy, is financially stronger than Asiana.

12.     In negotiating the settlement with Asiana, plaintiffs' counsel also considered the difficulty of the case, the uncertainties inherent in complex litigation such as this, and the substantial benefits that this settlement will provide to the Settlement Class.

13.     Based on documents reviewed in this case, information provided by defendants, and general industry information, plaintiffs' counsel estimate that there will be hundreds of thousands of geographically-dispersed potential class members in the proposed Settlement Class.

14.     It is the considered professional opinion of plaintiffs' Interim Class Counsel that the terms of the settlement are fair, reasonable and adequate to the Settlement Class, and, indeed, provide an excellent result for the Settlement Class.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 8th day of October, 2010, at Los Angeles, California.


                    /s/ Marc M. Seltzer
                    Marc M. Seltzer

6

1289334v1/010438

# EXHIBIT 1

MARC M. SELTZER (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA  90067
Telephone:  (310) 789-3100
Facsimile:  (310) 789-3150

JEFF S. WESTERMAN (94559)
jwesterman@milberg.com
MILBERG LLP
One California Plaza
300 South Grand Ave., Suite 3900
Los Angeles, CA  90071
Telelephone: (213) 617-1200
Facsimile: (213) 617-1975

Co-Lead Counsel For Plaintiffs

SUSAN G. KUPFER (141724)
skupfer@glancylaw.com
GLANCY BINKOW
   & GOLDBERG LLP
One Embarcadero Center, Suite 760
San Francisco, CA  94111
Telephone: (415) 972-8160
Facsimile: (415) 972-8166

IAN SIMMONS (admitted *pro hac vice*)
isimmons@omm.com
ANGELA THALER WILKS
(admitted *pro hac vice*)
awilks@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, D.C.  20006-4001
Telephone:  (202) 383-5300
Facsimile:  (202) 383-5414

Attorneys for Defendant
ASIANA AIRLINES, INC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| In re KOREAN AIR LINES CO., LTD ANTITRUST LITIGATION | MDL No. 1891<br>Master File No. CV 07-05107 SJO (AGRx) |
| This Document Relates To:<br><br>    All Actions | STIPULATION OF SETTLEMENT BETWEEN CLASS PLAINTIFFS AND DEFENDANT ASIANA AIRLINES, INC.<br><br>Judge:     Hon. S. James Otero |

This Stipulation of Settlement ("Agreement") is made and entered into as of this 30th day of July, 2010 (the "Execution Date," as defined below), by and between defendant Asiana Airlines, Inc. ("Asiana," as defined below) and the Class Plaintiffs (as defined below), both individually and on behalf of the Class Members (as defined below).

WHEREAS, Class Plaintiffs are prosecuting the above-captioned litigation (the "Action," as defined below) on their own behalf and on behalf of the Class (defined below) against defendants Asiana and Korean Air Lines Co., Ltd. ("Korean Air");

WHEREAS, Class Plaintiffs allege that Asiana participated in an unlawful conspiracy to fix, raise, maintain, and stabilize the prices of Passenger Air Transportation (as defined below) in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1 *et seq.*;

WHEREAS, Asiana denies Class Plaintiffs' allegations, has not conceded or admitted any civil liability, and has asserted affirmative defenses to Class Plaintiffs' claims;

WHEREAS, Class Plaintiffs have conducted an investigation into the facts and the law regarding the Action and have concluded that a settlement with Asiana according to the terms set forth below is in the best interest of the Class;

WHEREAS, Asiana, despite its belief that it has good defenses to the claims alleged, has nevertheless agreed to enter into this Agreement to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation;

WHEREAS, Class Plaintiffs have agreed to accept the Settlement Amount (as defined below) based, in part, on (1) Asiana's representations regarding both its present and projected financial condition and its inability to pay more; and (2) the value of its cooperation to Class Plaintiffs and the Class; and

1    WHEREAS, Asiana has agreed to cooperate with Class Plaintiffs and has

2    represented and agreed that it will provide cooperation with respect to named and

3    unnamed co-conspirators, and as the first-settling defendant, Asiana's cooperation

4    is expected to save Class Plaintiffs substantial burden and the expense of litigation;

5    and

6    WHEREAS, arm's-length settlement negotiations have taken place between

7    counsel for Class Plaintiffs and Asiana, and this Agreement embodies all of the

8    terms and conditions of the settlement between Asiana and Class Plaintiffs, both

9    individually and on behalf of the Class, and has been reached as a result of the

10   parties' negotiations.

11   NOW, THEREFORE, in consideration of the mutual covenants, agreements,

12   and releases set forth herein and for other good and valuable consideration, it is

13   agreed by and among the undersigned that this Action be settled, compromised, and

14   dismissed on the merits with prejudice as to Asiana only, without costs as to Class

15   Plaintiffs, the Class, or Asiana, except as otherwise expressly set forth herein,

16   subject to the approval of the Court, on the following terms and conditions:

17   **A.** **Definitions**

18   The following terms, as used in this Agreement, have the following meanings:

19   1.   "Action" means the direct purchaser antitrust class actions

20   consolidated under the caption *In re Korean Air Lines Co., Ltd. Antitrust*

21   *Litigation*, MDL No. 1891, Master File No. CV-05107 SJO (AGRx).

22   2.   "Asiana" means Asiana Airlines, Inc. and its subsidiaries,

23   predecessors, and affiliates.

24   3.   "Class" means all persons and entities (excluding governmental

25   entities, defendants, and defendants' respective predecessors, subsidiaries, and

26   affiliates) who purchased Passenger Air Transportation on the airlines of

27   defendants, or any predecessor, subsidiary, or affiliate of the defendants, at any

28   time during the time period January 1, 2000 through August 1, 2007.  As used

- 3 -

in this definition, "affiliates" means entities controlling, controlled by, or under common control with a defendant.  The term "affiliates" does not include any travel agents.

    4.    "Class Cash Fund" means Eleven Million U.S. Dollars ($11,000,000 USD).

    5.    "Class Counsel" means the law firms of Susman Godfrey L.L.P., 1901 Avenue of the Stars, Suite 950, Los Angeles, CA 90067; Glancy Binkow & Goldberg LLP, One Embarcadero Center, Suite 760, San Francisco, CA 94111; and Milberg LLP, 300 South Grand Avenue, Suite 3900, Los Angeles, CA 90071.

    6.    "Class Coupon Fund" means the equivalent of Ten Million U.S. Dollars ($10,000,000 USD) in coupons as defined in Paragraph 26 below and its subparts.

    7.    "Class Member" means each member of the Class who does not timely and validly request to be excluded from the Class.

    8.    "Class Period" means the period from January 1, 2000 through August 1, 2007.

    9.    "Class Plaintiffs" means Laura Albee, Joon Chung, Timothy Murphy, Sungshic Park, Yoon Park, Howard Ree, Leon Song, and Edward Yoo.

    10.    "Court" means the United States District Court for the Central District of California.

    11.    "Defendant" means any person or entity named as a defendant in this Action.

    12.    "Effective Date" means the date on which final approval has been obtained in this Action, as further defined in Paragraph 34 below.

    13.    "Escrow Account" means the accounts to be established by Class Counsel for receipt of the Class Cash Fund and the Notice and Administration Costs Fund to be paid by Asiana pursuant to the Agreement.

14.   "Execution Date" means the date first appearing above.

15.   "Passenger Air Transportation" means passenger air transportation service for flights originating in the United States and ending in the Republic of Korea ("Korea") or flights originating in Korea and ending in the United States.

16.   "Releasees" means Asiana, its past and present officers, directors, employees, agents, attorneys, servants, representatives, parents, subsidiaries, and affiliates and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.  As used in this definition, "affiliates" means entities controlling, controlled by, or under common control with a Releasee.  The term "Releasees" does not include Korean Air or any of Korean Air's past or present officers, employees, or agents acting in such capacity.

17.   "Released Claims" means any and all claims, demands, actions, suits, and causes of action (whether class, individual, or otherwise in nature) that any Releasors, or any one of them, ever had, now has, or hereafter can, shall or may have against the Releasees, whether known or unknown, which were or could have been alleged in this Action on behalf of the Class on a class-wide basis on account of or arising out of, resulting from or related in any respect to the alleged conspiracy or conspiracies to fix the prices of Passenger Air Transportation during the Class Period.  This release does not include any claims that are not related to those asserted in the Action.  The Releasors shall not, after the Effective Date, seek to recover against any of the Releasees for any of the Released Claims.

18.   "Releasors" means the Class Plaintiffs and the Class Members, and their successors, heirs, and assigns.

19.   "Released Defendant's Claims" means any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and unknown claims, that have been or could have been asserted

- 5 -

1    in the Action or any forum by Asiana or any of the Releasees or the successors

2    and assigns of any of them against any of the Class Plaintiffs, other Class

3    Members, or their attorneys, which arise out of or relate in any way to the

4    institution, prosecution, or settlement of the Action (except for claims to enforce

5    the Settlement).

6         20.    "Settlement Amount" means the aggregate amount of the Class

7    Cash Fund and the Class Coupon Fund.

8         21.    "Settlement Fund" means the Settlement Amount plus any interest

9    earned on that amount.

10        22.    "Taxes" means any sums due to be paid to governmental taxing

11   authorities from the Settlement Amount and the Notice and Administration

12   Costs Fund, including taxes, estimated taxes, interest, and penalties.

13        23.    "Tax Expenses" means any and all reasonable fees and costs due to

14   be paid to tax preparers, tax consultants, or others for determining the tax

15   liability of the Settlement Amount and the Notice and Administration Costs

16   Fund and otherwise assisting Class Counsel in carrying out their responsibilities

17   set forth in this Agreement.

18   **B.   Payment**

19        24.    The total amount of the Class Cash Fund and the Class Coupon

20   Fund is Twenty-One Million U.S. Dollars ($21,000,000 USD).

21        25.    Asiana shall deposit the Class Cash Fund on or before thirty (30)

22   days from the Execution Date into the Escrow Account established by Class

23   Counsel.

24        26.    Asiana shall make available on or before thirty (30) business days

25   from the Effective Date the equivalent of Ten Million U.S. Dollars

26   ($10,000,000 USD) in coupons for passenger flight tickets sold by Asiana.

27        a.    Each coupon shall be (i) designated with a unique identifier; (ii)

28            redeemable for a period no later than the third anniversary of the

- 6 -

issuance of the coupon to the Class Member (all coupons shall be issued on a single issuance date); (iii) transferable by the Class Member; (iv) subject to no "black-out" dates; and (v) not subject to a service or redemption charge of any kind. Each coupon may be redeemed toward any one-way or round-trip ticket for Passenger Air Transportation. A coupon cannot be used to purchase a ticket for a codeshare flight operated by Asiana but sold by another carrier. If warranted, a Class Member may receive more than one coupon.

b.   The monetary face amount of the coupons allotted will be based on the claims submitted or as otherwise provided in the proposed plan of allocation. Asiana and Class Counsel shall set the maximum coupon redemption value per ticket by mutual agreement. The claims administrator shall maintain a record of each coupon recipient, including the recipient's name and address, and provide a copy of the record to Asiana.

c.   The full value of any unexercised coupons shall be made available for a *cy pres* distribution, upon Court approval, to charitable organizations to be identified by Class Counsel, and shall be valid for an additional six (6) months upon issuance to the Court approved *cy pres* recipients. All such coupons shall be issued on a single issuance date.

d.   The conditions set forth in Paragraphs 26(a) and (b) except 26(a)(ii) shall apply to the *cy pres* distribution described in Paragraph 26(c).

e.   Class Counsel agrees Asiana and its counsel shall participate in the process for determining a proposed plan of allocation. The plan of allocation shall be subject to the approval of the Court.

**C.**    **Stipulation to Class Certification**

27.    Subject to the approval of the Court and for the purpose of this Agreement, the parties agree and stipulate to the certification of the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

28.    If the Court grants Defendants' Joint Motion to Dismiss Plaintiffs' Korea-Purchase Claims for Lack of Subject Matter Jurisdiction by the time of preliminary approval, the claims of any person or entity based on the purchase of Passenger Air Transportation on the airlines of Defendants, or any predecessor, subsidiary, or affiliate of each, or their agents, which the Court dismisses by granting Defendants' motion shall likewise be excluded from the Released Claims provided for by this Agreement and the definition of the Class as set forth in this Agreement shall be modified accordingly.

**D.**    **Approval of This Agreement, Notice, and Dismissal of Claims**

29.    Class Plaintiffs, Class Counsel, Asiana, and its counsel agree to use their best efforts to effectuate this Agreement, and shall cooperate promptly to seek and obtain both preliminary and final approval of this Agreement (including the giving of class notice under Federal Rule of Civil Procedure 23(c) and (e)) and to secure the complete and final dismissal with prejudice of this Action solely as to Asiana.

30.    On or before twenty-eight (28) days from the Execution Date or as soon thereafter as may be practicable, Class Plaintiffs shall submit a motion to the Court in this Action for preliminary approval of this Agreement and authorization to disseminate notice of the settlement to the Class and for a stay of all Class proceedings in this Action by or against Asiana, except for proceedings provided for, by, or in connection with this Agreement as set forth herein (the "Motion").  Except as provided in Paragraph 28 above, the Motion shall include (i) the definition of the Class as set forth in this Agreement; and (ii) a proposed form of, method for, and date of dissemination of notice to the

1   Class.  Except as otherwise provided in this Agreement, the text of the items

2   referenced in clauses (i) and (ii) of this Paragraph 30 shall be agreed upon by

3   the Class Plaintiffs and Asiana before submission of the Motion.

4           31.     Individual notice of the settlement shall be given to persons and

5   entities who may be identified through reasonable effort as potential members

6   of the Class, to the extent available.  Notice of the settlement and other forms of

7   notice are to be determined in joint consultation with the Claims Administrator

8   consistent with the requirements of Rule 23.

9           32.     On or before twenty (20) business days from the Execution Date,

10  Asiana shall deposit $60,000 into the Notice and Administration Costs Fund, a

11  second Escrow Account established by Class Counsel.  Additional contributions

12  to the Notice and Administration Costs Fund shall be made out of the Class

13  Cash Fund at the direction of Class Counsel on a non-recoupable basis.  The

14  Notice and Administration Costs Fund may be used by Class Counsel to pay

15  costs and expenses reasonably and actually incurred in connection with

16  providing notice to the Class, locating Class Members, processing Class claims,

17  assisting with the filing of claims, administering and distributing the Settlement

18  Fund to authorized claimants, processing Proof of Claim and Release forms, and

19  paying escrow fees and costs, if any.  If the Settlement is terminated in

20  accordance with its terms, only the balance, if any, of any unspent funds shall be

21  returned to Asiana, less any Taxes and Tax Expenses due, and after deducting

22  any costs and expenses incurred but not yet paid.

23          33.     Class Plaintiffs shall submit a motion for final approval of this

24  Agreement promptly after notice of the settlement hearing is given to the Class.

25  Asiana shall provide assistance, if necessary, including providing evidence of its

26  financial condition in support of settlement.  At the same time, Class Plaintiffs

27  shall seek entry of an Order and Final Judgment, in a form mutually agreeable

28  to the Class Plaintiffs and Asiana, which shall include the following findings

and provisions:

    a.    as to the Action, approving finally this Agreement and its terms as being a fair, reasonable, and adequate as to the Class within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation according to its terms;

    b.    providing that, as to Asiana, this Action be dismissed with prejudice and, except as otherwise provided in this Agreement, without costs;

    c.    notwithstanding the entry of the Order and Final Judgment, the Court shall retain exclusive and continuing jurisdiction over Class Plaintiffs, the Class Members, Asiana, and the Settlement Fund, for the purposes of effectuating and enforcing the settlement set forth in this Agreement and administrating the Settlement Fund; and

    d.    determining under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing that the judgment of dismissal as to Asiana shall be final and entered forthwith.

    34.    This Agreement shall become final only when: (i) the Court has entered a final judgment order approving this Agreement under Rule 23(e) of the Federal Rules of Civil Procedure and a final judgment dismissing the Action against Asiana on the merits and with prejudice (each side bearing their own costs) has been entered, and (ii) the time for appeal or to seek permission to appeal from the Court's approval of this Agreement and entry of a final judgment as described in clause (i) above has expired or, if appealed, approval of this Agreement and the final judgment has been affirmed in its entirety by the court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review ("Effective Date"). It is agreed that neither the provisions of Rule 60 of the Federal Rules of Civil

1    Procedure nor the All Writs Act, 28 U.S.C. § 1651, shall be taken into account

2    in determining the above-stated times.

3    **E.**      **Releases and Discharge**

4          35.    Upon the occurrence of the Effective Date and in consideration of

5    payments of the Settlement Amount, the Cooperation Agreement set forth in

6    Section J, and for other valuable consideration, the Releasees shall be

7    completely released, acquitted, and forever discharged from any and all

8    Released Claims as set forth in this Agreement.

9          36.    Upon the occurrence of the Effective Date, Asiana, on behalf of

10   itself, its heirs, executors, administrators, predecessors, successors and assigns,

11   and the other Releasees, shall completely release, acquit, and forever discharge

12   any and all Released Defendant's Claims, and shall forever be enjoined from

13   prosecuting the Released Defendant's Claims against Class Plaintiffs, all other

14   Class Members, and their counsel.

15         37.    Class Plaintiffs and Asiana waive California Civil Code Section

16   1542 ("Section 1542") and similar provisions in other states.  Class Plaintiffs

17   and Asiana hereby certify that they are aware of and have read and reviewed the

18   following provisions of Section 1542 : "A general release does not extend to

19   claims which the creditor does not know or suspect to exist in his favor at the

20   time of executing the release, which if known by him must have materially

21   affected his settlement with the debtor."  The provisions of the release set forth

22   above shall apply according to their terms, regardless of the provisions of

23   Section 1542 or any equivalent, similar, or comparable present or future law or

24   principle of law of any jurisdiction.  Class Plaintiffs and Asiana hereby

25   expressly waive and relinquish any and all rights and benefits existing under (a)

26   Section 1542 or any equivalent, similar, or comparable present or future law or

27   principle of law of any jurisdiction; and (b) any law or principle of law of any

28   jurisdiction that would limit or restrict the effect or scope of the provisions of

1   the release set forth above.

2   **F.**    <u>**Persons Requesting Exclusion and Right to Withdraw from Settlement**</u>

3       38.    Class Counsel or their designee shall cause copies of any requests

4   for exclusion from the Class to be sent to counsel for Asiana as they are

5   received.

6       39.    On or before five (5) business days after the end of the period to

7   request exclusion from the Class established by the Court and set forth in the

8   notices of settlement described in Paragraph 31 ("opt-out period"), Class

9   Counsel shall provide Asiana, through its counsel, with a written list of all

10  potential Class members who have timely exercised their rights to be excluded

11  from the Class.  Class Counsel and Asiana will then ascertain the total dollar

12  amount of U.S. sales of Passenger Air Transportation made during the Class

13  Period to those individuals or entities requesting exclusion from the Class (the

14  "opt-out amount").  In the event that the opt-out amount of U.S. purchases is

15  equal to or greater than ten percent (10%) of the total dollar amount of U.S.

16  sales of Passenger Air Transportation made by Defendants during the Class

17  Period, then Asiana may in its discretion elect to withdraw from this Agreement

18  by providing written notice to Class Counsel on or before ten (10) business days

19  from receipt of the list of opt-outs.

20      40.    Class Counsel shall, on or before five (5) business days from

21  receipt of the notice of withdrawal from Asiana, provide Asiana with written

22  notice of any challenge by Class Plaintiffs to Asiana's claim of entitlement to

23  withdraw from the Settlement Agreement.  In the event the parties are unable to

24  agree upon the opt-out amount, they shall submit the issue to the Court for

25  decision, and the Court's decision will be final, binding, and unappealable.

26  **G.**    <u>**The Settlement Fund**</u>

27      41.    Payment into the Escrow Accounts shall, when made, be invested

28  in short-term United States Agency or Treasury Securities (or a mutual fund

1  invested solely in such instruments), or in a fully U.S. Government-insured
2  account.  Any interest earned thereon shall be collected and reinvested and shall
3  become part of the Class Cash Fund or the Notice and Administration Costs
4  Fund, respectively.  Any sums required to be held in escrow hereunder before
5  the Effective Date shall be held by Class Counsel as Escrow Agents for the
6  Escrow Accounts.  All funds held by the Escrow Agents shall be deemed to be
7  in the custody of the Court and shall remain subject to the jurisdiction of the
8  Court until such time as the funds shall be distributed or returned to the persons
9  paying the same pursuant to this Agreement and/or further order of the Court.
10  The parties hereto agree that the Escrow Accounts are intended to be a Qualified
11  Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and
12  shall be treated as a Qualified Settlement Fund from the earliest date possible,
13  and agree to any relation-back election required to treat the Escrow Accounts as
14  a Qualified Settlement Fund from the earliest date possible.  Counsel for Asiana
15  agree to provide promptly to the Escrow Agents the statement described in
16  Treasury Regulation § 1.468B-3(e).
17        42.    Class Counsel shall be reimbursed and paid solely out of the Class
18  Cash Fund for all expenses including, but not limited to, attorneys' fees and
19  related costs.  Following Final Approval and subject to Court approval, a
20  portion of the Settlement Fund may be withdrawn to defray the costs of
21  prosecuting claims against the non-settling Defendant(s).
22  **H.    <u>Termination</u>**
23        43.    If the Court presiding over this Action declines to approve the
24  Settlement Agreement without modification, or does not enter a Final Judgment
25  in this Action as to the claims against Asiana, or if such Final Judgment is
26  entered in this Action and appellate review is sought and, on such review, such
27  Final Judgment is modified or set aside on appeal, Asiana and Class Plaintiffs
28  each shall, in their sole discretion, have the option to terminate this Agreement

- 13 -

1    in its entirety.  If either party terminates, any and all amounts then constituting

2    the Settlement Fund and the Notice and Administration Costs Fund shall be

3    returned forthwith to Asiana, less only such disbursements that have been

4    properly made, or incurred, or are due and payable, in accordance with this

5    Agreement, which includes, but is not limited to, any costs of administration

6    and claim notice paid or incurred and paid or payable from the Notice and

7    Administration Costs Fund and any Taxes and Tax Expenses due with respect to

8    the Settlement Fund or the Notice and Administration Costs Fund.  No amounts

9    paid or incurred for costs of administration and class notice shall be recoupable

10   by Asiana.

11          44.    A modification or reversal on appeal of any amount of attorneys'

12   fees or expenses awarded by the Court or of any plan of allocation of settlement

13   proceeds among Class Members in this Action shall not be deemed a

14   modification of this Agreement or of a Final Judgment in this Action.

15          45.    Asiana and Class Plaintiffs expressly reserve all of their respective

16   rights to the extent that the Agreement does not become effective or if it is

17   terminated by either party pursuant to this Agreement.

18   **I.**    **Taxes and Tax Expenses**

19          46.    Class Counsel or their designee shall be solely responsible for

20   filing all informational and other tax returns necessary to report any taxable

21   income earned by the Settlement Fund and shall file all informational and other

22   tax returns necessary to report any income earned by the Settlement Fund and

23   pay any Taxes due thereon out of the Class Cash Fund, as and when legally

24   required including interest and penalties due on income earned by the

25   Settlement Fund.  Class Counsel shall be entitled to pay customary and

26   reasonable Tax Expenses, including professional fees and expenses incurred in

27   connection with carrying out their responsibilities as set forth in this Paragraph

28   from the Class Fund.  Asiana shall have no responsibility to make any tax

1    filings relating to this Agreement or the Settlement Fund or to pay any taxes

2    with respect thereto.

3  **J.    Cooperation Agreement**

4         47.   Upon execution of this Agreement, Asiana shall begin cooperating

5    with Class Counsel with respect to discovery in this Action, as set forth in this

6    Paragraph, and shall provide assistance to Class Counsel in seeking to secure

7    evidentiary materials from third parties.

8              a.    On or before sixty (60) to one hundred twenty (120) days from

9                    the Execution Date, Asiana shall produce to Class Counsel

10                   electronic transactional data for Passenger Air Transportation

11                   sales by Asiana, and data regarding costs associated with those

12                   sales, during the Class Period and for the following periods

13                   before and after the Class Period:  January 1, 1998 through

14                   December 31, 1999 and from August 2, 2007 through December

15                   31, 2009; if reasonably available.  In connection with the

16                   production of these data, Asiana, at Class Counsel's election,

17                   shall make available the relevant personnel, at reasonable and

18                   mutually agreed upon times, to assist Class Counsel in

19                   understanding, interpreting, and using such data.

20             b.    On or before thirty (30) days from the Execution Date or at

21                   another mutually specified and agreeable time, Asiana agrees to

22                   meet with Class Counsel to identify documents, people, and

23                   entities, relating to the claims alleged, or which may be alleged,

24                   in this Action, including the conduct and potential culpability of

25                   Korean Air and any unnamed co-conspirators, the impact of the

26                   conduct, and any damages arising from the conduct.

27       48.   Promptly following preliminary approval of this Agreement:

28             a.    Asiana shall produce all documents provided to any grand jury,

- 15 -

1   the United States Department of Justice, the Korea Fair Trade

2   Commission, the European Commission, or any other state,

3   federal, or international governmental or administrative agency,

4   without geographic limitation, concerning the antitrust

5   violations alleged in this Action, or which may be alleged,

6   including any white papers, any witness statements, transcripts

7   of any statements whether or not made under oath, chronologies,

8   or other materials provided to any of the foregoing.

9   b.   Asiana shall produce additional data and documents, if

10   reasonably related to Plaintiffs' prosecution of this Action to the

11   extent reasonably available.  Asiana shall provide information

12   and produce documents within its possession, custody, or

13   control relating to the claims alleged, or which may be alleged,

14   in this Action, including without limitation the dates, locations,

15   and participants in meetings or communications between

16   competitors, and the substance of those communications.

17   Asiana also will provide other information and documents

18   within its possession, custody, or control regarding the potential

19   culpability of Asiana, Korean Air and any unnamed co-

20   conspirators in this Action, except for documents or information

21   subject to the attorney-client privilege or joint defense privilege

22   and for documents subject to the attorney work product doctrine.

23   For each document created by Asiana in the ordinary course of

24   business, withheld in whole or in part, Asiana shall, at Class

25   Counsel's election, produce a privilege log similar to the

26   Supplemental Amended Privilege and Redaction Log it

27   produced on May 25, 2010 in this Action.

28

49.     Commencing on or before 35 days from the final date of the opt-out period:

      a.    Asiana shall make Asiana's counsel available for interviews at a mutually agreeable time and place.

      b.    Asiana shall use its best efforts to make available in Los Angeles, California, upon reasonable notice, current directors, officers, and employees of Asiana who are believed to have knowledge of the antitrust violations alleged, or which may be alleged, in this Action for interviews, the preparation of declarations, affidavits, and providing testimony at depositions and trial.  As to former directors, officers, and employees, Asiana shall use its best efforts to make such individuals available for interviews, depositions, and trial testimony under the same conditions as current directors, officers, and employees of Asiana.  Any witness made available to be interviewed or to testify at deposition pursuant to this subpart shall be made available by Asiana at a mutually agreeable time and place.  The refusal of any current or former director, officer, or employee to provide information to Class Counsel because of a good faith belief that he or she has potential criminal exposure shall not constitute a violation of this Agreement either by Asiana or that individual.

      c.    Asiana shall produce at trial and deposition, or through acceptable affidavits, declarations, or other testimony, representatives qualified to establish for admission into evidence data and any documents or other evidence provided by Asiana consistent with the Federal Rules of Evidence.

1    50.    Nothing in this Agreement shall require Asiana or any of its

2    present, former, or future officers, directors, or employees to provide any

3    information or documents subject to any privilege or protection from discovery

4    based upon the work product doctrine, attorney client privilege, Fifth

5    Amendment privilege (if based on a good faith belief that he or she has potential

6    criminal exposure), or a court order of non-disclosure, or to violate any

7    provision of law, nor shall these privileges be deemed waived.  For each

8    document created by Asiana in the ordinary course of business, withheld in

9    whole or in part, Asiana shall, at Class Counsel's election, produce a privilege

10   log similar to the Supplemental Amended Privilege and Redaction Log it

11   produced on May 25, 2010 in this Action.

12   51.    On or before 20 business days following (i) a reasonable

13   determination by Asiana that preliminary approval or final approval will not be

14   obtained in this Action, or (ii) pursuant to termination as set forth in Paragraph

15   43, Class Plaintiffs shall, if requested by Asiana to do so, return to Asiana or

16   destroy, and provide Asiana with a written certification by Class Counsel of

17   such destruction, all documents or other materials provided to the Class

18   Plaintiffs by Asiana pursuant to Section J or containing information derived

19   from such documents or other materials, unless otherwise discoverable.  Class

20   Plaintiffs shall destroy, in lieu of returning, any of their work product created

21   from documents, other materials, or information provided pursuant to the

22   Cooperation Agreement described in Section J.

23   52.    All information and documents provided by Asiana or any of its

24   present, former, or future officers, directors, or employees to Class Counsel

25   shall be used only in connection with this Action and shall not be used directly

26   or indirectly for any other purpose.

27   53.    Documents or information provided to Class Counsel pursuant to

28   this Agreement shall not be disclosed to or shared with any Class Member who

- 18 -

1   opt outs of this Agreement or counsel to any opt-out unless otherwise properly

2   discoverable.

3       54.    Asiana shall have the right to designate any information or

4   materials in accordance with the protective order in this Action.

5   **K.**    **Additional Provisions**

6       55.    This Agreement does not settle or compromise any claim by the

7   Class Plaintiffs or any Class Member asserted in this Action against any

8   Defendant or alleged co-conspirator other than the Releasees.  All rights of the

9   Class Plaintiffs and any Class Member against Korean Air, other alleged co-

10  conspirators or any other person or entity other than the Releasees are

11  specifically reserved by the Class Plaintiffs and the Class Members, and such

12  rights continue to exist even if Korean Air or any alleged co-conspirator

13  acquires all or part of Asiana, or engages in any transaction, directly or

14  indirectly, through a parent, subsidiary, affiliate or otherwise, such that it might

15  otherwise become a Releasee.  Asiana's sale of Passenger Transportation

16  Services shall remain in this Action as a basis for damage claims against Korean

17  Air and shall be part of any joint and several liability claims against Korean Air

18  or other persons or entities other than the Releasees.

19      56.    Asiana warrants, as to the payments made by or on behalf of it, at

20  the time of such payment that the Defendant made or caused to be made

21  pursuant to Paragraphs 25, 26, and 32 above, it was not insolvent, nor did nor

22  will the payment required to be made by or on behalf of it render Asiana

23  insolvent, within the meaning of and/or for the purposes of the United States

24  Bankruptcy Code, including §§ 101 and 547 thereof, or the insolvency laws of

25  the Republic of Korea.  This warranty is made by Asiana and not by Asiana's

26  Counsel.

27      57.    If a case is commenced in respect of Asiana (or any insurer

28  contributing funds to the Class Cash Fund on behalf of Asiana) under Title 11

- 19 -

of the United States Code (Bankruptcy), or a trustee, receiver, conservator, or other fiduciary is appointed under any similar law (including in the Republic of Korea), and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer to the Settlement Fund or any portion thereof by or on behalf of Asiana to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited to the Settlement Fund by others, then, at the election of Class Counsel, the parties shall jointly move the Court to vacate and set aside the releases given and Judgment entered in favor of the Releasees pursuant to this Agreement, which releases and Judgment shall be null and void, and the parties shall be restored to their respective positions in the litigation immediately prior to the execution of this Agreement and any cash amounts in the Settlement Fund and the Notice and Administration Costs Fund shall be returned as provided in Paragraph 43 above.

58.     This Agreement constitutes the entire agreement among Class Plaintiffs and Asiana pertaining to the settlement of this Action against Asiana only and supersedes any and all prior and contemporaneous undertakings of Class Plaintiffs and Asiana in connection therewith.  This Agreement may be modified or amended only by a writing executed by Class Plaintiffs and Asiana and approved by the Court.

59.     This Agreement may be executed in counterparts by Asiana and Class Plaintiffs, and a facsimile or .pdf signature shall be deemed an original signature for purposes of executing this Agreement.

60.     The Parties represent and warrant that they are authorized to enter into this Agreement, on their own behalf and on behalf of their subsidiaries and affiliated entities, and that they intend the Agreement to be a valid and binding obligation, enforceable in accordance with its terms.

61.     The signatories to this Agreement represent and warrant that they

1   have the authority to bind the Parties on whose behalf they are signing, and their

2   subsidiaries and affiliated entities.

3

4   July ___30___, 2010

5

6   _Marc M. Seltzer_

7

8   MARC M. SELTZER
    SUSMAN GODFREY L.L.P.
9   1901 Avenue of the Stars, Suite 950
    Los Angeles, CA 90067

10

11

12

13

14   July _____, 2010                     July ___30___, 2010

15

16

17   _____                  _____

18   SUSAN G. KUPFER                        JEFF S. WESTERMAN
     GLANCY BINKOW                          MILBERG LLP
19     & GOLDBERG LLP                       One California Plaza
     One Embarcadero Center, Suite 760      300 South Grand Ave., Suite 3900
20   San Francisco, CA 94111                Los Angeles, CA 90071
                                            Telephone: (213) 617-1200
21                                          Facsimile: (213) 617-1975

22   Co-Lead Counsel For Plaintiffs

23

24

25

26

27

28

- 21 -

1   have the authority to bind the Parties on whose behalf they are signing, and their

2   subsidiaries and affiliated entities.

3

4   July _____, 2010

5

6   _____

7

8   MARC M. SELTZER
    SUSMAN GODFREY L.L.P.

9   1901 Avenue of the Stars, Suite 950
    Los Angeles, CA 90067

10

11

12

13

14   July ___30___, 2010                    July _____, 2010

15

16   _____      _____

17

18   SUSAN G. KUPFER                        JEFF S. WESTERMAN
    GLANCY BINKOW                          MILBERG LLP

19     & GOLDBERG LLP                       One California Plaza
    One Embarcadero Center, Suite 760      300 South Grand Ave., Suite 3900

20   San Francisco, CA 94111                Los Angeles, CA 90071
                                           Telephone: (213) 617-1200

21   Co-Lead Counsel For Plaintiffs        Facsimile: (213) 617-1975

22

23

24

25

26                                                                    -

27

28

July _**30**_ , 2010

_____
Ian Simmons
O'MELVENY & MYERS LLP
1625 Eye Street
Washington, DC  20006

Attorneys for Defendant
ASIANA AIRLINES, INC.

July _**30**_ , 2010

_____
Mi-Hyung Kim

Corporate Representative for Defendant
ASIANA AIRLINES, INC.

- 22 -

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No.: 09-CR-00099 JDB |
|  | ) |  |
| v. | ) | SENTENCING |
|  | ) | MEMORANDUM BY THE |
| ASIANA AIRLINES, INC., | ) | UNITED STATES |
|  | ) |  |
| Defendant. | ) |  |
| _____ | ) | Date/Time: May 5, 2009 at 9:45 a.m. |

The United States hereby files this Sentencing Memorandum in support of its recommendation that the Court sentence defendant Asiana Airlines, Inc. ("Asiana") to pay a criminal fine of $50 million, payable in agreed installments, without interest, over five years.

## I.  INTRODUCTION

On April 9, 2009, the United States filed an Information charging Asiana with two counts of violating the Sherman Antitrust Act, 15 U.S.C. § 1.  Asiana is scheduled to enter a plea and to be sentenced on May 5, 2009, at 9:45 a.m.  Asiana will waive indictment and plead guilty under Fed. R. Crim. P. 11(c)(1)(C).

The United States submits this memorandum to provide additional support for the recommended fine of $50 million.  If the Court finds that the Plea Agreement[1] and this memorandum do not provide sufficient information to allow for the imposition of sentence on the scheduled date of the plea hearing, the United States is prepared to submit additional information

---

[1]  A courtesy copy of the Plea Agreement was provided to the Court on April 14, 2009.

1

requested by the Court.  The parties will file the executed Plea Agreement at sentencing.

## II.  MATERIAL TERMS OF THE ASIANA PLEA AGREEMENT

The material terms of the Asiana Plea Agreement include:

1.        Asiana will waive indictment, waive all rights as enumerated in the Plea Agreement, and plead guilty under Fed. R. Crim. P. 11(c)(1)(C) to a two-count Information. Count One of the Information charges Asiana with participating in a combination and conspiracy to suppress and eliminate competition by fixing the cargo rates charged for international air shipments, including to and from the United States, from at least as early as January 1, 2000 until at least February 14, 2006, in violation of 15 U.S.C. § 1.  Count Two of the Information charges Asiana with participating in a combination and conspiracy to suppress and eliminate competition by fixing wholesale and passenger fares charged for flights from the United States to Korea, from at least as early as January 1, 2000 until at least July 16, 2006, in violation of 15 U.S.C. § 1. During the relevant period, Asiana was engaged in the sale of air cargo and passenger transportation services in the United States and elsewhere and employed more than 5,000 employees company-wide.  During the relevant period, Asiana's sale of air cargo services originating in the United States may have totaled as much as $230 million and its sales of all classes of economy class passenger tickets to passengers and to travel agents for flights from the United States to Korea may have totaled as much as $300 million.

2.        The United States and Asiana agree that the appropriate sentence in this case is a fine of $50 million, a special assessment of $400 per count, and no term of probation.  The fine is to be paid in installments over five years, with no interest, as enumerated in the Plea Agreement. The first installment of $4 million will be paid within 30 days of imposition of sentence.  Asiana agrees to have its sentence determined under the United States Sentencing Guidelines ("U.S.S.G."

2

or "Guidelines"), although Asiana understands the Guidelines are advisory, not mandatory.

3.      The parties agree that the recommended fine of $50 million is appropriate, pursuant to U.S.S.G. §8C3.3(a) and (b), due to Asiana's inability to pay a greater fine without substantially jeopardizing its continued viability, even with the use of a reasonable installment schedule.

4.      The United States will not seek restitution in this case in light of the civil class action cases filed against Asiana, which each potentially provide for a recovery of a multiple of actual damages, as well as its inability to pay a Guidelines fine without substantially jeopardizing its continued viability.

5.      The United States agrees that it will not bring further criminal charges against Asiana and its current and former officers, directors, and employees (except for the individuals specifically excluded from the Plea Agreement and potentially subject to charges) for their participation in the air cargo and passenger conspiracies.  In return, Asiana and its executives agree to cooperate fully in the ongoing Air Transportation investigation.  Asiana will produce documents and proffer information for use by attorneys and agents for the United States. Moreover, Asiana will make executives available in the United States for interviews and produce documents located outside the United States.

3

### III.  UNITED STATES SENTENCING GUIDELINES CALCULATIONS

The following Guidelines calculations assume sales by Asiana of air cargo services originating in the United States during the relevant period of $230 million and sales of all classes of economy class passenger tickets to passengers and to travel agents for flights from the United States to Korea of $300 million:[2]

| | | | |
|---|---|---|---|
| 1. | Base Fine (20% of $530 million[3]) (Volume of Affected Commerce) (§§2R1.1(d)(1) & 8C2.4(b)) | | $106 million |
| 2. | Culpability Score | | |
| | I. | Base (§8C2.5(a)) | 5 |
| | ii. | Involvement in or Tolerance of Criminal Activity (§8C2.5(b)(1)(A)(I)) | 5 |
| | iii. | Prior History (§8C2.5(c)) | 0 |
| | iv. | Violation of Order (§8C2.5(d)) | 0 |
| | v. | Obstruction of Justice (§8C2.5(e)) | 0 |
| | vi. | Effective Program to Prevent and Detect Violations of Law (§8C2.5(f)) | 0 |
| | vii. | Self-Reporting, Cooperation, and Acceptance of Responsibility (§8C2.5(g)(2)) | -2 |
| 3. | Total Culpability Score | | 8 |
| 4. | Minimum and Maximum Multipliers (§8C2.6) | | 1.6 - 3.2 |

---

[2]  Because the United States and Asiana entered into fine negotiations only after Asiana made a prima facie showing of its inability to pay a Guidelines fine, the parties did not endeavor to reach agreement on the precise volume of commerce affected by Asiana's conduct.

[3]  Pursuant to U.S.S.G. §§3D1.2(d), 3D1.3(b) and 8C2.3(b), the volumes of affected commerce for the two Counts are grouped.

| 5. | Minimum and Maximum Fine Range (§8C2.7) | $169.6 - 339.2 million |
|---|---|---|
| 6. | Total Fine Based on U.S.S.G. §8C3.3(a) & (b) | $50 million |

## IV.  ASIANA'S ABILITY TO PAY

The United States's investigation of the Air Cargo industry became public knowledge on February 14, 2006, when several carriers were searched, pursuant to warrant, by the Federal Bureau of Investigation.  Asiana was not among the companies that began to cooperate with the United States during the early stages of the investigation.  However, Asiana eventually acknowledged its participation in conduct that violated the Sherman Antitrust Act and agreed to plead guilty and accept responsibility for that conduct, subject to reaching a fine that it could afford to pay.

In calculating the potential Guidelines fine in this case, the United States utilized the same procedure as in the related cases that have come before this Court.  Asiana was required to make a prima facie showing of its inability to pay a Guidelines fine before the United States would agree to consider a resolution pursuant to U.S.S.G. §8C3.3(a)-(b).  Asiana made the requisite showing through two expert witnesses, and the United States retained Dale Zuehls of Consulting Sciences, Inc., a forensic accounting expert, to conduct an independent analysis.[4]  During that process, which took several months, Asiana was required to produce extensive financial information, make multiple expert presentations, answer questions propounded by Mr. Zuehls, and make its Vice President of Strategic Planning available in the U.S. for questioning by the United States and Mr. Zuehls.

---

[4] Mr. Zuehls has performed the other ability-to-pay evaluations in this investigation and has done similar analyses for the Antitrust Division in other investigations.

5

After undertaking his analysis, Mr. Zuehls concluded that Asiana was unable to pay a Guidelines fine.  In doing so, he considered, among other factors, Asiana's financial performance over the past five years, its debt burden and repayment obligations, and its reasonably expected financial performance over the next five years in light of the current economic environment, projected fuel prices, and projected exchange rates.  On the basis of this analysis, Mr. Zuehls concluded that the most Asiana could afford to pay without substantially jeopardizing its continued viability was $50 million, which Asiana has agreed to pay to resolve its criminal liability.

## V.  CONCLUSION

Based on the foregoing, the United States respectfully requests that the Court accept the parties' recommendation of a criminal fine of $50 million in this matter.

DATED: April 21, 2009

Respectfully submitted,


BY:        _____/s/_____
           Mark Rosman, Assistant Chief
           Brent Snyder, Trial Attorney
           Mark Grundvig, Trial Attorney
           Kathryn Hellings, Trial Attorney
           Elizabeth Aloi, Trial Attorney
           Nancy H. McMillen, Trial Attorney
           U.S. Department of Justice
           Antitrust Division
           450 Fifth Street, N.W., Suite 11300
           Washington, D.C. 20530
           Tel.: (202) 307-6694
           Fax: (202) 514-6525

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 21st day of April 2009, the foregoing Sentencing Memorandum by the United States was filed electronically and to the best of my knowledge, information and belief, counsel for defendant Asiana Airlines, Inc. will be notified through the Electronic Case Filing System.

DATED: April 21, 2009 at Washington, D.C.

                               /s/
                           Brent Snyder

7

# EXHIBIT 3

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 09-00099 JDB |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ASIANA AIRLINES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## UNOPPOSED PETITION OF THE UNITED STATES PURSUANT TO 18 U.S.C. § 3573 FOR MODIFICATION OF FINE IMPOSED ON DEFENDANT

The United States petitions this Court for an Order modifying the payment schedule of the fine imposed on defendant Asiana Airlines, Inc. ("Asiana"), to give Asiana a one-year deferment from paying the final five installments on its fine.

## BACKGROUND

On May 5, 2009, Asiana pleaded guilty to violating 15 U.S.C. § 1 and was sentenced to pay a fine of $50 million and a special assessment of $400 per count in connection with the Air Transportation antitrust investigation. The fine imposed by the Court was below the applicable Guidelines fine range based on Asiana's inability to pay a Guidelines fine without substantially jeopardizing its continued viability. The fine was payable in six installments over a five-year term. Asiana has made one timely payment totaling $4 million and has remaining payments of $4 million, $8 million, $14 million, $10 million, and $10 million. Asiana's next fine payment of $4 million is

due on May 5, 2010, and the final four payments are due, respectively, on May 5, 2011, May 5, 2012, May 5, 2013, and May 5, 2014.

**ASIANA'S FINANCIAL CONDITION AND THE NEED
FOR MODIFICATION OF THE FINE**

In 2010, Asiana asked the United States to reassess its ability to make the remaining installment payments, as currently scheduled, based on the current economic downturn, its affect on Asiana's performance in 2009, and the continuation of that effect in 2010.  In response to Asiana's request for relief, the United States retained Dale Zuehls, a financial analyst and accountant who had previously assessed Asiana's ability to pay a Guidelines fine in connection with the company's Plea Agreement.[1]  The United States requested that Zuehls evaluate Asiana's ability to pay its remaining criminal fine on the existing payment schedule.  Zuehls has conducted a thorough review of Asiana's financial situation, including an assessment of financial information such as Asiana's financial statements and other detailed financial and market information about the company.

Zuehls has concluded, based on the depressed condition of the entire Air Transportation industry due to the current economic crisis, on Asiana's performance over the past year, and on Asiana's current financial condition, that Asiana will not be able to make its May 5, 2010 installment payment without substantially jeopardizing its continued viability.

The United States has concluded that it is in the interest of justice to petition the Court for a

---

[1]  The United States has used Zuehls in this investigation to assess whether a number of other carriers had the ability to pay Guidelines fines, including Nippon Cargo Airlines, Japan Airlines, and Cargolux.  As a result of his prior work on this investigation, Zuehls is very familiar not only with the industry generally but also the impact that the current economic downturn is having on carriers.

2

deferment.  Under these circumstances, such modification is permissible under the provision of 18 U.S.C. § 3573(2), which provides in pertinent part as follows: "Upon petition of the Government showing that reasonable efforts to collect a fine or assessment are not likely to be effective, the court may, in the interest of justice . . . defer payment of the fine or special assessment to a date certain or pursuant to an installment schedule."

## THE FINE DEFERMENT AGREEMENT

The United States' proposed Order sets forth the following restructuring of Asiana's fine payments:

1.  Asiana's May 5, 2010 installment payment of $4 million shall be deferred for one year and be due on May 5, 2011;

2.   Asiana's May 5, 2011 installment payment of $8 million shall be deferred for one year and be due on May 5, 2012;

3.  Asiana's May 5, 2012 installment payment of $14 million shall be deferred for one year and be due on May 5, 2013;

4.  Asiana's May 5, 2013 installment payment of $10 million shall be deferred for one year and be due on May 5, 2014; and

5.  Asiana's May 5, 2014 installment payment of $10 million shall be deferred for one year and be due on May 5, 2015.

Asiana has agreed to the United States' fine restructuring proposal set forth in this Petition.

DATED: April 26, 2010

Respectfully submitted,

BY: _____/s/ Brent Snyder_____

.        Mark R. Rosman, Assistant Chief
         Brent Snyder, Trial Attorney
         Mark C. Grundvig, Trial Attorney
.        Kathryn M. Hellings, Trial Attorney
         U.S. Department of Justice
        Antitrust Division
         450 Fifth Street, N.W.
         Suite 11300
         Washington, D.C. 20530
         Tel.: (202) 307-6694
         Fax: (202) 514-6525

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No.   09-00099 JDB |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ASIANA AIRLINES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DECLARATION OF BRENT SNYDER IN SUPPORT OF
UNOPPOSED PETITION OF THE UNITED STATES PURSUANT TO 18 U.S.C. § 3573
FOR MODIFICATION OF FINE IMPOSED ON DEFENDANT**

I, Brent Snyder, hereby declare as follows:

1.        I am attorney admitted to practice before this Court and am a Trial Attorney with

the U.S. Department of Justice, Antitrust Division in Washington, D.C.  I am one of the attorneys

who prosecuted Asiana Airlines, Inc. ("Asiana") for violating 15 U.S.C. § 1.  I have personal

knowledge of the matters set forth in this Declaration and, if called as a witness, could and would

testify competently thereto.

2.        On May 5, 2009, Asiana pleaded guilty to one count of violating 15 U.S.C. § 1 and

was sentenced to pay a fine of $50 million and a special assessment of $400 per count in

connection with the Antitrust Division's Air Transportation investigation.  The fine was below the

applicable United States Sentencing Guidelines based on Asiana's inability to pay a Guidelines

fine without substantially jeopardizing its continued viability.  The fine was payable in six installments over a five-year period.  Asiana has made one timely payment totaling $4 million and has remaining payments of $4 million, $8 million, $14 million, $10 million, and $10 million.  Asiana's next fine payment of $4 million is due on May 5, 2010, and the final four payments are due, respectively, on May 5, 2011, May 5, 2012, May 5, 2013, and May 5, 2014.

3.      In 2010, Asiana informed the United States that the current economic downturn had severely impacted its financial condition and, as a result, its ability to make continued installment fine payments.  In response to Asiana's request for relief, the United States retained Dale Zuehls, a financial analyst and accountant who had assessed Asiana's ability to pay a Guidelines fine in connection with Asiana's Plea Agreement, to determine whether Asiana's next installment payment, due on May 5, 2010, should be deferred.  The United States had previously retained Mr. Zuehls to assess whether several other carriers had the ability to pay Guidelines fines in connection with this investigation, and, in addition to Asiana, he had performed ability-to-pay analyses for Nippon Cargo Airlines, Japan Airlines, and Cargolux.  As a result, Mr. Zuehls is familiar with the industry, the current struggles of carriers generally, and the impact of the current economic downturn on Korea.

4.      The United States requested that Mr. Zuehls evaluate Asiana's ability to pay its criminal fine on the existing payment schedule.  Mr. Zuehls has conducted a thorough review of Asiana's financial situation, including an assessment of financial information such as Asiana's most recent financial statements and other detailed financial and market information about the company.

5.      Mr. Zuehls has concluded, based on the depressed condition of the entire Air

6

Transportation industry due to the current economic crisis, on the same economic conditions in Korea that were important to his prior analysis of Asiana's ability to pay, on Asiana's performance over the past year, and on Asiana's current financial condition, that Asiana will not be able to make its May 5, 2010 installment payment without substantially jeopardizing its continued viability.

      6.     The United States has concluded that it is in the interest of justice to petition the Court for a deferment to improve the likelihood that Asiana will remain competitively viable and ultimately pay the criminal fine imposed by this Court.

      7.     Asiana's counsel has informed the United States that it supports the installment payment modification being sought by the United States.

     I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

     Executed this 26th day of April, 2010 at Washington, D.C.


                            _____/s/_____
                            Brent Snyder

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 09-00099 JDB |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ASIANA AIRLINES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**[PROPOSED] ORDER GRANTING UNOPPOSED PETITION OF THE UNITED STATES PURSUANT TO 18 U.S.C. § 3573 FOR MODIFICATION OF FINE IMPOSED ON DEFENDANT**

Upon consideration of the Petition of the United States Pursuant to 18 U.S.C. § 3573 for Modification of Fine Imposed on Defendant in the above captioned case, it is hereby ORDERED that:

1. Defendant's May 5, 2010 installment payment of $4 million shall be deferred for one year and be due on May 5, 2011;

2. Defendant's May 5, 2011 installment payment of $8 million shall be deferred for one year and be due on May 5, 2012;

3. Defendant's May 5, 2012 installment payment of $14 million shall be deferred for one year and be due on May 5, 2013;

4. Defendant's May 5, 2013 installment payment of $10 million shall be deferred for one year and be due on May 5, 2014; and

1

5.     Defendant's May 5, 2014 installment payment of $10 million shall be deferred for

one year and be due on May 5, 2015.


IT IS SO ORDERED.


Dated: _____, 2010


_____
Hon. John D. Bates
Judge of the United States District Court

2

CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of April 2010, the following documents were filed

electronically and to the best of my knowledge, information and belief, counsel for defendant

Asiana Airlines, Inc. will be notified through the Electronic Case Filing System:

UNOPPOSED PETITION OF THE UNITED STATES PURSUANT TO 18 U.S.C. § 3573 FOR
MODIFICATION OF FINE IMPOSED ON DEFENDANT

DECLARATION OF BRENT SNYDER IN SUPPORT OF UNOPPOSED PETITION OF THE
UNITED STATES PURSUANT TO 18 U.S.C. § 3573 FOR MODIFICATION OF FINE
IMPOSED ON DEFENDANT

[PROPOSED] ORDER GRANTING UNOPPOSED PETITION OF THE UNITED STATES
PURSUANT TO 18 U.S.C. § 3573 FOR MODIFICATION OF FINE IMPOSED ON
DEFENDANT

DATED: April 26, 2010 at Washington, D.C.

_____/s/_____
Brent Snyder

3

# EXHIBIT 4

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No.  09-00099 JDB |
| | ) | |
| v. | ) | **FILED** |
| | ) | |
| ASIANA AIRLINES, INC., | ) | APR 2 7 2010 |
| | ) | |
| Defendant. | ) | Clerk, U.S. District and |
| | ) | Bankruptcy Courts |

## ORDER GRANTING UNOPPOSED PETITION OF THE UNITED STATES PURSUANT TO 18 U.S.C. § 3573 FOR MODIFICATION OF FINE IMPOSED ON DEFENDANT

Upon consideration of the Petition of the United States Pursuant to 18 U.S.C. § 3573 for Modification of Fine Imposed on Defendant in the above captioned case, it is hereby ORDERED that:

1. Defendant's May 5, 2010 installment payment of $4 million shall be deferred for one year and be due on May 5, 2011;

2. Defendant's May 5, 2011 installment payment of $8 million shall be deferred for one year and be due on May 5, 2012;

3. Defendant's May 5, 2012 installment payment of $14 million shall be deferred for one year and be due on May 5, 2013;

4. Defendant's May 5, 2013 installment payment of $10 million shall be deferred for one year and be due on May 5, 2014; and

1

5.  Defendant's May 5, 2014 installment payment of $10 million shall be deferred for
    one year and be due on May 5, 2015.

IT IS SO ORDERED.

Dated: _Apr ) 27_, 2010

_____

Hon. John D. Bates
Judge of the United States District Court

2