MILBERG LLP
JEFF S. WESTERMAN
jwesterman@milberg.com
One California Plaza
300 South Grand Ave., Suite 3900
Los Angeles, CA  90071
Telephone: (213) 617-1200
Facsimile:  (213) 617-1975

GLANCY BINKOW & GOLDBERG LLP
SUSAN G. KUPFER
skupfer@glancylaw.com
One Embarcadero Center, Suite 760
San Francisco, CA  94111
Telephone: (415) 972-8160
Facsimile:  (415) 972-8166

SUSMAN GODFREY L.L.P.
MARC M. SELTZER
mseltzer@susmangodfrey.com
1901 Avenue of the Stars, Suite 950
Los Angeles, CA  90067
Telephone: (310) 789-3100
Facsimile:  (310) 789-3150

Plaintiffs' Interim Co-Lead Counsel

(See Signature Page for Additional Counsel)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| In re KOREAN AIR LINES CO., LTD. ANTITRUST LITIGATION | MDL No. 1891<br>Master File No. CV 07-05107 SJO (AGRx) |
| This Document Relates To:<br><br>All Actions | **JOINT REPORT REGARDING STATUS CONFERENCE**<br><br>Date:    January 5, 2011<br>Time:    2:00 p.m.<br>Place:   Courtroom of the Hon. S. James Otero |

DB1/66299233.1
1400971v1/010438

## PLAINTIFFS' STATEMENT

Plaintiffs have requested a status conference to discuss with the Court a proposed revised case schedule and to inquire whether the Court has any questions concerning their motion for preliminary approval of the proposed settlement with defendant Asiana Airlines, Inc. ("Asiana"), filed on October 9, 2010. *See* Dkt. No. 422. As discussed below, in addition to benefits totaling more than $21 million in cash and coupons, the proposed settlement obligates Asiana to cooperate in providing certain discovery to plaintiffs. Many of the most important discovery cooperation obligations to be undertaken by Asiana are tied to the date of preliminary approval of the proposed settlement. Plaintiffs believe their ability to take advantage of these cooperation provisions will significantly reduce the time and expense necessary to bring this litigation to a conclusion.

The initial case schedule in this litigation was vacated *sua sponte* by the Court to accommodate the briefing and consideration of defendants' motion to dismiss Korea purchaser-based claims under the Foreign Trade Antitrust Improvements Act (the "FTAIA"). The Court vacated the initial case schedule in light of the fact that the decision on defendants' motion to dismiss would determine the scope of the claims in this case. On July 26, 2010, at the hearing on defendants' motion, the Court directed the parties to submit a revised case schedule by August 23, 2010. *See* Dkt. No. 414.

On July 30, 2010, shortly after the hearing, plaintiffs and Asiana entered into a Stipulation of Settlement, which includes obligations by Asiana to provide certain information to plaintiffs in the form of documents and data, and to use best efforts in making certain individuals who are believed to have knowledge of the alleged antitrust violations available for interviews. Plaintiffs believe this information is directly pertinent to the operation of the conspiracy that is at the

heart of their claims in this litigation. *See* Stipulation of Settlement Between Class Plaintiffs and Defendant Asiana Airlines, Inc. Dkt. No. 422-2, at §J.

Several of the most important cooperation provisions—including those requiring the production of grand jury documents and allowing interviews with Asiana fact witnesses—only become operative following preliminary approval of the settlement as set forth in the settlement agreement. *Id.* at ¶¶ 48-49.

On August 2, 2010, the Court granted defendants' motion under the FTAIA and dismissed claims based on purchases of air transportation services in Korea. Dkt. No. 415.

On August 23, 2010, pursuant to the Court's Order, a stipulation was filed by plaintiffs and defendant Korean Airlines Co., Ltd. ("Korean Air") proposing a new case schedule. Asiana did not participate in the negotiation of the new case scheduling stipulation in light of the settlement agreement it had reached with plaintiffs. The case scheduling stipulation referenced the proposed settlement with Asiana and reflected plaintiffs' view that the new case schedule would allow plaintiffs sufficient time to take advantage of Asiana's anticipated cooperation before new key case deadlines took place, including the deadline for filing plaintiffs' class certification motion and the close of merits discovery.

Plaintiffs worked diligently, with the help of their class notice administrator, to devise a detailed and comprehensive class notice plan to ensure adequate notice of the settlement to class members. As stated above, plaintiffs filed their motion for preliminary approval on October 9, 2010. Plaintiffs filed a supplement to the motion with the detailed proposed class notice plan on November 4, 2010. Dkt. No. 436.

DB1/66299233.1
1400971v1/010438

On November 10, 2010, the Court entered its Order Regarding Case Schedule (Dkt. No. 439), which adopted the schedule that plaintiffs and defendant Korean Air had proposed on August 23, 2010.

On December 10, 2010, plaintiffs' counsel sent a letter to counsel for Korean Air proposing a new schedule that would be keyed to the date of the Court's decision on plaintiffs' motion for preliminary approval of the settlement with Asiana. *See* Seltzer Decl., Ex. 1. Korean Air's counsel responded by letter dated December 15, 2010, declining to agree to a change in the existing schedule. *See id.*, Ex. 2. Counsel for plaintiffs and for Korean Air also met and conferred by telephone on December 21, 2010, but came to no agreement on a new case schedule.

Contrary to defendant Korean Air's assertions, allowing time for the key cooperation provisions to become effective and for plaintiffs to obtain additional information about the conspiracy will significantly assist plaintiffs in prosecuting this case. The parties continue to have discovery disputes, and it is anticipated that cooperation from Asiana will provide useful information that could resolve or significantly narrow many of those disputes. For instance, the parties continue to dispute the relevant time period of the conspiracy, and whether certain transaction data should be produced. With more information about the operation of the admitted price-fixing conspiracy, plaintiffs believe they will be able to determine whether such data, which Korean Air claims would take months to provide, is needed. Additional information about how the conspiracy started and operated will also facilitate the analysis of data which may be relevant to class certification issues. And, as noted below, the value of discovery cooperation in reducing the expense of litigation and the time needed to complete discovery is very much

-4-

enhanced by the inherent difficulties in translating and analyzing the many documents that have been produced that are written in the Korean language.

Additional time to conduct discovery regarding the details of the conspiracy will also allow plaintiffs to narrow their list of potential witnesses to be deposed. This list continues to be broad due, in part, to the content of the documents produced, and Korean Air's limited responses to plaintiffs' interrogatories seeking information about the conspiracy. Indeed, plaintiffs plan to move to compel further responses from Korean Air to those interrogatories which plaintiffs deem to be inadequate. Cooperation from Asiana will help plaintiffs hone their deposition witness list and enable them to better target their questioning.

While Korean Air makes much of the volume of documents it produced, as mentioned above, only a small percentage of the documents produced includes information related to the operation of the conspiracy. In fact, plaintiffs discovered at least one document suggesting an effort by Korean Air personnel to stop documenting their contacts with Asiana. In addition, there were significant problems with Korean Air's Korean language document production, which were not resolved until March 2010. Those documents are the bulk of the conspiracy-related documents plaintiffs have obtained thus far. Considering the time and effort, and inherent difficulties in translating and analyzing foreign language documents, plaintiffs have not had as much time with the documents as Korean Air suggests.

In light of the foregoing, plaintiffs respectfully propose the following alternative revised case schedules. Proposal A is keyed to the date the Court rules on plaintiffs' motion for preliminary approval of the proposed settlement. Proposal B proposes dates certain, based on the assumption that the Court will rule on plaintiffs' motion for preliminary approval by January 14, 2011.

| Current Schedule | Proposal A: Days After Ruling on Preliminary Approval Motion | Proposal B: Dates Certain, Assuming January 14, 2011 Ruling on Preliminary Approval Motion | Event |
|---|---|---|---|
| February 8, 2011 | 153 days | June 16, 2011 | Plaintiffs' Motion for Class Certification and Any Supporting Expert Reports |
| April 8, 2011 | 209 days (+8 weeks) | August 11, 2011 | Korean Air's Opposition to Class Certification and Any Supporting Expert Reports |
| May 24, 2011 | 251 days (+6 weeks) | September 22, 2011 | Plaintiffs' Reply in Support of Class Certification and Any Supporting Expert Reports |
| June 3, 2011 | 258 days (+1 week) | September 29, 2011 | Merits Discovery Closes |
| June 24, 2011 | 279 days (+3 weeks) | October 20, 2011 | Plaintiffs' Rule 26(a)(2) Expert Disclosures |
| August 5, 2011 | 321 days (+6 weeks) | December 1, 2011 | Korean Air's Rule 26(a)(2) Expert Disclosures |
| September 2, 2011 | 349 days (+4 weeks) | December 29, 2012 | Plaintiffs' Rule 26(a)(2) Rebuttal Expert Disclosures |
| September 16, 2011 | 363 days (+2 weeks) | January 12, 2012 | Expert Discovery Cutoff |
| September 30, 2011 | 377 days (+2 weeks) | January 26, 2012 | Cutoff for Filing Dispositive Motions and Daubert Motions |
| October 28, 2011 | 405 days (+4 weeks) | February 23, 2012 | Oppositions to Dispositive Motions and Daubert Motions |
| November 18, 2011 | 426 days (+3 weeks) | March 15, 2012 | Replies in Support of Dispositive Motions and Daubert Motions |

-6-

| January 16, 2012 | 482 days (+8 weeks) | May 10, 2012 | Final Pretrial Conference |
| January 31, 2012 | 496 days (+2 weeks) | May 28, 2012 | Jury Trial Commences |

## KOREAN AIR'S STATEMENT

The stipulated schedule that the Court entered in November, 2010 should not be altered.  Having had more than two years to take discovery from both Korean Air and Asiana, Plaintiffs cannot reasonably claim that they need the settlement cooperation promised by Asiana in order to prepare their Motion for class certification.  A further extension of the pretrial deadlines by a minimum of five months, as suggested by Plaintiffs, is both unnecessary and an invitation to inefficiency.

Korean Air has two primary concerns with Plaintiffs' proposed revision of the schedule.  First, Plaintiffs' proposal unnecessarily delays resolution of Plaintiffs' expected motion for class certification.  The Rules require resolution of class certification at "an early practicable time," and the Comments to the Rule urge courts to exercise "active management . . . to ensure that the certification decision in not unjustifiably delayed."  F.R.C.P. 23(c)(1); Comments to 2003 Amendments, Subdivision (c), Paragraph 1.

The initial schedule proposed by the Plaintiffs and ordered by the Court in 2008 required Plaintiffs to file their Motion for Class Certification on October 15, 2009, approximately 16 months after the start of discovery in the case. *See* Dkt. No. 221 (original schedule); Dkt. No. 155, at 20 (June 8, 2008 Order stating that the "remainder of Plaintiffs claims are now ripe for discovery.").  Following entry of that scheduling order, Plaintiffs took discovery from both Korean Air and Asiana, *inter alia*, to support their motion for class certification.  Among other

1 things, Plaintiffs served requests seeking documents relating to a wide variety of
2 topics, including the scope and nature of the "conspiracy" Plaintiffs allege. Korean
3 Air's substantial production in response to these requests included documents
4 Korean Air previously produced to the grand jury, and Asiana's production
5 presumably did as well.

6 The Court *sua sponte* vacated the initial scheduling order on September 24,
7 2009 in order to allow resolution of Defendants' motion to dismiss Plaintiffs'
8 Korea-purchase claims prior to considering class certification. The Court's order,
9 however, did not stay discovery; and Plaintiffs continued to take discovery of both
10 Korean Air and Asiana over the course of the next year.

11 On July 30, 2010, the Court granted Defendants' motion and dismissed the
12 Korea-purchase claims. Although that decision substantially narrowed the scope
13 of claims in the case and presumably the scope of the class Plaintiffs will seek to
14 certify, Plaintiffs now claim essentially that they need a minimum of eleven
15 months from the date of the Court's order to gather information necessary to frame
16 their motion for class certification.

17 Korean Air respectfully submits that Plaintiffs have had more than sufficient
18 time to gather the information necessary to address class certification, and that
19 class certification proceedings should not be held hostage to Plaintiffs' desire to
20 develop additional evidence from Asiana outside the formal discovery process.
21 Plaintiffs have had years to take formal discovery of Asiana and Korean Air, and
22 they should not need informal cooperation from Asiana to frame their class
23 certification papers.

24 Korean Air has produced more than 325,000 pages of documents in response
25 to Plaintiffs' requests and extensive transactional, cost, capacity and capacity
26 utilization data for the period from 1999 through December, 2008 (more than a

-8-

year beyond the last date that Plaintiffs allege any conspiratorial conduct occurred). With the exception of a handful of documents relating to the operation of its revenue management systems, these documents were all produced more than a year ago.[1]

Asiana also provided substantial discovery, including more than 225,000 pages of documents and transactional and cost data relating to its sales. In addition, Plaintiffs took several depositions of Korean Air employees and a 30(b)(6) deposition of Asiana. Beyond this formal discovery, moreover, the Settlement Agreement obliges Asiana to provide certain "assistance to Class Counsel" *in advance* of preliminary approval, including "meet[ing] with Class counsel to identify documents, people, and entities, relating to the claims alleged, or which may be alleged, in this Action, including the potential culpability of Korean Air . . ." Settlement Agreement ¶ 47(b).

The initial scheduling order—which was proposed by Plaintiffs—contemplated that Plaintiffs would be prepared to file their motion for class certification more than a year ago without the aid of any cooperation obligations from either of the Defendants. There is no reason why they should not be prepared to file their class certification motion in February, as the current schedule provides.

Second, Plaintiffs' proposal unnecessarily extends the discovery period. As noted above, Plaintiffs have taken discovery from Korean Air and Asiana for more than two years. Extending the discovery period further—and potentially

---

[1] Plaintiffs claim that there were "substantial problems with Korean Air's Korean language production" that were not resolved until March, 2010. In fact, there was no "problem" with the Korean language documents produced. Electronic images of those documents were produced and accessible to Plaintiffs beginning in March, 2009. Six months later, in December, 2009, however, Plaintiffs belatedly identified an issue with the way the "metadata" for Korean language documents rendered in their document management system which prevented Plaintiffs from conducting key word searches of Korean language electronic documents. Working with Korean Air's document processing vendor, those technical issues were resolved in March, 2010.

-9-

indefinitely—as Plaintiffs propose will undermine the parties' incentives to conduct discovery efficiently focused on the relevant issues in the case. The schedule adopted by the Court in November provides sufficient time to conduct the discovery necessary to prepare this case for trial, and a further extension of that deadline is unnecessary.

## ASIANA'S STATEMENT

As noted in plaintiffs' statement, Asiana and plaintiffs entered into the Stipulation of Settlement on July 30, 2010. *See* Dkt. No. 422-2. The terms of the settlement, including the cooperation provisions, are set forth in the Stipulation of Settlement, which speaks for itself. Plaintiffs moved for preliminary approval of the settlement on October 9, 2010, and filed a supplemental memorandum regarding class notice on November 4, 2010. Dkt. Nos. 422 and 436. Asiana did not participate in negotiating the Stipulation Regarding Case Schedule, Dkt. No. 421, filed on August 23, 2010, nor did it participate in the meet and confer process for the proposed case schedules being submitted to the Court herein.

DATED:  January 4, 2011

SUSMAN GODFREY L.L.P.
MARC M. SELTZER


                 /s/ Marc M. Seltzer
                MARC M. SELTZER

mseltzer@susmangodfrey.com
1901 Avenue of the Stars, Suite 950
Los Angeles, CA  90067
Telephone: (310) 789-3100
Facsimile:  (310) 789-3150

-10-

DB1/66299233.1
1400971v1/010438

|   |   |   |
|---|---|---|
| 1 |   | GLANCY BINKOW |
| 2 |   |   & GOLDBERG LLP |
|   |   | SUSAN G. KUPFER |
|   |   | skupfer@glancylaw.com |
|   |   | One Embarcadero Center, Suite 760 |
| 3 |   | San Francisco, CA 94111 |
|   |   | Telephone: (415) 972-8160 |
| 4 |   | Facsimile: (415) 972-8166 |

```
 1                                    GLANCY BINKOW
                                        & GOLDBERG LLP
 2                                    SUSAN G. KUPFER
                                      skupfer@glancylaw.com
 3                                    One Embarcadero Center, Suite 760
                                      San Francisco, CA  94111
 4                                    Telephone: (415) 972-8160
                                      Facsimile:  (415) 972-8166
 5
                                      MILBERG LLP
 6                                    JEFF S. WESTERMAN
                                      jwesterman@milberg.com
 7                                    One California Plaza
                                      300 South Grand Ave., Suite 3900
 8                                    Los Angeles, CA 90071
                                      Telephone: (213) 617-1200
 9                                    Facsimile:  (213) 617-1975

10                                    Plaintiffs' Interim Co-Lead Counsel

11

12   DATED:  January 4, 2011          MORGAN, LEWIS & BOCKIUS LLP
                                      PETER E. HALLE
13

14                                             /s/ Peter E. Halle
                                      ─────────────────────────────
15                                             PETER E. HALLE

16                                    PETER EDWARD HALLE
                                      phalle@morganlewis.com
17                                    J. CLAYTON EVERETT, JR.
                                      jeverett@morganlewis.com
18                                    MORGAN, LEWIS & BOCKIUS LLP
                                      1111 Pennsylvania Avenue, NW
19                                    Washington, DC  20004
                                      Tel:  202.739.3000
20                                    Fax:  202.739.3001

21                                    Attorneys for Defendant
                                      Korean Air Lines Co., Ltd.
22

23
     DATED:  January 4, 2011          O'MELVENY & MYERS LLP
24                                    IAN SIMMONS

25

26                                             /s/ Ian Simmons
                                      ─────────────────────────────
27                                             IAN SIMMONS

                                     -11-
28
     DB1/66299233.1
     1400971v1/010438
```

| | |
|---|---|
| 1 | IAN SIMMONS (*pro hac vice*) |
| 2 | isimmons@omm.com |
|   | ANGELA THALER WILKS (*pro hac vice*) |
| 3 | awilks@omm.com |
| 4 | O'MELVENY & MYERS LLP |
|   | 1625 Eye Street, N.W. |
| 5 | Washington, D.C.  20006-4001 |
|   | Telephone: (202) 383-5300 |
|   | Facsimile: (202) 383-5414 |
| 6 | |
| 7 | Attorneys for Defendant Asiana Airlines, Inc. |

-12-

DB1/66299233.1
1400971v1/010438