JEFF S. WESTERMAN (94559)
jwesterman@milberg.com
MILBERG LLP
One California Plaza
300 South Grand Ave., Suite 3900
Los Angeles, CA  90071
Tel:  (213) 617-1200
Fax:  (213) 617-1975

SUSAN G. KUPFER (141724)
skupfer@glancylaw.com
GLANCY BINKOW & GOLDBERG LLP
One Embarcadero Center, Suite 760
San Francisco, CA  94111
Tel:  (415) 972-8160
Fax:  (415) 972-8166

MARC M. SELTZER (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA  90067-6029
Tel: (310) 789-3100
Fax: (310) 789-3150

Plaintiffs' Interim Co-Lead Class Counsel

(See Signature Page for Names and Addresses of Additional Counsel)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| In re KOREAN AIR LINES CO., LTD. ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>All Actions | MDL No. 07-01891<br><br>Master File No. CV 07-05107 SJO (AGRx)<br><br>**JOINT STATUS REPORT**<br><br>**Date:  July 15, 2011**<br>**Time:  9:00 a.m.**<br>**Place:  Courtroom of the Hon. S. James Otero** |

1

1610811v1/010438

Pursuant to the Court's May 16, 2011 Minute Order (Doc. 497), Direct Purchaser Plaintiffs, Indirect Purchaser Plaintiffs, defendant Asiana Airlines, Inc. ("Asiana"), and defendant Korean Air Lines Co., Ltd. ("Korean Air") submit this Joint Status Report regarding the Ninth Circuit's April 18, 2011 opinion.

**Direct Purchaser Plaintiffs' Statement**

The Direct Purchaser Plaintiffs respectfully submit that the mandate of the Ninth Circuit requires analysis of the Indirect Purchaser Plaintiffs' request for leave to amend under the usual factors governing a motion seeking leave to amend a complaint made pursuant to Rule 15 of the Federal Rules of Civil Procedure.[1]  The Direct Purchaser Plaintiffs suggest that for the convenience of the Court and for purposes of clarity of the record, the Court may determine that any such request should be by a formal motion seeking leave to amend so that all of the related briefing may be in one set of documents.

The Direct Purchaser Plaintiffs reserve the right to submit any briefing or statement with respect to such motion.

**Indirect Purchaser Plaintiffs' Statement**

Indirect Purchaser Plaintiffs' position regarding the Ninth Circuit's mandate to the District Court is that the language of the Ninth Circuit's order itself governs, and the District Court should proceed to conduct "an analysis of [Indirect Purchaser] Plaintiffs' request for leave to add federal antitrust claims under the proper standard." *In re Korean Air Lines Co., Ltd. Antitrust Litig.*, __ F.3d __, 2011 WL 1458794, *11

---

[1] The term "Direct Purchaser Plaintiffs" is used in this Joint Status Report for convenience only.  As previously noted in this litigation, that term encompasses all plaintiffs and class members who may assert a claim for damages under the Sherman and Clayton Acts for violation of the Sherman Act, regardless of whether they are deemed "direct" or "indirect" purchasers.  The Direct Purchaser Plaintiffs further note that the Ninth Circuit did not disturb the Court's Case Management Order entered in their cases.

2

1610811v1/010438

(9th Cir. Apr. 18, 2011). Indirect Purchaser Plaintiffs are prepared to offer additional briefing, if the District Court so requires, as to whether the amendment should be granted, but contend that it was offered in good faith, would not cause undue prejudice, that there was no undue delay as the proposed amendment was offered at an early stage in the litigation, *i.e.*, prior to a ruling motion to dismiss, and that it would not be futile, as Indirect Purchaser Plaintiffs have valid Sherman and Clayton Act claims.

Additionally, if the pending settlement with Defendant Asiana Airlines, Inc. is finally approved by the Court and the judgment of dismissal entered thereon, the Indirect Purchaser Plaintiffs' claims against Asiana will be dismissed and released. As a result, allowing Indirect Purchasers Plaintiffs' amendment would have the practical effect of permitting the Indirect Purchaser Plaintiffs to assert Sherman and Clayton Act claims only as to Defendant Korean Air. As to Defendant Asiana, Indirect Purchaser Plaintiffs through their counsel and pursuant to this Court's Orders would be participating in developing a plan of allocation.

## Asiana's Statement

As Indirect Purchaser Plaintiffs ("State Law Plaintiffs") acknowledge above, if this Court grants final approval of the Asiana settlement, all federal claims arising out of the subject matter of the lawsuit will be extinguished as to Asiana, including any federal claims that State Law Plaintiffs possess. *See* Stipulation of Settlement Between Class Plaintiffs and Defendant Asiana Airlines, Inc. (Doc. 422-2) ("Settlement Agreement"), at Exhibit 1, ¶¶ 17, 19. Thus any renewed motion to amend would be moot and barred by *res judicata*—and hence futile—as to Asiana. *See, e.g., Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 327 (1955); *Int'l Union of Operating Engineers-Employers Constr. Indus. Pension and Welfare and Training Trust Funds v. Karr,* 994 F.2d 1426, 1429 (9th Cir. 1993) ("[D]ismissal of action with prejudice pursuant to a settlement agreement constitutes a final judgment on [the] merits and precludes parties from reasserting the same claim in a subsequent

action.") (citation omitted).[2]

This Court previously acknowledged that the Settlement Agreement provides substantial benefit to the class. Jan. 5, 2011 Status Conference Transcript (Doc. 455) at 12:4-14 (noting "interim counsel for the Plaintiffs have executed or entered into a settlement agreement that appears to be extremely favorable for the class representatives, or for the class members, and the cooperation agreement also is a significant benefit."). Asiana respectfully requests that this Court grant final approval of the Settlement Agreement.

**Korean Air's Statement**

Korean Air is unclear whether the Indirect Purchaser Plaintiffs really want leave to amend. If they do, Korean Air submits that Indirect Purchaser Plaintiffs' request for leave to amend to re-instate federal Sherman Act claims, pursuant to the standard enunciated in Fed. R. Civ. P. 15(a) and applicable case law, should be denied. The Indirect Purchaser Plaintiffs do not satisfy the requirements of Fed. R. Civ. P. 15(a) or *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994) and other applicable case law – their request for leave to amend, made in a *SurReply* in opposition to motions to dismiss, was procedurally improper, would cause undue prejudice, was unduly delayed, and is futile. In the unlikely event leave to amend were granted to Indirect Purchaser Plaintiffs, Korean Air reserves the right to assert that the amended complaint would fall within the Case Management Order in the Direct Purchaser Plaintiffs' consolidated action (Case No. SA CV 07-05107).

---

[2] State Law Counsel acknowledge that State Law Plaintiffs are members of the Asiana Settlement Class. Indirect Purchaser Pls.' Objection to the Proposed Class Action Settlement, May 16, 2011 (Doc. 483), at 2. State Law Counsel also agree that Interim Co-Lead Counsel represent all class members with Sherman Act damages claims. *See* Order Between Pls.' Interim Co-Lead Counsel and Chun Counsel, Feb. 11, 2011 (Doc. 459), at ¶ 5.

4

At the Court's request, Korean Air will provide additional briefing and argument with respect to this matter.

Dated: July 11, 2011

Respectfully submitted,

JEFF S. WESTERMAN
MILBERG LLP

_/s/ Jeff S. Westerman_
Jeff S. Westerman

SUSAN G. KUPFER
GLANCY BINKOW & GOLDBERG LLP

_/s/ Susan G. Kupfer_
Susan G. Kupfer

MARC M. SELTZER
SUSMAN GODFREY L.L.P.

_/s/ Marc M. Seltzer_
Marc M. Seltzer

Plaintiffs' Interim Co-Lead Class Counsel

///

///

///

5

1610811v1/010438

| | |
|---|---|
| 1 | CHRISTOPHER M. BURKE |
| 2 | cburke@scott-scott.com<br>SCOTT + SCOTT LLP |
| 3 | 707 Broadway, Suite 1000 |
| 4 | San Diego, CA  92101<br>Telephone:  (619) 233-4565 |
| 5 | Fax:  (619) 233-0508 |
| 6 | |
| 7 | PATRICK J. COUGHLIN<br>patc@rgrdlaw.com |
| 8 | FRANK J. JANECEK, JR.<br>frankj@rgrdlaw.com |
| 9 | ROBBINS GELLER RUDMAN |
| 10 |  & DOWD LLP<br>655 West Broadway, Suite 1900 |
| 11 | San Diego, CA  92101 |
| 12 | Telephone:  (619) 231-1058<br>Fax:  (619) 231-7423 |
| 13 | |
| 14 | ELIZABETH LEE BECK |
| 15 | Elizabeth@beckandlee.com<br>JARED H. BECK |
| 16 | jared@beckandlee.com |
| 17 | BECK & LEE BUSINESS TRIAL<br>  LAWYERS |
| 18 | 28 West Flagler Street, Suite 555 |
| 19 | Miami, FL  33130<br>Telephone:  (305) 789-0072 |
| 20 | Fax:  (786) 664-3334 |
| 21 | |
| 22 |     /s/ Christopher M. Burke<br>Christopher M. Burke |
| 23 | Attorneys for Soon Ja Chun, |
| 24 | Bernard Jung Kim and Elizabeth Bahn |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

1610811v1/010438

| | |
|---|---|
| 1 | IAN SIMMONS (admitted *pro hac vice*) |
|  | isimmons@omm.com |
| 2 | ANGELA THALER WILKS (admitted |
| 3 |  *pro hac vice*) |
|  | awilks@omm.com |
| 4 | O'MELVENY & MYERS LLP |
| 5 | 1625 Eye Street, NW |
|  | Washington, D.C.  20006-4001 |
| 6 | Telephone:  (202) 383-5300 |
| 7 | Fax:  (202) 383-5414 |
| 8 |      /s/ Ian Simmons |
| 9 |      Ian Simmons |
|  | Attorneys for Defendant |
| 10 | Asiana Airlines, Inc. |

DONALD L. MORROW (66922)
donaldmorrow@paulhastings.com
PANTEHA ABDOLLAHI (230002)
pantehaabdollahi@paulhastings.com
ABIGAIL W. LLOYD (243971)
abigaillloyd@paulhastings.com
PAUL, HASTINGS, JANOFSKY
  & WALKER LLP
695 Town Center Drive,  Seventeenth Floor
Costa Mesa, CA  92626-1924
Telephone:  (714) 668-6200
Fax:  (714) 979-1921

7

1610811v1/010438

|   |   |
|---|---|
| 1 | KEVIN C. McCANN (120874) |
| 2 | kevinmccann@paulhastings.com |
|   | PAUL, HASTINGS, JANOFSKY |
| 3 |   & WALKER LLP |
| 4 | 55 Second Street, Twenty-Fourth Floor |
|   | San Francisco, CA  94105-3441 |
| 5 | Telephone:  (415) 856-7000 |
| 6 | Fax:  (415) 856-7100 |

       /s/ Donald L. Morrow       
         Donald L. Morrow
     Attorneys for Defendant
     Korean Air Lines Co., Ltd.

8

1610811v1/010438