MILBERG LLP
JEFF S. WESTERMAN (94559)
jwesterman@milberg.com
One California Plaza
300 South Grand Ave., Suite 3900
Los Angeles, CA 90071
Tel: (213) 617-1200
Fax: (213) 617-1975

GLANCY BINKOW & GOLDBERG LLP
SUSAN G. KUPFER (141724)
skupfer@glancylaw.com
One Embarcadero Center, Suite 760
San Francisco, CA 94111
Tel: (415) 972-8160
Fax: (415) 972-8166

SUSMAN GODFREY L.L.P.
MARC M. SELTZER (54534)
mseltzer@susmangodfrey.com
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150

Plaintiffs' Interim Class Counsel

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| IN RE KOREAN AIR LINES CO., LTD. ANTITRUST LITIGATION | MDL No. 1891 |
| | Master File No. CV 07-05107 SJO (AGRx) |
| This Document Relates To:<br><br>ALL ACTIONS | **FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE AS TO DEFENDANT ASIANA AIRLINES, INC.** |

FILED CLERK, U.S. DISTRICT COURT JUL 15 2011 CENTRAL DISTRICT OF CALIFORNIA

1613399v1/010438

The above-entitled consolidated actions duly came on for hearing on July 15, 2011, on Class Plaintiffs' application for final approval of the proposed settlement with defendant Asiana Airlines, Inc. ("Asiana"). At the hearing, the parties and all other interested persons were afforded the opportunity to be heard in support of and in opposition to the proposed settlement. Based on the papers filed with the Court and presentations made to the Court at the hearing, and the entire record of these proceedings, and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, as follows:

1. This Final Judgment incorporates by reference the definitions set forth in the Stipulation of Settlement Between Class Plaintiffs and Defendant Asiana Airlines, Inc. (the "Agreement"), dated as of July 30, 2010, and all terms used herein shall have the same meanings as set forth in the Agreement unless otherwise specified herein. The terms of the Agreement are hereby incorporated in this Final Judgment as if fully set forth herein.

2. The Court has jurisdiction over the subject matter of these actions and all parties to the actions, including all Class Members.

3. Pursuant to Rule 23(c) and (e) of the Federal Rules of Civil Procedure, the Court certifies, for settlement purposes only, the following Class:

> All persons and entities (excluding governmental entities, defendants, and defendants' respective predecessors, subsidiaries, and affiliates) who purchased Passenger Air Transportation on the airlines of defendants, or any predecessor, subsidiary, or affiliate of the defendants, at any time during the time period January 1, 2000 through August 1, 2007. As used in the foregoing definition, "affiliates" means entities controlling, controlled by, or

under common control with a defendant. The term "affiliates" does not include any travel agents. The term "Passenger Air Transportation" means passenger air transportation services for flights originating in the United States and ending in Korea or flights originating in Korea and ending in the United States, purchased in the United States. Pursuant to Paragraph 28 of the Agreement and the Order of the Court, dated August 2, 2010, claims based on Passenger Air Transportation purchased in Korea are not included in the Class. The Class only includes those persons and entities who may assert a claim for damages for violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

4. The Court finds and concludes, for settlement purposes only, the prerequisites to a class action under Federal Rule of Civil Procedure 23(a) have been satisfied, in that, with respect to the Class:

(a) numerosity is satisfied;

(b) the claims of the Class Plaintiffs are typical of those of the other Class members;

(c) there are questions of fact and law that are common to all members of the Class; and

(d) the Class Plaintiffs will fairly and adequately protect the interests of the Class and have retained counsel experienced in antitrust and class action litigation who have and will continue to adequately represent the Class.

5. The Court further finds and concludes, for settlement purposes only, this action may be maintained as a class action under Rule 23(b)(3) of the Federal Rules

of Civil Procedure because (i) a class action is superior to other available methods for the fair and efficient adjudication of this controversy, and (ii) questions of fact and law common to the members of the Class predominate over any questions affecting only individual members.

6. Pursuant to Rule 23(c)(3) of the Federal Rules of Civil Procedure, all persons and entities who fall within the foregoing description of the Class who have not timely and validly requested exclusion from the Class are Class Members and are fully bound by this Final Judgment and the terms of the Agreement.

7. The persons who timely and validly excluded themselves from the Class ("Opt-Outs") were listed in the Notice of Persons and Entities Who Have Requested Exclusion from the Settlement Class (Doc. 487), filed on May 23, 2011, and are listed in Exhibit 1 to this Final Judgment. The Opt-Outs are not bound by this Final Judgment or the terms of the Agreement, and may pursue their own individual remedies, if any, against Asiana and the Releasees. However, such persons are not entitled to any of the rights or benefits accorded to Class Members under the Agreement.

8. As established by the Declaration of Charlene Young Re: Mailing and Publication of Notice and Report on Requests for Exclusion (Doc. 493), and the Declaration of Katherine Kinsella Regarding Implementation of Class Notice (Doc. 492), both filed on June 13, 2011, the Settlement Administrator caused the short-form Class Notice (the "Summary Notice") in the form approved by the Court's Order Granting Plaintiffs' Motion for Preliminary Approval of Settlement Between Plaintiffs and Defendant Asiana Airlines, Inc. and Approving Form and Manner of Class Notice ("Preliminary Approval Order"), filed on February 18, 2011, to be mailed postage prepaid or disseminated by electronic mail to all potential Class members who could be identified from the records of Asiana and defendant Korean

Air Lines Co., Ltd. ("Korean Air"), and caused the Summary Notice to be published in the manner required by the Preliminary Approval Order, and the long-form class notice, also in the form approved by the Preliminary Approval Order, to be made available to members of the Class on the settlement website and upon their request.

9. The Court finds that the Settlement Administrator fully complied with the Preliminary Approval Order and that the Class notice program approved by the Court in the Preliminary Approval Order was the best notice practicable under the circumstances, including individual notice to all members of the Class who could be identified through the exercise of reasonable effort. The Court further finds that the Class notice program provided due and adequate notice of these proceedings and of the matters set forth therein, including the terms of the Agreement, to all parties entitled to such notice and fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715(b), and constitutional due process.

10. The Court finds there were no objections to the settlement set forth in the Agreement by any persons and entities, other than the objection filed by plaintiffs Soon Ja Chun, Bernard Jung Kim and Elizabeth Bahn, whose objection has been withdrawn in accordance with the Court's Order Re Stipulation Between Plaintiffs' Co-Lead Counsel and Chun Counsel (Doc. 498), filed on June 16, 2011.

11. As found by the Court in its Order Approving Settlement Between Plaintiffs and Defendant Asiana Airlines, Inc., the Court hereby approves the settlement set forth in the Agreement and finds that the settlement is, in all respects, fair, reasonable and adequate to the Class, and orders the settling parties to consummate the settlement set forth in the Agreement in accordance with its terms.

12. Upon the occurrence of the Effective Date, the Releasees shall be completely released, acquitted, and forever discharged from any and all of the Released Claims as set forth in the Agreement. Upon the occurrence of the Effective

Date, the Releasors shall be forever barred and enjoined from asserting, instituting or prosecuting, directly or indirectly, any Released Claim in any court or other forum against any of the Releasees.

13. Upon the occurrence of the Effective Date, Asiana, on behalf of itself, its administrators, predecessors, successors and assigns, and the other Releasees, shall completely release, acquit, and forever discharge any and all Released Defendant's Claims, and shall forever be enjoined from prosecuting the Released Defendant's Claims against Class Plaintiffs, all other Class Members and their counsel.

14. None of the provisions of the Agreement, this Final Judgment, nor the fact of the settlement set forth in the Agreement constitutes any admission by any of the settling parties of any liability, wrongdoing or violation of law, damages or lack thereof, or of the validity or invalidity of any claim or defense asserted in these actions.

15. The Court hereby dismisses with prejudice these actions as to Asiana only, without costs to any of the parties as against the others, except as otherwise provided in the Agreement.

16. Without affecting the finality of this Final Judgment, the Court reserves and retains exclusive and continuing jurisdiction over Class Plaintiffs, the Class Members, Asiana, and the Settlement Fund for the purposes of effectuating and enforcing this Final Judgment and the Agreement, including Class Plaintiffs' rights to cooperation from Asiana as provided in Section J of the Agreement.

17. The award of costs and expenses to Class Counsel, including any appeals therefrom, shall not affect the finality of this Final Judgment or delay the Effective Date of the Agreement.

18. The Court hereby finds that there is no just reason for delay and directs the Clerk to enter this Final Judgment forthwith pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED, ADJUDGED AND DECREED.

Dated: 7/15, 2011

_____
S. James Otero
UNITED STATES DISTRICT JUDGE

Exclusion Report
PROJECT: Korean Air - Database: KORA
Report Criteria: None

05/20/2011 03:46 PM
Page 1 of 1
Report ID :EXC15001

| EXCL ID | FULL NAME |
|---|---|
| 1 | DAVID G PUDDINGTON |
| 2 | ALICE HUEY ANG CHEN |
| 3 | KYONGEUN LEE |
| 4 | JUDY MCGUIRE |
| 5 | SHARON CHA |
| 6 | DOYLE ENTERPRISES INC |
| 7 | YOUNG YOL YOO |
| 8 | KUN TAE YOO |
| 9 | ROBERT STEPHEN KIMBRELL |
| 10 | SAMUEL LEE |
| 11 | HAEMI MOON |
| 12 | WHA JA KIM AND SUSAN SUHYUN KANG |
| 13 | HYUNDOO CHO |
| 14 | TAEK SU KIM |
| 15 | CHONG KYONG YORK |
| 16 | SAMSUNG HOSPITALITY AMERICA, INC |

TOTAL NUMBER OF EXCLUSIONS: 16

EXHIBIT 1