1  DONALD L. MORROW (SB# 66922)
   donaldmorrow@paulhastings.com
2  PANTEHA ABDOLLAHI (SB# 230002)
   pantehaabdollahi@paulhastings.com
3  ABIGAIL W. LLOYD (SB# 243971)
   abigaillloyd@paulhastings.com
4  PAUL HASTINGS LLP
   695 Town Center Drive
5  Seventeenth Floor
   Costa Mesa, CA  92626-1924
6  Telephone:  1(714) 668-6200
   Facsimile:  1(714) 979-1921
7
   KEVIN C. McCANN (SB# 120874)
8  kevinmccann@paulhastings.com
   PAUL HASTINGS LLP
9  55 Second Street, Twenty-Fourth Floor
   San Francisco, CA  94105-3441
10 Telephone:  (415) 856-7000
   Facsimile:  (415) 856-7100
11
   Attorneys for Defendant
12 KOREAN AIR LINES CO., LTD.

13

14                    **UNITED STATES DISTRICT COURT**

15                    **CENTRAL DISTRICT OF CALIFORNIA**

16                        **WESTERN DIVISION**

17

| | |
|---|---|
| IN RE: KOREAN AIRLINES CO., LTD. ANTITRUST LITIGATION | Case No. MDL NO.: 1891 Master File No.: CV 07 5107-SJO (AGRx) |
| This Document Relates to: | |
| ALL ACTIONS | **DEFENDANT KOREAN AIR LINES CO., LTD.'S MOTION TO STRIKE AND EVIDENTIARY OBJECTIONS TO DECLARATION OF DAVID E. AZAR (#531)** |
| | DATE:  September 13, 2011 TIME:   10:00 a.m. CTRM:  D, 8th Floor JUDGE: Hon. Alicia G. Rosenberg |
| | Discovery Deadline:  TBD Pretrial Conference:  TBD Trial:                      TBD |

## I.   **INTRODUCTION**

Central District Local Rule ("L.R.") 37-2.3 states that "each party may file a supplemental memorandum of law . . . not [to] exceed five (5) pages in length." Korean Air followed this rule.  Plaintiffs did not.  Instead, Plaintiffs filed sixty pages of new exhibits, an eight-page Declaration of David E. Azar ("Azar's Declaration") (docket number 531), and a six-page supplemental memorandum.  In sum, where the rule prescribed a page limit of *five pages*, Plaintiffs filed over *seventy pages* of new argument and new evidence.  For this reason alone, Azar's Declaration and exhibits should be stricken.  Moreover, it is improper to raise new factual matter in a reply filing.  L.R. 37-2.3 permits a five-page "supplemental memorandum of *law*." (emphasis added).  Azar's Declaration and its voluminous new exhibits effectively deprive Korean Air of its due process right to confront Plaintiffs' factual arguments.  Nor is there anything in Azar's Declaration that could not have been included within Plaintiffs' portion of the Joint Stipulation.

Not only does Azar's Declaration violate L.R. 37-2.3 by exceeding the page limit by about sixty-five pages, Azar's Declaration is replete with evidentiary failings under the Federal Rules of Evidence ("FRE").  Azar's Declaration is not really a declaration.  Albeit in declaration *form*, Azar's declaration is actually just an extension of Plaintiffs' supplemental memorandum.  It is pure argument and conclusions and thus not admissible under the FRE.  Thus, simply providing Korean Air an opportunity to respond to Azar's Declaration would be insufficient. For these reasons, Azar's Declaration should be stricken and/or Korean Air's evidentiary objections sustained.  In the alternative, and only if Korean Air's other relief is denied, Korean Air requests an opportunity to respond.

## II.   **AZAR'S DECLARATION VIOLATES LOCAL RULE 37**

"Strict compliance with Local Rule 37 is required."  Judge Alicia G. Rosenberg Procedures and Schedules.  Plaintiffs have disregarded this local rule:

**DEF. KOREAN AIR'S MOTION TO STRIKE & EVIDENTIARY OBJECTIONS**

1    After the Joint Stipulation is filed, each party may file a

2    supplemental memorandum of law not later than fourteen

3    (14) days prior to the hearing date. Unless otherwise

4    ordered by the Court, a supplemental memorandum **shall**

5    **not exceed five (5) pages in length**. **No other separate**

6    **memorandum of points and authorities shall be filed**

7    **by either party in connection with the motion**.

8    L.R. 37-2.3 (emphasis added).  Likewise, the Rutter Group Practice Guide is

9    unambiguous:  "Each party may (optional) submit a supplemental memorandum of

10   law, no more than five pages in length . . . .  **Nothing else may be filed in**

11   **connection with the motion**." Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch.

12   11:2372 (emphasis added).

13   Azar's eight-page declaration, with sixty pages of new exhibits, violates both

14   the letter and the spirit of L.R. 37.  L.R. 37's supplemental memorandum is

15   supposed to be a very brief, five-page opportunity for each side to highlight its legal

16   arguments for the court.  Allowing a party to evade the five-page limit on length by

17   filing, in *addition* to the supplemental memorandum, an eight-page declaration with

18   over sixty pages of new factual material would eviscerate the meaning of L.R. 37.

19   When asked to withdraw Azar's Declaration,[1] Plaintiffs' attorney responded

20   merely by stating that "the procedure we followed here was consistent with the past

21   practice of the parties in this case" and identifying the fact that Korean Air had filed

22   two supplemental declarations in support of its motion for a protective order

23   regarding the S.W. Kim deposition.  Declaration of Donald L. Morrow ("Morrow

24   Decl.") at ¶4.  This argument is a red herring for two reasons.  The first and most

25   obvious is that two wrongs do not make a right.  Even if true, "past practice of the

26   parties in this case" is a weak excuse for violating the Court's local rules.  Second,

27   [1] The details regarding the parties' meeting and conferring in an attempt to avoid
this Motion to Strike and Evidentiary Objections are detailed in Donald L.

28   Morrow's Declaration at ¶¶ 2-4, & 7.

-2-

**DEF. KOREAN AIR'S MOTION TO**
**STRIKE & EVIDENTIARY OBJECTIONS**

a review of those two S.W. Kim declarations makes it immediately clear that comparing them to Azar's Declaration is apples to oranges.  One of the S.W. Kim declarations is less than half a page and does nothing more than attach, for the Court's convenience, "true and correct copies" of an excerpt from a State Department website and the Hague Convention.  *Id.* at 5.  The second is a one-and-a-half page declaration from an expert in Korean law, providing an interpretation of the Hague Convention as it is applied to depositions in Korea.  *Id.* at 6.  In other words, both of the S.W. Kim declarations submitted by Korean Air only offered additional *law* for the Court's consideration, on a topic that was outside this Court's general area of expertise – depositions in Korea under the Hague convention.  This was an unusual situation and does not at all resemble the nearly seventy pages of *factual* argument and conclusions offered in support of Plaintiffs' supplemental memorandum under the guise of being a "declaration."

Far from a circumspect offering of additional legal authority on an obscure topic, Azar's Declaration presents factual arguments and conclusions that could have and should have been made in Plaintiffs' portion of the Joint Stipulation or within the page limits of Plaintiffs' supplemental memorandum.[2]  One example among many is Paragraph 5 of Azar's Declaration, in which he writes: "Plaintiffs first tried to obtain detailed factual information about the conspiracy to which KE plead guilty from KE's 30(b)(6) deposition, but KE's witness, John Jackson, was unprepared."  Azar's Declaration is hardly the place to comment on whether a

---

[2] Korean Air anticipates that Plaintiffs will argue that they had no choice but to submit sixty pages of new argument and factual support because of issues unexpectedly raised in Korean's Air's portion of the Joint Stipulation.  This is a red herring.  First, Azar's Declaration presents a number of totally new arguments and facts that do not respond to issues raised by Korean Air in its portion of the Joint Stipulation.  But, even assuming Plaintiffs are correct that everything in their sixty pages of new argument and evidence is responsive to Korean Air's portion of the Joint Stipulation, this is not carte blanche to violate the Local Rules regarding page limits.  If Plaintiffs required more space, their options were: 1) to request this Court's permission to file a longer supplemental memorandum; or 2) to redo their portion of the Joint Stipulation and submit it to Korean Air again for a response.  Azar's lengthy, argumentative Declaration – in violation of the Local Rules and the FRE – was not an option.

**DEF. KOREAN AIR'S MOTION TO STRIKE & EVIDENTIARY OBJECTIONS**

1    witness was prepared to testify at a deposition.  *See* L.R. 7-7, discussed further

2    below.   That statement, and virtually everything else in Azar's Declaration, is

3    argument that has no place in a declaration.  Azar's Declaration should be stricken.

4    **III.    AZAR'S DECLARATION IMPROPERLY RAISES NEW FACTUAL**

5            **MATTER IN A REPLY FILING**

6            "It is improper for the moving party to 'shift gears' and introduce new facts

7    or different legal arguments in the reply brief than presented in the moving papers."

8    *Clark v. County of Tulare*, 755 F. Supp. 2d 1075 (E.D. Cal. 2010) (holding that

9    where a party has "raised a new and different issue which was not briefed in their

10   moving papers nor raised in the opposition . . . , the Court will not consider the

11   issue . . . as it has been raised improperly in the reply papers."); *Daghlian v. DeVry*

12   *Univ., Inc.*, 461 F. Supp. 2d 1121, 1144 n.37 (C.D. Cal.2006) (same).  A "tardy

13   presentation of an issue" for the first time in a reply brief is ordinarily not

14   considered out of fairness because the "non-moving party would have had no

15   chance to respond to contentions raised initially in reply."  *Fox v. Citicorp Credit*

16   *Services, Inc.*, 15 F.3d 1507, 1514 n.6 (9th Cir.1994).  "If the court elects to

17   consider new material in a reply brief . . . it must afford the opposing party an

18   opportunity to respond." *Daghlian*, 461 F. Supp. 2d at 1144 n.37 (citing *Provenz v.*

19   *Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996)).

20           In addition to being clear about the page limit, L.R. 37-2.3 is clear that what

21   the parties may file is "a supplemental memorandum of *law*," not facts.  This makes

22   sense, because the supplemental memorandum is the equivalent of a reply brief.

23   Introducing new facts – here, sixty pages of new exhibits – puts the non-moving

24   party in an untenable position.  As the Ninth Circuit has stated, absent affording

25   Korean Air an opportunity to respond, the consideration of Plaintiffs' new evidence

26   "would raise serious questions of fairness."  *Fox*, 15 F.3d at 1514 n.6.  Azar's

27   Declaration tackles a variety of topics that could and should have been raised in

28   Plaintiffs' portion of the Joint Stipulation, including:

1.     KE's 30(b)(6) witness, John Jackson, being allegedly unprepared to provide "detailed factual information about the conspiracy to which KE plead guilty;" (¶ 5)[3];

2.     The meet-and-confer process with Korean Air about "its [alleged] failure to produce an appropriately informed witness;" (¶¶6-8);

3.     Meet-and-confer negotiations about Interrogatories 13-17 and RFP 43 where "KE [allegedly] objected and provided no information;" (¶¶ 9-16);

4.     Meet-and-confer negotiations before the instant Motion to Compel where "[i]n Plaintiffs' view, KE did not come back with a substantive proposal[.]"(¶¶22-24).

5.     Plaintiffs' alleged "inten[tion] to be prepared with the facts before they took Mr. Kim's declaration" and other explanation for their delay of over a year in taking Mr. Kim's deposition (¶26-27);

6.     Plaintiffs' settlement with Asiana and the impact that had on delaying Plaintiffs' Motion to Compel (¶28-29);

7.     Plaintiffs' alleged meet-and-confer negotiations in 2009 and 2010 in response to this Court's order on Plaintiffs' last motion to compel (¶¶30-33); and

8.     Plaintiffs' Sixth Request for Production of Documents and recent meet-and-confer negotiations regarding this latest round of discover (¶34).

As this summary reflects, Azar's Declaration makes new factual arguments and attaches sixty pages of exhibits consisting of new evidence. As the Court might expect, Korean Air vigorously disagrees with the statements and characterizations of the new evidence made for the first time in Azar's Declaration. To be able to adequately respond to Azar's various mischaracterizations and omissions from the record, Korean Air would require a declaration and voluminous

---

[3] Plaintiffs addressed this issue in their Joint Stipulation, but only in passing. (*See* Joint Stipulation at p. 11).

**DEF. KOREAN AIR'S MOTION TO STRIKE & EVIDENTIARY OBJECTIONS**

exhibits of its own.  But, the district court "need not consider" arguments and evidence raised for the first time in a reply brief. *Zamani v. Carnes* 491 F.3d 990, 997 (9th Cir. 2007).  Thus, one appropriate response to Azar's Declaration, submitted without prior court authorization and in violation of L.R. 37-2.3, is to strike it.  Korean Air believes this is the appropriate course of action in light of how much ink has already been spent on Plaintiffs' 125-page Motion to Compel. Moreover, for the reasons set forth below, Azar's Declaration fails to comport with the FRE.  Thus, simply providing Korean Air an opportunity to respond is not an adequate remedy.  Korean Air cannot fairly respond to accusations, arguments, and conclusions made without personal knowledge, foundation, or factual support, among other evidentiary failings.

## IV.   EVIDENTIARY OBJECTIONS TO AZAR'S DECLARATION

According to L.R. 7-7, "Declarations shall contain only factual, evidentiary matter and shall conform as far as possible to the requirements of F.R.Civ.P. 56(c)(4)."  F.R.Civ.P. 56(c)(4) states, "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  Azar's Declaration repeatedly fails to meet the requirements of L.R. 7-7; F.R.Civ.P. 56(c)(4); and the Federal Rules of Evidence. Plaintiffs have treated Azar's Declaration as a way to get around the page limits under the local rules.  It is almost pure argument, generally lacks personal knowledge, and makes unsupported assertion after assertion.  Accordingly, Korean Air specifically objects to the following portions of Azar's Declaration and requests that the Court strike them from the record.

1.     **Paragraph 3, p. 1, lines 11-17:**  "The main purpose of this declaration is to provide the Court with information about certain discovery issues and the meet and confer process in response to various mischaracterizations by KE's new counsel, which apparently is unaware of the extensive and cooperative nature of the

**DEF. KOREAN AIR'S MOTION TO STRIKE & EVIDENTIARY OBJECTIONS**

1   meet and confer process with prior counsel. That process started to break down

2   when they promised after an extensive meet and confer effort to provide substantive

3   responses to Interrogatory 18 as written, but failed to do so."

4   **Objection: Argument, Lack of Personal Knowledge, Conclusory, Lack of**

5   **Foundation**

6   Korean Air objects to this portion of the declaration because Azar's

7   testimony is argument, is not based on personal knowledge, is conclusory and lacks

8   foundation.  Fed. R. Evid. 602; Fed. R. Evid. 701; *see British Airways Bd. v. Boeing*

9   *Co.*, 585 F.2d 946, 952 (9th Cir. 1978) (legal argument cannot establish an

10  admissible fact).

11       2.       **Paragraph 5, p. 1, lines 25-27:** "Plaintiffs first tried to obtain detailed

12  factual information about the conspiracy to which KE plead guilty from KE's

13  30(b)(6) deposition, but KE's witness, John Jackson, was unprepared."

14       **Objection: Conclusory, Lack of Foundation, Lack of Personal**

15       **Knowledge, Argument**

16       Korean Air objects to this portion of the declaration because Azar's

17  testimony is conclusory, lacks foundation, is not based on personal knowledge and

18  is argument.  Fed. R. Evid. 602; Fed. R. Evid. 701; *see British Airways Bd. v.*

19  *Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978) (legal argument cannot establish an

20  admissible fact).  Azar does not support his statement with any explanation of how

21  John Jackson was allegedly unprepared or identification of specific examples

22  illustrating such alleged unpreparedness.  Nor would such argument be proper in a

23  declaration anyway.  This should and could have been in Plaintiffs' portion of the

24  Joint Stipulation or in Plaintiffs' five-page supplemental memorandum.

25       3.       **Paragraph 6, p. 2, lines 1-2:** "Plaintiffs then started the meet and

26  confer process with KE about its failure to produce an appropriately informed

27  witness."

28

-7-       **DEF. KOREAN AIR'S MOTION TO**
          **STRIKE & EVIDENTIARY OBJECTIONS**

**Objection: Conclusory, Lack of Foundation, Vague and Ambiguous, Argument, Lack of Personal Knowledge**

Korean Air objects to this portion of the declaration because Azar's testimony is conclusory, lacks foundation, is vague and ambiguous, is argument and is not based on personal knowledge. Fed. R. Evid. 602; Fed. R. Evid. 701; *see British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978) (legal argument cannot establish an admissible fact). No portion of Azar's Declaration should state that "Plaintiffs did X" as that statement inherently lacks personal knowledge. "Plaintiffs" are a large number of people, who all obviously did not all take one action or another, nor if they had, would Azar be the correct person to testify to these acts. Nor should any portion of Azar's Declaration state that "KE did X." Korean Air is a corporation, represented by counsel. "KE" did not have a phone call with "Plaintiffs" or David Azar. By not bothering to include the specifics of who allegedly spoke to whom and when, Azar's Declaration makes statement after statement that lacks foundation, personal knowledge, and is vague and ambiguous. In addition, Azar's statement regarding an alleged failure to produce an appropriately informed witness is improper argument and lacks foundation.

4.  **Paragraph 7, p. 2, lines 3-5:** "During those meet and confer discussions, counsel for KE said that if Plaintiffs wanted to obtain more details of the facts mentioned in the guilty plea, Plaintiffs should have served interrogatories."

**Objection: Conclusory, Lack of Foundation, Vague and Ambiguous, Lack of Personal Knowledge**

Korean Air objects to this portion of the declaration because Azar's testimony is conclusory, lacks foundation, is vague and ambiguous, and lacks personal knowledge. Fed. R. Evid. 602; Fed. R. Evid. 701. Azar provides no factual support for his bare assertion that "counsel for KE" made a particular

-8-

**DEF. KOREAN AIR'S MOTION TO STRIKE & EVIDENTIARY OBJECTIONS**

1    statement.  Azar also does not identify specifically who allegedly made the

2    statement or when the statement was allegedly made, or even if it was made to him.

3         5.      **Paragraph 8, p. 2, lines 6-8:** "Plaintiffs disagreed and still believe

4    that KE had an obligation to prepare its 30(b)(6) witness with all of the requested

5    factual information -- or present a better-informed witness."

6         **Objection: Argument, Conclusory, Lack of Foundation, Lack of**

7    **Personal Knowledge**

8         Korean Air objects to this portion of the declaration because Azar's

9    testimony is argument, conclusory and lacks foundation and personal knowledge.

10    Fed. R. Evid. 602; Fed. R. Evid. 701; *see British Airways Bd. v. Boeing Co.*, 585

11    F.2d 946, 952 (9th Cir. 1978) (legal argument cannot establish an admissible fact).

12    In addition, Azar does not explain how "Plaintiffs" disagreed or identify any

13    statements made by "Plaintiffs" to that effect.

14         6.      **Paragraph 9, p. 2, lines 9-11:** "Nonetheless, Plaintiffs next tried to

15    obtain the facts about the conspiracy through Interrogatories 13-17 and Request for

16    Production 43, but KE objected and provided no information."

17         **Objection: Conclusory, Lack of Foundation**

18         Korean Air objects to this portion of the declaration because Azar's

19    testimony is conclusory and lacks foundation.  Fed. R. Evid. 602; Fed. R. Evid.

20    701.  Azar provides no factual support for his assertion and mischaracterizes

21    Korean Air's discovery responses.

22         7.      **Paragraph 10, p. 2, lines 12-15:** "The parties then met and conferred.

23    As a result, the parties agreed to try to create an additional interrogatory based on a

24    question from the ABA Antitrust Discovery Handbook, and Plaintiffs would defer

25    moving to compel Interrogatories 13-17 for the time being."

26

27

28

   **DEF. KOREAN AIR'S MOTION TO STRIKE & EVIDENTIARY OBJECTIONS**

1  **Objection: Conclusory, Lack of Foundation, Vague and Ambiguous,**

2  **Lack of Personal Knowledge, Argument, Hearsay**

3      Korean Air objects to this portion of the declaration because Azar's

4  testimony is conclusory, lacks foundation, is vague and ambiguous, is not based on

5  personal knowledge and is argument.  Fed. R. Evid. 602; Fed. R. Evid. 701; *see*

6  *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978) (legal

7  argument cannot establish an admissible fact).  Korean Air further objects to this

8  portion of the declaration because it is inadmissible hearsay.  Fed. R. Evid. 801;

9  Fed. R. Evid. 802.  Azar makes an improper argument regarding an agreement

10 between the parties, does not explain specifically what discussions or actions the

11 parties engaged in when they "met and conferred," does not identify specifically

12 who engaged in the meet and confer process or when it took place, and includes

13 evidence of out-of-court statements offered to prove the truth of the matter asserted

14 therein.

15      8.    **Paragraph 11, p. 2, lines 16-20:** "The parties went back and forth

16 exchanging drafts, making slight revisions to the text from the ABA handbook. One

17 change to the ABA text was the first clause in subpart (e) of Interrogatory 18.

18 Although KE's new counsel claims not to understand that clause, that clause was

19 inserted at the request of KE's prior counsel and counsel for Asiana to avoid their

20 privilege concern."

21 **Objection: Argument, Conclusory, Lack of Foundation, Vague and**

22 **Ambiguous, Hearsay, Lack of Personal Knowledge**

23      Korean Air objects to this portion of the declaration because Azar's

24 testimony is argument, is conclusory, lacks foundation and personal knowledge and

25 is vague and ambiguous.  Fed. R. Evid. 602; Fed. R. Evid. 701; *see British Airways*

26 *Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978) (legal argument cannot

27 establish an admissible fact).  Korean Air further objects to this portion of the

28 declaration because it is inadmissible hearsay.  Fed. R. Evid. 801; Fed. R. Evid.

**DEF. KOREAN AIR'S MOTION TO STRIKE & EVIDENTIARY OBJECTIONS**

802.  Azar provides no factual support for his assertions, including failing to identify specifically who within "KE's prior counsel and counsel for Asiana" took the actions Azar alleges.

9.    **Paragraph 12, pp. 2-3, lines 2:21-3:2:** "The new interrogatory was not a replacement for Interrogatories 13-17. We made that clear to KE's counsel, and I reiterated that fact during the June 22, 2010 hearing before this Court on the location of the S.W. Kim deposition: 'Now if they won't give us the answers sooner and then we end up -- you know, the option is we may end up moving to compel on the original conspiracy interrogatories, serve an additional set of interrogatories on them and then fight that out, but obviously it would delay things.' (p.11). A true and correct copy of the transcript of the June 22 Hearing on Korean Airlines' Motion for Protective Order is attached as Exhibit C."

**Objection: Argument, Conclusory, Lack of Foundation, Lack of Personal Knowledge, Vague and Ambiguous, Hearsay**

Korean Air objects to this portion of the declaration because Azar's testimony is argument, is conclusory, lacks foundation, is not based on personal knowledge, and is vague and ambiguous.  Fed. R. Evid. 602; Fed. R. Evid. 701; *see British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978) (legal argument cannot establish an admissible fact).  Korean Air further objects to this portion of the declaration because it is inadmissible hearsay.  Fed. R. Evid. 801; Fed. R. Evid. 802.  Azar does not explain how Plaintiffs "made that clear to KE's counsel."  Azar does not identify any particular statements that were made, who made any such statements, or to whom or when any such statements were made. The testimony cited does not support Azar's assertions.

10.    **Paragraph 13, p. 3, lines 3-8:** "The parties seemed to reach agreement on June 3, 2010, but the discussion took a turn when on June 4, counsel for Asiana wrote that both Defendants were preserving all objections. *See* Exhibit A, which is a true and correct copy of an email chain I participated in, including an

**DEF. KOREAN AIR'S MOTION TO STRIKE & EVIDENTIARY OBJECTIONS**

email I received dated June 4, 2010 ('I understand Clay discussed with you earlier, in responding to the revised interrogatory, we are preserving all objections.')."

**Objection: Argument, Lack of Personal Knowledge, Conclusory, Lack of Foundation, Hearsay**

Korean Air objects to this portion of the declaration because Azar's testimony is argument, is not based on personal knowledge, is conclusory and lacks foundation.  Fed. R. Evid. 602; Fed. R. Evid. 701; *see British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978) (legal argument cannot establish an admissible fact).  Korean Air further objects to this portion of the declaration because it is inadmissible hearsay.  Fed. R. Evid. 801; Fed. R. Evid. 802.  Azar's statement includes improper argument and opinion regarding whether the parties "seemed to reach an agreement."  Azar also does not provide any factual support for the claim that the parties "seemed to reach an agreement" on June 3, 2010.  The documents cited by Azar do not stand for that notion, as Azar's June 3, 2010 email merely asks "Please try to let us know your position by the end of the day tomorrow," and the subsequent email is the one where Asiana stated that it was preserving all objections.  *See* Azar's Declaration Exh. A, at 2.

11.    **Paragraph 16, p. 4, lines 8-9:** "In spring 2010, the parties fully met and conferred regarding all issues in Interrogatories 13-17, and Request for Production 43."

**Objection: Conclusory, Lack of Foundation, Lack of Personal Knowledge, Vague and Ambiguous**

Korean Air objects to this portion of the declaration because Azar's testimony is conclusory, lacks foundation and is vague and ambiguous.  Fed. R. Evid. 602; Fed. R. Evid. 701.  Azar does not explain what specific actions or discussions the parties engaged in, when specifically such actions or discussions occurred, what specific issues were addressed through such actions or discussions, or who specifically was involved in such actions or discussions.

-12-

12.     **Paragraph 18, p. 4, lines 16-24**: "Exhibit D also demonstrates that Plaintiffs expected to receive information and document before and after the Class Period, *which contradicts the statement in paragraph 10 of the Morrow Declaration* that the instant motion to compel is the first time Plaintiffs sought information or documents from before the Class Period. *See also* Exhibits E-G, all of which indicate that Plaintiffs were meeting and conferring with Korean Air to obtain documents and information from before and after the Class Period, as part of the parties' efforts to meet and confer regarding the Court's November 2009 order on Plaintiffs' Motion to Compel Document Production."

**Objection: Argument, Conclusory, Best Evidence Rule**

Korean Air objects to this portion of the declaration because Azar's testimony is argument and conclusory. Fed. R. Evid. 602; Fed. R. Evid. 701; *see British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978) (legal argument cannot establish an admissible fact). Korean Air disagrees with Azar's editorializing regarding the content and meaning of these documents. But, regardless, such argument belongs in the Joint Stipulation or Plaintiffs' supplemental memorandum. Azar's Declaration, if anything, should just attach true and correct copies of the evidence from which he is making his conclusions.

13.     **Paragraph 19, p. 4, lines 25-27**: "On August 11, 2010, Plaintiffs met and conferred with KE regarding its interrogatory and Request for Production responses. The discussion expanded from Interrogatory 18 to include the Requests for Production as well."

**Objection: Conclusory, Lack of Foundation, Lacks Personal Knowledge, Vague and Ambiguous**

Korean Air objects to this portion of the declaration because Azar's testimony is conclusory, lacks foundation, lacks personal knowledge and is vague and ambiguous. Fed. R. Evid. 602; Fed. R. Evid. 701. Azar provides no factual support for his assertions that "Plaintiffs" met and conferred with "KE" on August

**DEF. KOREAN AIR'S MOTION TO STRIKE & EVIDENTIARY OBJECTIONS**

11, 2010 and that the discussion included the Requests for Production.  Azar also does not identify who within "Plaintiffs" and "KE" engaged in the alleged meet and confer.  For the reasons discussed above, it is improper for Azar's Declaration to generically refer to actions allegedly taken by "Plaintiffs" and "KE."  "Plaintiffs" are a large number of people.  "KE" is a corporation represented by counsel.  Neither party can simply pick up the phone and call the other.

14.  **Paragraph 20, p. 5, lines 1-5:** "KE says that Plaintiffs failed to meet and confer with its present or former counsel on Request for Production 44 (the S.W. Kim documents), but that is incorrect. I recall discussing the Kim documents with KE's former counsel, including whether KE should produce those documents for the period after he left the United States.

**Objection: Conclusory, Lack of Foundation, Vague and Ambiguous, Argument**

Korean Air objects to this portion of the declaration because Azar's testimony is conclusory, lacks foundation, is vague and ambiguous and is argument. Fed. R. Evid. 602; Fed. R. Evid. 701; *see British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978) (legal argument cannot establish an admissible fact). Azar provides no factual support for his assertion that he discussed the Kim documents with "KE's former counsel," nor does he identify who within "KE's former counsel" engaged in such discussion or when such discussion allegedly occurred.

15.  **Paragraph 24, pp. 5-6, lines 5:23-6:2:** "In Plaintiffs' view, KE did not come back with a substantive proposal to address the major issues or Plaintiffs' concerns given KE's response to Interrogatory 18. KE was also unwilling to offer additional responses to Interrogatory 18 unless Plaintiffs abandoned Interrogatories 13-17. Plaintiffs believe KE should supplement Interrogatory 18 and provide full responses as originally promised, without conditions. And KE made no offer of compromise on any of the Requests for Production."

-14-

**DEF. KOREAN AIR'S MOTION TO STRIKE & EVIDENTIARY OBJECTIONS**

1    **Objection: Argument, Conclusory, Lack of Foundation, Lack of**

2    **Personal Knowledge, Improper Opinion**

3        Korean Air objects to this portion of the declaration because Azar's

4    testimony is argument, is conclusory, lacks foundation, is not based on personal

5    knowledge, and is improper opinion.  Fed. R. Evid. 602; Fed. R. Evid. 701; *see*

6    *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978) (legal

7    argument cannot establish an admissible fact).  Azar's Declaration should not

8    present "Plaintiffs' view" on things – a declaration must be based on personal

9    knowledge and "Plaintiffs" are a large number of people.  Nor is "Plaintiffs view"

10   (which is opinion testimony) the proper topic of a declaration.  Additionally, for the

11   reasons discussed above, it is improper for Azar to generically refer to things "KE"

12   did.  "KE" is a corporation represented by counsel.  "KE" did not have any

13   discussions or interactions with David Azar.

14       16.    **Paragraph 26, p. 6, lines 8-16:** "KE attacks Plaintiffs for not taking

15   the Kim deposition last summer, but Plaintiffs specifically conditioned his

16   deposition on first obtaining satisfactory responses to Interrogatory 18 and the

17   related production of document. Ex. C at 11 ('So ideally, we would like Defendants

18   to give us the answers to the interrogatories by, you know, mid July and then we

19   could take -- and the documents, and then we could take Mr. Kim's deposition, you

20   know, early August if we got satisfactory answers, early, mid August); *id*. at 15

21   ('[T]he deposition will depend on getting the responses and analyzing them and

22   seeing what they look like.')."

23   **Objection: Argument, Conclusory, Lack of Foundation, Lack of**

24   **Personal Knowledge**

25       Korean Air objects to this portion of the declaration because Azar's

26   testimony is argument, is conclusory and lacks foundation and personal knowledge.

27   Fed. R. Evid. 602; Fed. R. Evid. 701; *see British Airways Bd. v. Boeing Co.*, 585

28   F.2d 946, 952 (9th Cir. 1978) (legal argument cannot establish an admissible fact).

1  The portions of hearing testimony cited by Azar do not establish that Plaintiffs

2  "specifically conditioned" their taking the deposition on first obtaining

3  "satisfactory" discovery responses, and Azar provides no other factual support for

4  this assertion.

5      17.   **Paragraph 27, p. 6, lines 17-22:** "Plaintiffs always intended to be

6  prepared with the facts before they took Mr. Kim's declaration. In addition, as KE

7  knows, Plaintiffs reached a settlement with Defendant Asiana that included a

8  cooperation provision at about the same time KE responded to Interrogatory 18 and

9  Requests for Production 44-46. Plaintiffs wanted to work through the cooperation

10  issues that we think will be relevant in taking Mr. Kim's deposition."

11  **Objection: Lack of Personal Knowledge, Conclusory, Lack of**

12  **Foundation**

13      Korean Air objects to this portion of the declaration because Azar's

14  testimony is not based on personal knowledge, is conclusory and lacks foundation.

15  Fed. R. Evid. 602; Fed. R. Evid. 701.  Azar provides no factual support for his

16  conclusory assertions regarding Plaintiffs' intent.  Nor, for the reasons discussed

17  above, should any portion of Azar's Declaration generically refer to what

18  "Plaintiffs wanted" or what "KE [allegedly] knows."  "Plaintiffs" are a large group

19  of people and "KE" is a corporation represented by counsel.

20      18.   **Paragraph 28, pp. 6-7, lines 6:24-7:2:** "KE also argues that Plaintiffs

21  'inexplicably' delayed moving to compel. However, as noted, Plaintiffs reached a

22  settlement with Defendant Asiana that included a cooperation provision and did not

23  move to compel immediately since we anticipated that cooperation with Asiana

24  would begin last Fall based on when the preliminary approval hearing was

25  scheduled, and Plaintiffs were still hopeful of reaching a compromise with KE."

26

27

28

**DEF. KOREAN AIR'S MOTION TO STRIKE & EVIDENTIARY OBJECTIONS**

1
2
## Objection: Conclusory, Lack of Foundation, Lack of Personal Knowledge, Argument

3   Korean Air objects to this portion of the declaration because Azar's

4   testimony is conclusory, lacks foundation, is not based on personal knowledge and

5   is argument.  Fed. R. Evid. 602; Fed. R. Evid. 701; *see British Airways Bd. v.*

6   *Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978) (legal argument cannot establish an

7   admissible fact).  Azar provides no factual support for his conclusory assertions

8   regarding the alleged rationale for Plaintiffs' long delay in moving to compel.

9   Moreover, these paragraphs of pure argument – often citing no evidence

10  whatsoever – belong in the Joint Stipulation or Plaintiff's supplemental

11  memorandum.  This is not admissible evidence.

12  19.   **Paragraph 29, p. 7, lines 3-6:** "The preliminary and final approval

13  hearings, however, were delayed many months apparently in part due to an

14  objection by a different group of plaintiffs, who had a pending appeal to the Ninth

15  Circuit. Those issues, and final approval, occurred last month, in late July 2011."

16  ## Objection: Conclusory, Lack of Foundation

17  Korean Air objects to this portion of the declaration because Azar's

18  testimony is conclusory and lacks foundation.  Fed. R. Evid. 602; Fed. R. Evid.

19  701.  Azar does not provide any factual support for his assertions.

20  20.   **Paragraph 30, p. 7, lines 9-13:** "Finally, KE wrongly states that

21  Plaintiffs have failed to meet and confer with KE about the issues in the Court's

22  November 2009 Order on Plaintiffs' motion to compel, and thus waived its right to

23  seek information and documents. To the contrary, Plaintiffs and KE's former

24  counsel engaged in extensive efforts to meet and confer on those issues and even

25  informed the Court about their progress."

26
27
28

**DEF. KOREAN AIR'S MOTION TO STRIKE & EVIDENTIARY OBJECTIONS**

1   **Objection: Argument, Conclusory, Lack of Foundation, Lacks Personal**

2   **Knowledge, and is Vague and Ambiguous**

3       Korean Air objects to this portion of the declaration because Azar's

4   testimony is argument, is conclusory, lacks foundation, lacks personal knowledge

5   and is vague and ambiguous.  Fed. R. Evid. 602; Fed. R. Evid. 701; *see British*

6   *Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978) (legal argument

7   cannot establish an admissible fact).  Azar does not provide any factual support for

8   his conclusory assertions regarding the alleged "extensive efforts to meet and

9   confer," nor does he identify specifically with whom within "KE's former counsel"

10  he allegedly engaged in such efforts, and when.

11      21.   **Paragraph 31, p. 7, lines 14-21:** "First, after the November 2009

12  hearing, the parties addressed various issues, and started to negotiate search terms

13  and other more involved issues. As required by the Court's November 18, 2009

14  Order, Mr. Everett and I called Magistrate Rosenberg's clerk on or about December

15  8, 2009, to inform the Court that the parties wished to continue meeting and

16  conferring, and providing a brief update on their progress thus far. This was

17  consistent with the transcript of that hearing, in which the Court invited the parties

18  to advise the Court if they need additional time to meet and confer. (Ex. 24 at 59.)"

19      **Objection: Conclusory, Lack of Foundation**

20      Korean Air objects to this portion of the declaration because Azar's

21  testimony is conclusory and lacks foundation.  Fed. R. Evid. 602; Fed. R. Evid.

22  701.  Azar does not identify specific discussions between the parties, the specific

23  discovery issues addressed in such discussions, who participated in such

24  discussions or when such discussions allegedly occurred.

25      22.   **Paragraph 33, p. 8, lines 7-10:** "The parties engaged in extensive

26  meet and confer efforts regarding various issues, and exchanged and adjusted

27  proposals regarding search terms and custodians. Attached as Exhibits D, E and F

28

-18-   **DEF. KOREAN AIR'S MOTION TO STRIKE & EVIDENTIARY OBJECTIONS**

1   are true and correct copies of a sample of email correspondence regarding some of

2   the discovery issues."

3        **Objection: Vague and Ambiguous, Conclusory, Lack of Foundation**

4        Korean Air objects to this portion of the declaration because Azar's

5   testimony is vague and ambiguous, is conclusory and lacks foundation.  Fed. R.

6   Evid. 602; Fed. R. Evid. 701.  Azar's statement is vague and ambiguous in that it

7   does not identify specifically what "extensive meet and confer efforts" were

8   undertaken or what "various issues" were addressed with such efforts.  The three

9   emails cited do not show "extensive" meeting and conferring.

10       23.    **Paragraph 35, p. 8, lines 15-19:** "Finally, as to Korea-purchase and

11  pass-through information, KE's new counsel is misinformed as to those

12  discussions. I had substantial discussions with KE's former counsel about our

13  respective positions as to that information, and how we might best target the

14  information sought. I would be happy to provide details to the Court at the

15  hearing."

16       **Objection: Argument, Lack of Personal Knowledge, Conclusory, Lack of**

17  **Foundation, Vague and Ambiguous**

18       Korean Air objects to this portion of the declaration because Azar's

19  testimony is argument, is not based on personal knowledge, is conclusory, lacks

20  foundation, and is vague and ambiguous.  Fed. R. Evid. 602; Fed. R. Evid. 701; *see*

21  *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978) (legal

22  argument cannot establish an admissible fact).  Azar does not identify with whom

23  he engaged in discussions, nor does he identify specifically any of the "substantial

24  discussions" or when they occurred.

25  ///

26  ///

27  ///

28

**DEF. KOREAN AIR'S MOTION TO STRIKE & EVIDENTIARY OBJECTIONS**

## V.   **CONCLUSION**

For all of the foregoing reasons, Korean Air requests that the Court strike Azar's Declaration and/or sustain each of Korean Air's evidentiary objections.  In the alternative, Korean Air requests an opportunity to respond to Azar's Declaration.

DATED:  September 7, 2011     DONALD L. MORROW
                              PANTEHA ABDOLLAHI
                              ABIGAIL W. LLOYD
                              PAUL HASTINGS LLP

                              By:_____/s/_____
                                          DONALD L. MORROW

                              Attorneys for Defendant

-20-     **DEF. KOREAN AIR'S MOTION TO STRIKE & EVIDENTIARY OBJECTIONS**