MARC M. SELTZER (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150

SUSAN G. KUPFER (141724)
skupfer@glancylaw.com
GLANCY BINKOW & GOLDBERG LLP
One Embarcadero Center, Suite 760
San Francisco, CA 94111
Tel: (415) 972-8160
Fax: (415) 972-8166

JEFF S. WESTERMAN (94559)
jwesterman@jswlegal.com
WESTERMAN LAW CORP.
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Tel: (310) 698-7450
Fax: (310) 201-9160

Plaintiffs' Settlement Class Counsel

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| In re KOREAN AIR LINES CO., LTD. ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>All Actions | MDL No. 1891<br><br>Master File No. CV 07-05107 SJO (AGRx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' EX PARTE APPLICATION FOR ORDER ALLOWING DISCOVERY OF OBJECTORS AND THEIR COUNSEL** |

DOCS\674644v1

Plaintiffs respectfully submit this memorandum in support[1] of their *ex parte* application for an order allowing them to obtain documents and depose objectors Stuart Johnson, Said Nedlouf and Ki Ja Chung[2] (the "Objectors"), and Johnson's counsel, Joseph Darrell Palmer.[3]

## I. INTRODUCTION

Plaintiffs seek an order, on an *ex parte* basis, allowing them to obtain documents from, and depose the Objectors and Palmer expeditiously and thereby obtain evidence relevant to each objection *before* the hearing on plaintiffs' application for final approval of the settlement with defendant Korean Air Lines Co., Ltd., scheduled for December 2, 2013.[4]

## II. BACKGROUND

The Court's Preliminary Approval Order scheduled the fairness hearing for the Proposed Settlement for December 2, 2013.

Plaintiffs have legitimate concerns regarding the standing of the Objectors and the *bona fides* and bases of the Objections. Among other things, statements made by the Objectors do not satisfactorily establish that the Objectors have standing to object and provide nothing more than unsupported conclusory assertions in support of their claimed status as Class members. *Id.* Furthermore, there are serious questions regarding the motives and *bona fides* of the Objectors. Counsel for Objector Johnson is a notorious and discredited "professional"

---

[1] This brief is submitted to provide the basic authority for this ex parte application, and to avoid repetition, the accompanying Memorandum in Support of the Plaintiffs' Application for Order Allowing Discovery of Objectors and Their Counsel is the more complete and comprehensive explanation of the basis for this application.

[2] Counsel for Ms. Chung has indicated that they do not object to this application.

[3] This application is filed in accordance with the procedures described in *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). All references to "Ex. __" are references to exhibits annexed to the accompanying Declaration of Jeff S. Westerman ("Westerman Decl.").

[4] Defendant Korean Air Lines Co. does not object to the discovery plaintiffs are seeking in this application. Westerman Decl. at ¶ 2.

objector, and Objectors Nedlouf and Chung are closely related to their respective counsel. *Id.* Accordingly, plaintiffs seek to examine them to inquire into the basis of their claimed standing and the merits of their objections. *Id.*

## III. ARGUMENT

### A. Legal Standard

For *ex parte* relief to be proper, "(1) 'the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures'; and (2) the moving party must establish that it 'is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect.'" *Lisker v. City of L.A.*, 2013 U.S. Dist. LEXIS 34297 (C.D. Cal. Mar. 12, 2013), quoting *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Plaintiffs and the Class will be irreparably damaged by any unjustified delay in the effectiveness of the settlement.

### B. Plaintiffs Will Be Irreparably Prejudiced If *Ex Parte* Application Is Not Granted

The Objectors could indefinitely delay the conclusion of this litigation, and the disbursement of settlement proceeds to class members. *Barnes v. FleetBoston Fin. Corp.*, No. 01-10395-NG, 2006 U.S. Dist. LEXIS 71072, at *3 (D. Mass. Aug. 22, 2006) ("Repeat objectors to class action settlements can make a living simply by filing frivolous appeals and thereby slowing down the execution of settlements."). And any delay in the final approval of the settlement will only result in increased costs and expense to the detriment of the Plaintiffs and the Class, and to the benefit of no-one other than the Objectors and their attorneys. As the *Barnes* court noted:

> The larger the settlement, the more cost-effective it is to pay the objectors rather than suffer the delay of waiting for an appeal to be resolved (even an expedited appeal). Because of these economic

-2-

realities, professional objectors can levy what is effectively a tax on class action settlements, a tax that has no benefit to anyone other than to the objectors. Literally nothing is gained from the cost: settlements are not restructured and the class, on whose behalf the appeal is purportedly raised, gains nothing.

*Id.* at *3-4.

As such, any delay in the resolution of this Class Action will irreparably prejudice the Plaintiffs and the class.

### C. The Urgent Nature of Application Is Not the Plaintiffs' Fault

Plaintiffs have acted with proper diligence and due expedition throughout the settlement schedule. Furthermore, plaintiffs have substantively complied with the Preliminary Approval Order. Plaintiffs seek to obtain documents and depose the Objectors and Palmer before the fairness hearing. The ordinary rule time will not provide sufficient time to consider this application before the fairness hearing.

DOCS\674644v1

## IV. CONCLUSION

For the reasons stated here and in the accompanying application papers, it is respectfully submitted that Plaintiffs' application be considered on an *ex parte* basis and this application should be granted.

DATED: November 13, 2013

MARC M. SELTZER
SUSMAN GODFREY L.L.P.
/s/ Marc M. Seltzer
―――――――――――――――
Marc M. Seltzer

SUSAN G. KUPFER
GLANCY BINKOW & GOLDBERG LLP

/s/ Susan G. Kupfer
―――――――――――――――
Susan G. Kupfer

JEFF S. WESTERMAN
WESTERMAN LAW CORP.

/s/ Jeff S. Westerman
―――――――――――――――
Jeff S. Westerman
Plaintiffs' Settlement Class Counsel

DOCS\674644v1