1  MARC M. SELTZER (54534)
   mseltzer@susmangodfrey.com
2  SUSMAN GODFREY L.L.P.
   1901 Avenue of the Stars, Suite 950
3  Los Angeles, CA 90067
   Tel: (310) 789-3100
4  Fax: (310) 789-3150

5  SUSAN G. KUPFER (141724)
   kupfer@glancylaw.com
6  GLANCY BINKOW & GOLDBERG LLP
   One Embarcadero Center, Suite 760
7  San Francisco, CA 94111
   Tel: (415) 972-8160
8  Fax: (415) 972-8166

9  JEFF S. WESTERMAN (94559)
   jwesterman@jswlegal.com
10 WESTERMAN LAW CORP.
   1925 Century Park East, Suite 2100
11 Los Angeles, CA 90067
   Tel: (310) 698-7450
12 Fax: (310) 201-9160

13 Plaintiffs' Settlement Class Counsel

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| In re KOREAN AIR LINES CO., LTD. ANTITRUST LITIGATION | MDL No. 1891 |
| | Master File No. CV 07-05107 SJO (AGRx) |
| This Document Relates To:<br><br>All Actions | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' APPLICATION FOR ORDER ALLOWING DISCOVERY OF OBJECTORS AND THEIR COUNSEL** |

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................ii

I.  INTRODUCTION ........................................................................................1

II. BACKGROUND ..........................................................................................3

    A.  The Proposed Settlement Benefits All Class Members and Ends This Lengthy, Costly and Contentious Class Action ...........................3

    B.  The Johnson Objection Was Filed by a Discredited Serial Objector .............................................................................................5

    C.  The Chung and Nedlouf Objections Were Filed By Close Relatives of the Objectors ................................................................8

    D.  None of the Objectors Have Provided Any Evidence of Class Membership and Standing .............................................................11

    E.  The Requested Discovery ..............................................................12

III. ARGUMENT .............................................................................................12

    A.  Legal Standard ...............................................................................12

    B.  The Subject Matter of the Requested Documents and Depositions Is Relevant, Permissible, and Tailored ......................13

    C.  Plaintiffs Will Limit Depositions to 4 Hours Thereby Minimizing Any Potential Hardship ..............................................14

    D.  The Objectors Voluntarily Appeared In This Litigation and Should Be Subject to Deposition ...................................................15

IV. CONCLUSION ..........................................................................................16

# **TABLE OF AUTHORITIES**

**Page(s)**

CASES

*Arthur v. Sallie Mae, Inc.*,
 No. C10-198JLR (W.D. Wa. Sept. 14, 2012) .................................................. 6, 14

*Barnes v. FleetBoston Fin. Corp.*,
 No. 01-10395-NG, 2006 U.S. Dist. LEXIS 71072 (D. Mass. Aug. 22, 2006) ............................................................................................................ 5, 8

*In re Cathode Ray Tube Antitrust Litig.*,
 281 F.R.D. 531 (N.D. Cal. 2012) ............................................................. 12, 13, 15

*In re Checking Account Overdraft Litig.*,
 830 F. Supp. 2d 1330 (S.D. Fla. 2011) .................................................................. 8

*In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*,
 No. 3:08-MD-01998, MDL No. 1998, 2010 U.S. Dist. LEXIS 87596
 (W.D. Ky. Aug. 24, 2010) ..................................................................................... 10

*Del Campo v. Kennedy*,
 236 F.R.D. 454 (N.D. Cal. 2006) .......................................................................... 13

*Dinklage v. Holland America Line-Westours, Inc.*,
 No. C06-0018-JCC, 2007 U.S. Dist. LEXIS 21919 (W.D. Wash. Mar. 27, 2007) .................................................................................................................... 7

*Dremak v. Iovate Health Scis. Group, Inc. (In re Hydroxycut Mktg. & Sales Practices Litig.)*,
 2013 U.S. Dist. LEXIS 133413 (S.D. Cal. Sept. 17, 2013) ................................... 3

*Esslinger v. HSBC Bank Nevada, N.A.*,
 No. 12-4549 (3d Cir. March 7, 2013) .................................................................... 7

*Gemelas v. The Dannon Co., Inc.*,
 No. 1:08-cv-00236 (N.D. Ohio June 8, 2010) ....................................................... 7

*Gonzales v. Google, Inc.*,
 234 F.R.D. 674 (N.D. Cal. 2006) .......................................................................... 13

*Gould v. Alleco, Inc.*,
 883 F.2d 281 (4th Cir. 1989) ................................................................................... 3

*Heat & Control, Inc. v. Hester Indus., Inc.*,
 785 F.2d 1017 (Fed. Cir. 1986) ............................................................................ 13

*Heekin v. Anthem, Inc.*,
 No. 1:05-cv-1908-TWP-TAB, 2013 U.S. Dist. LEXIS 26700 (S.D. Ind. Feb. 27, 2013) ..................................................................................................... 5, 6

*Herfert v. Crayola, LLC*,
 No. C11-1301-JCC (W.D. Wa. August 17, 2012) ................................................. 7

*In re Hydroxycut Marketing and Sales Practices Litig.*,
  2013 U.S. Dist. LEXIS 133413 (S.D. Ca. 2013) .................................................. *passim*

*In re Law Office of Jonathan E. Fortman, LLC*,
  2013 U.S. Dist. LEXIS 13903, 2013 WL 414476 (E.D Mo. Feb. 1, 2013) .......... 11

*McCubbrey v. Boise Cascade Home & Land Corp.*,
  71 F.R.D. 62 (N.D. Cal. 1976) ............................................................................ 12

*In re Oil Spill*,
  No. MDL 2179 Section J, 2013 U.S. Dist. LEXIS 4595, at *154 n.40
  (E.D. La. Jan. 11, 2013) ........................................................................................ 5

*Oppenheimer Fund, Inc. v. Sanders*,
  437 U.S. 340 (1978) ............................................................................................ 13

*In re Reebok Easytone Litig.*,
  No. 12-MC-2 (S.D. Tex. Jan. 6, 2012) ............................................................... 15

*In re Static Random Access Memory Antitrust Litig.*,
  No. M:07-CV-01819, MDL No. 1819, 2011 U.S. Dist. LEXIS 112915,
  (N.D. Cal. Sept. 23, 2011) .................................................................................. 14

*Stern v. AT&T Mobility Corp.*,
  No. 05-cv-8842 (C.D. Cal. Oct. 15, 2010) ......................................................... 14

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
  No. M 07-1827, 2013 U.S. Dist. LEXIS 34845 (N.D. Cal. Mar. 12, 2013) ...... 2, 6

*In re Uponor, Inc.*,
  No. 11-MD-2247, 2012 U.S. Dist. LEXIS 130140 (D. Minn. Sept. 11,
  2012) ................................................................................................................. 5, 6

**OTHER AUTHORITIES**

FED. R. CIV. P. 23(e)(5) ............................................................................................ 3

FED. R. CIV. P. 26(b) .............................................................................................. 13

FED. R. CIV. P. 30 ............................................................................................ 12, 13

FED. R. CIV. P. 45 .................................................................................................. 13

Plaintiffs respectfully submit this memorandum of points and authorities in support of their application for an order allowing discovery of objectors Stuart Johnson, Said Nedlouf, and Ki Ja Chung[1] (the "Objectors") and their counsel. This application is submitted concurrently with plaintiffs' application to consider this application on an *ex parte* basis.[2]

## I. INTRODUCTION

The preliminary approval order, at ¶ 32, stayed discovery pending the settlement approval process, by agreement of the parties. Given the three sets of objections filed, class counsel seeks to lift the stay in a limited manner to protect the interests of the class, and explore whether the objectors are simply attempting to hold up the settlement relief from reaching the class, and using the leverage of an objection and possible appeal to seek payment for themselves, and no benefit to the class as at least one of them is believed to have done on numerous occasions in the past.[3]

Joseph Darrell Palmer, Johnson's counsel, is a serial objector whose business model is to file minimal paperwork with conclusory assertions, as he did here, and then appeal and hold the relief to the class hostage in the hopes that counsel will pay him off to withdraw his objection or drop his appeal. His brief is full of assertions about the duties of the court and class counsel to look out for the interests of the Class. Yet he is all about holding up the settlement relief, to the detriment of the Class. This application is to seek discovery about how he and the other Objectors fit in the fiduciary role of looking out for the interests of the Class.

---

[1] Counsel for Ms. Chung has indicated that they do not object to this application. Declaration of Paul F. Novak ("Novak Decl.") at ¶ 13. Counsel for Objectors Johnson and Nedlouf have both indicated that they oppose the application. Id. at ¶ 7, Ex. 1; and ¶ 10, Ex. 3.

[2] All references to "Ex. __" are references to exhibits annexed to the Declaration of Jeff S. Westerman ("Westerman Decl.").

[3] Defendant Korean Air Lines Co. does not object to the discovery plaintiffs are seeking in this application. Westerman Decl. at ¶ 2.

The bad nature of Palmer's conduct has been recognized by so many courts, including his repeated failure to respond to court ordered discovery related to his objections. *See, e.g., In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M07-1827, 2013 U.S. Dist. LEXIS 34845 (N.D. Cal. Mar. 12, 2013) (finding Palmer and his objector clients - his wife and aunt - in civil contempt and awarding monetary sanctions for violating a court order that the objectors appear for deposition). Accordingly, Class counsel is asking the Court's assistance to look after the interests of the class, as Palmer's brief requests,[4] and look behind his objections and conduct, so that he cannot hold the class settlement hostage here. The Nedlouf objection is suspiciously similar to Johnson's objection, in that their Declarations are worded in the same incomplete and inconclusive way. Neither specifies from which airline a ticket was supposedly purchased. Which airline they might have standing for is relevant for a variety of reasons, including that the Asiana settlement was already Court approved without objection. In addition, the Nedlouf objection tracks Palmer's in content, and the objector appears to be a relative of his counsel. Where objectors purport to represent the interests of the class, and are represented by a family member courts should inquire as to whether the motivation of the family member is to benefit their counsel over the class. Objector Chung also faces numerous questions because she did not even specify that she purchased an airline ticket, and her counsel also appears to be a relative.

As such, Plaintiffs seek an order, on an *ex parte* basis, allowing for specific document discovery from, and the depositions of certain of the Objectors and their counsel before the fairness hearing scheduled for December 2, 2013. The declarations submitted by the Objectors do not satisfactorily establish that the Objectors are members of the Class and therefore do not establish that they have

---

[4] "A district court must act as a fiduciary for the class, with a jealous regard for the rights and interests of absent class members." Objector Johnson's Objections to Proposed Settlement and Notice of Intent to Appear. ECF No. 640 at 2 (internal quotations omitted).

standing to object to the proposed settlement. Only class members have standing to object to the Proposed Settlement. *Dremak v. Iovate Health Scis. Group, Inc. (In re Hydroxycut Mktg. & Sales Practices Litig.)*, Case Nos. 09md2087 BTM (KSC), 09cv1088 BTM (KSC), 2013 U.S. Dist. LEXIS 133413 (S.D. Cal. Sept. 17, 2013) ("Under Fed. R. Civ. P. 23(e)(5), any *class member* may object to a proposed class settlement. Thus, 'non-class members have no standing to object.'" (quoting *Gould v. Alleco, Inc.*, 883 F.2d 281, 284 (4th Cir. 1989)).

The Declarations of these Objectors provide nothing more than unsupported conclusory assertions. There are also serious questions concerning the motives behind the objections. Objector Johnson is represented by the notorious serial objector Palmer. The conduct of Mr. Palmer and his objector clients has been repeatedly questioned by the courts. Objectors Nedlouf and Chung appear to have close family ties to their counsel, and Nedlouf's papers suspiciously track Palmer's, suggesting collusion, giving rise to serious concerns as to their motives and *bona fides*.

Accordingly, plaintiffs seek to depose Objectors Johnson, Nedlouf and Chung, and Johnson's counsel, Palmer, for no more than four hours each, on topics focused on (1) whether the Objectors have standing as Class members to object to the settlement; (2) the basis of their objections; (3) whether they and their counsel are objecting for legitimate purposes, and (4) retainer and compensation arrangements in this and other class cases where these objectors or their counsel have appeared.

This Court should grant plaintiffs' application and allow document discovery and the depositions of Palmer and Objectors Johnson, Nedlouf, and Chung to proceed before December 2, 2013.

## II. BACKGROUND

### A. The Proposed Settlement Benefits All Class Members and Ends This Lengthy, Costly and Contentious Class Action

This litigation has been pending for nearly seven years. Following months of arm's-length negotiations—including numerous conference calls and face-to-face discussions among counsel and with the assistance of the mediator, the Hon. Layn R. Phillips, United States District Judge (Retired), plaintiffs and defendant Korean Air Lines Co., Ltd. ("Korean Air") agreed to a settlement.

The Asiana settlement was previously approved without objection. The proposed Korean Air settlement, along with the Asiana settlement, will provide substantial economic benefit to the purchaser of passenger airline tickets on Korean Air for travel either to or from the United States and South Korea between January 1, 2000, and August 1, 2007. The Court's Preliminary Approval Order was filed on July 31, 2013. In accordance with the Preliminary Approval Order and the approved Class notice plan, notice of the proposed settlement was widely disseminated by mail, email, paid and earned media.[5]

The Preliminary Approval Order at ¶ 28 provided that any party objecting to the settlement must do so by October 25, 2013. Three objections were submitted to this Court: an objection by Stuart Johnson (the "Johnson Objection"), an objection by Said Nedlouf and the Estate of Mary Kathryn Bizjak (the "Nedlouf Objection"), and the joint objection of Ki Ja Chung, Joo Young Jin, Tae Bong Nam, Joo Jin, Hyun Tae Kim, Ki Myung Chung, Myung Suk Joo, Jane Doe Joo, Jing Young Kim, Hwan Hang Hur, Moon Ho Kim, and Jane Doe Kim (the "Chung Objection"). The Johnson and Chung Objections were filed on the last day possible, October 25, 2013, and the Nedlouf Objection was filed only two days earlier, on October 23, 2013.[6]

---

[5] See Pls.' Notice of Mot. for Prelim. Approval of Settlement Between Pls. and Def. Korean Air Lines, Co., Ltd., July 3, 2013, (ECF No. 595) and [Proposed] Order Granting Plfs.' Mot. for Prelim. Settlement Between Pls. and Def. Korean Air Lines, Co., Ltd. and for Approval of Notice Plan, Plan of Allocation and Claim Form, at ¶ 7. ECF No. 595-1.

[6] See ECF Nos. 640, 639 and 635. Ex. 1, 2, 3.

### B. The Johnson Objection Was Filed by a Discredited Serial Objector

The Johnson Objection was filed on behalf of the objector by Palmer, a "professional" and "serial" objector to proposed class action settlements. *In re Oil Spill*, No. MDL 2179 Section J, 2013 U.S. Dist. LEXIS 4595, at *154 n.40 (E.D. La. Jan. 11, 2013) ("Mr. Palmer has been deemed a 'serial objector' by several courts."); *Heekin v. Anthem, Inc.*, No. 1:05-cv-1908-TWP-TAB, 2013 U.S. Dist. LEXIS 26700, at *9 (S.D. Ind. Feb. 27, 2013) ("Plaintiffs have produced evidence that Mr. Palmer is likely a serial objector and other courts have recognized similar behavior."); *In re Uponor, Inc.*, No. 11-MD-2247, 2012 U.S. Dist. LEXIS 130140, at *8-9 (D. Minn. Sept. 11, 2012) ("[T]he Palmer Objectors appear to be represented by an attorney who has not entered an appearance in this case and who is believed to be a serial objector to other class-action settlements").

It is well-established that "serial" or "professional" objectors routinely object to class action settlements in an attempt to extract payments from parties or counsel to avoid years of delay caused by the appeals of their objections:

> Repeat objectors to class action settlements can make a living simply by filing frivolous appeals and thereby slowing down the execution of settlements. The larger the settlement, the more cost-effective it is to pay the objectors rather than suffer the delay of waiting for an appeal to be resolved (even an expedited appeal). Because of these economic realities, professional objectors can levy what is effectively a tax on class action settlements, a tax that has no benefit to anyone other than to the objectors. Literally nothing is gained from the cost: settlements are not restructured and the class, on whose behalf the appeal is purportedly raised, gains nothing.

*Barnes v. FleetBoston Fin. Corp.*, No. 01-10395-NG, 2006 U.S. Dist. LEXIS 71072, at *3–4 (D. Mass. Aug. 22, 2006).

Palmer reportedly stated in a recent class action seminar that filing objections in class action settlements is a "hobby" of his and that he has been paid "a lot" to sell subsequent appellate rights to resolve his objections. *See* Notes from the Fifteenth Annual National Institute on Class Actions,

http://classactionblawg.com/2011/10/17/notes-from-the-15th-annual-national-institute-on-class-actions (last visited Nov. 11, 2013). Ex. 13. Courts have noted that as a professional objector, Palmer's intervention in cases consists of filing many, ultimately rejected, objections, "suggesting that the actions were to disrupt and delay." Mot. Hr'g Tr. ("Tr.") 16:10-11, *Arthur v. Sallie Mae, Inc.*, No. C10-198JLR (W.D. Wa. Sept. 14, 2012). Ex. 4. *See In re Uponor*, 2012 U.S. Dist. LEXIS 130140, at *9 ("The Palmer Objectors' objections and subsequent appeal appear little more than dilatory tactics of questionable motivation."). Indeed, a Ninth Circuit District Court Judge described Mr. Palmer as a "'professional' not in any favorable sense, objector." *Arthur* Tr. 16:12-13. Ex. 4.

Courts have also found that Palmer repeatedly engaged in bad faith and vexatious conduct when objecting to settlements. *See In re Uponor,* 2012 U.S. Dist. LEXIS 130140 at *8 (imposing $170,000 appeal bond upon finding "that the Palmer Objectors have evidenced bad faith and vexatious conduct."); *In re TFT-LCD*, No. M 07-1827, 2013 U.S. Dist. LEXIS 34845 (finding Palmer and his objector clients - his wife and aunt - in civil contempt and awarding monetary sanctions for violating a court order that the objectors appear for deposition); *Heekin*, 2013 U.S. Dist. LEXIS 26700 at *9-11 (imposing a $250,000 appeal bond after finding convincing evidence of bad faith or vexatious conduct by Palmer and his client).[7] In another class action settlement approval hearing the Western District of Washington noted that Palmer as counsel for objectors "has made at least three misrepresentations to the court in their motions for attorney's fees." *Arthur* Tr. 16:15-16; (detailing Palmer's "misrepresentations" to the court), Ex. 4.

Palmer has also been "temporarily suspended from the Colorado Bar Association, the State Bar of Arizona, and the State Bar of California as a result of

---

[7] *But see*, Order denying Plaintiff's Motion for Imposition of Appeal Bonds Under Federal Rule of Appellate Procedure 7, *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, and Products Liability Litig.*, 8:10-ml-02151 JVS (FMOx), (C.D. Cal. Oct. 21, 2013) ECF. No. 4397.

a Colorado felony conviction." *Id.* at 8:4-7. Irrespective of the nature of his felony conviction and the various state bar disciplinary proceedings against him, Palmer has on at least three other occasions, "improperly certified and declared under penalty of perjury that he did not have a disciplinary history." *Id.* at 8:17-21. *See* Order Den. Appl. Of Claimant's Counsel Darrell Palmer to Appear Pro Hac Vice, *Herfert v. Crayola, LLC*, No. C11-1301-JCC (W.D. Wa. August 17, 2012), ECF No. 74 (court denied Palmer's *pro hac vice* application because he "falsely declared under penalty of perjury that he had not been disbarred or formally censured by a court of record or by a state bar association."); *see* Aff. of Darrell Palmer in Supp. of Mot. for Admis. Pro Hac Vice, *Gemelas v. The Dannon Co., Inc.*, No. 1:08-cv-00236, (N.D. Ohio June 8, 2010), ECF No. 64 (In a sworn affidavit, submitted on June 8, 2010, in support of a *pro hac vice* motion, Palmer swore that he had "never been the subject of disciplinary action of any kind in any bar or court."), Ex. 5; App. for Leave to Appear Pro Hac Vice, *Dinklage v. Holland America Line-Westours, Inc.*, No. C06-0018-JCC, 2007 U.S. Dist. LEXIS 21919 (W.D. Wash. Mar. 27, 2007) ECF No. 12 (In his *pro hac vice* application Palmer again declared under penalty of perjury that he has not "been disbarred or formally censured by a court of record or by a state bar association."). Ex. 6. Indeed, the Third Circuit Court of Appeals recently referred Palmer to the State Bar of California. *Esslinger v. HSBC Bank Nevada, N.A.*, No. 12-4549 (3d Cir. March 7, 2013). *See* Ex. 7.

The *bona fides* of Palmer's client-objectors has also been questioned. For instance, in *In re Hydroxycut*, an evidentiary hearing of the objectors was scheduled. 2013 U.S. Dist. LEXIS 133413 at *59. However, Palmer filed a motion to withdraw as attorney for the objectors on the day of the scheduled evidentiary hearing, and one of his objector-clients did not attend the hearing. *Id.* at *60-61. However, another objector gave evidence at the hearing and the Court noted that the objector's "credibility is further undermined by her relationship with

Palmer and her peculiar involvement in litigation regarding objections to class action settlements." *Id.* at *65. Here, the *bona fides* of his "client" and the nature of his relationship with Palmer should be the subject of an examination under oath.

The Johnson Objection is meritless and Palmer is engaging in the same pattern of behavior that has previously seen him excoriated by courts in the Ninth Circuit and elsewhere. He again appears to be attempting to delay the execution of the proposed settlement to "levy a tax" for his own private benefit. *In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d 1330, 1362 (S.D. Fla. 2011) ("[P]rofessional objectors can levy what is effectively a tax on class action settlements, a tax that has no benefit to anyone other than to the objectors." (quoting *Barnes,* 2006 U.S. Dist. LEXIS 71072, at *3–4))

Therefore, it is also appropriate for the Court to look out for the interests fo the Class, as Palmer's objection requests, and allow discovery of Palmer to determine once and for all in the public record how many times, and for how much, he has sold off his objections or abandoned appeals for no benefit to the class in return for a payment to himself.

### C. The Chung and Nedlouf Objections Were Filed By Close Relatives of the Objectors

Plaintiffs also have concerns about the motives and *bona fides* of Objectors Chung and Nedlouf. Both Objectors appear to be represented by family members.

The Chung Objection was filed by Eddie Yoon, Esq., who is counsel of record for the objectors in this case, together with two other attorneys. The Chung Objection was purportedly jointly filed on behalf of twelve named objectors (Ki Ja Chung, Joo Young Jin, Tae Bong Nam, Joo Jin, Hyun Tae Kim, Ki Myung Chung, Myung Suk Joo, Jane Doe Joo, Jing Young Kim, Hwan Hang Hur, Moon Ho Kim, and Jane Doe Kim). The Preliminary Approval Order provides that "[a]ny objection to the Settlement by a Settlement Class member shall include (1) the complete name and residence or business address of the objecting member; (2) a

statement signed under penalty of perjury by the objecting member, that the member purchased Passenger Air Transportation on the airlines of defendants . . . at any time during the period January 1, 2000 through August 1, 2007." Preliminary Approval Order at ¶ 29. However, only Ki Ja Chung submitted a declaration. Accordingly, any objections by Joo Young Jin, Tae Bong Nam, Joo Jin, Hyun Tae Kim, Ki Myung Chung, Myung Suk Joo, Jane Doe Joo, Jing Young Kim, Hwan Hang Hur, Moon Ho Kim, and Jane Doe Kim should be disregarded. It should also be noted that Ms. Chung's declaration does not comply with the Preliminary Approval Order. First, Objector Chung does not provide her "residence or business address." Second, Objector Chung declared, under penalty of perjury, that "I am one of the class members for the class action against Korean Airlines and Asiana Airlines." ECF No. 639-5. Ms. Chung, however, does not declare under penalty of perjury that she has ever purchased airline tickets from the defendants' airlines. Instead, she simply provides a conclusory assertion that she is "one of the class members." *Id.* Ms. Chung's failure to declare, under penalty of perjury, that she purchased passenger tickets raises legitimate questions as to her standing to object and warrants examination by way of document discovery and deposition.

Both Eddie Yoon and Objector Ki Ja Chung appear to reside at the same address: 8804 45th St W, Tacoma, Washington. Ex. 8. In Mr. Yoon's declaration in support of the Chung Objection he states that "my wife and I have flown both Korean Airlines and Asiana Airlines" and "are frequent fliers on both Korean Airlines and Asiana Airlines."[8] Although it is not stated anywhere in Mr. Yoon's

---

[8] Declaration of Eddie Yoon, ECF No. 639-6 at ¶¶ 2, 3. Although Mr. Yoon declares that he and his wife "have flown both Korean Airlines and Asiana Airlines" and "are frequent fliers on both Korean Airlines and Asiana Airlines," like Objector Chung, nowhere does he state, under penalty of perjury or otherwise, that he or his wife "purchased Passenger Air Transportation on the airlines of defendants . . . at any time during the period January 1, 2000 through August 1, 2007."

declaration, it appears that Objector Ki Ja Chung is married or otherwise closely related to Mr. Yoon, her attorney. Ex. 8. Yoon's objections are also suspect because he has been counsel of record in the case, yet never made any contribution, nor alerted the Court to any complaint the entire seven years. The nature of his objections indicates he is simply trying to disrupt the settlement. For example, Mr. Yoon suggests that Class counsel "did not show enough concern or cultural sensitivity to the needs of the actual beneficiaries of this class action." Yoon Decl. at ¶ 2. However, the Chung Objection largely ignores the extensive efforts class counsel made to communicate directly with the Korean community in the Korean language, including by way of specifically targeted paid media placements in Korean-language newspapers and television. *See* Kinsella Decl. ECF No. 627, ¶¶ 16-22.

Objector Nedlouf also appears to be related to one of his counsel, Chester H. Arter, III, Esq. According to Mr. Nedlouf's declaration, Mr. Nedlouf resides at 401 Palmetto Street, Saint Simons Island, Georgia. Tamara Arter Nedlouf resides at the same address and is the owner of the property. Ex. 9. It appears that Tamara Arter Nedlouf is married to Objector Nedlouf. Ex. 9, 10. It also appears that Tamara Arter Nedlouf is closely related to Chester Arter III, Esq., Objector Nedlouf's counsel. Ex. 9, 11.

The possible close but undisclosed family relationships between Objectors Chung and Nedlouf and their respective counsel, along with the near identical declarations of Johnson and Nedouf, and their objections, raises concerns of the motives precipitating the Chung and Nedlouf Objections. "[A] cottage industry has developed of professional objectors, where again the emphasis or at least the primary motivation is attorneys' fees." *In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*, No. 3:08-MD-01998, MDL No. 1998, 2010 U.S. Dist. LEXIS 87596, at *13 (W.D. Ky. Aug. 24, 2010). Accordingly, the standing and motives of Objectors Chung and Nedlouf should also be examined to determine

whether their objections are for the genuine benefit of the class, or instead, for their personal benefit and to the financial benefit of their related counsel. "When assessing the merits of an objection to a class action settlement, courts consider the background and intent of objectors and their counsel, particularly when indicative of a motive other than putting the interest of the class members first." *In re: Law Office of Jonathan E. Fortman, LLC*, Case No. 4:13MC00042 AGF, 2013 U.S. Dist. LEXIS 13903, at *3 (E.D. Mo. Feb. 1, 2013). Accordingly, Objectors Chung and Nedlouf should be examined regarding the *bona* fides of their objections.

### D. None of the Objectors Have Provided Any Evidence of Class Membership and Standing

The Objectors have the burden of establishing that they have standing to object to the Proposed Settlement. *In re Hydroxycut*, 2013 U.S. Dist. LEXIS 133413, at *61 ("The party seeking to invoke the Court's jurisdiction — in this case, the Objectors — has the burden of establishing standing." (Citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 103-04, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998))). None of the objectors provided declarations with proper foundation, or any documentary evidence regarding their purported purchase of passenger tickets, in the United States, on the airlines of defendants for flights between the United States and South Korea, during the period January 1, 2000 through August 1, 2007. Instead, Objectors Johnson and Nedlouf simply make suspiciously identically worded bald assertions that they purchased airline tickets for travel on "Korean Air Lines or Asiana Airlines" during the Class Period.[9] Neither state which airline the tickets were bought from. These bald assertions do

---

[9] *See* Declaration of Stuart Johnson In Support of His Objections, ECF No. 642, ¶ 4 ("I purchased in the United States a ticket for air passenger travel originating in the United States and Korea and ending in Korea and the United States on Korean Air Lines or Asiana Airlines between January 1, 2000 and August 1, 2007."), Nedlouf Declaration, ECF No. 635-1, ¶ 3 ("I purchased in the United States a ticket for air passenger travel originating in the United States and ending in Korean on Korean Air Lines or Asiana Airlines between January 1, 2000 and August 1, 2007.")

not satisfy their standing.[10] *Id.*

### E. The Requested Discovery

To allay Plaintiffs legitimate concerns as to the Objectors' standing to object to the Proposed Settlement, arising from the Objectors failure to produce documentary evidence of their purchase of airline tickets and their close relationship with their respective counsel, plaintiffs seek documents from these three objectors and their counsel, and to depose these three Objectors and Palmer before the fairness hearing scheduled to take place on December 2, 2013. Plaintiffs' proposed deposition of the Objectors will be focused on whether the Objectors are Class members and have standing to object; the basis of their objections; the motives of the Objectors and their respective counsel in objecting to the proposed settlement; their retainer agreements; and any past or pending class objections or appeals, and any payments requested or obtained. The proposed depositions will not exceed four hours and will be undertaken within 100 miles of each Objector's place of residence or the office of their counsel of record.[11]

## III. ARGUMENT

### A. Legal Standard

Federal Rule of Civil Procedure 30(a)(1) permits a party to "depose any person, including a party, without leave of court." "Some courts have held that 'absent class members are parties to an action, properly before the court, and subject to its judicial orders.'" *In re Cathode Ray Tube Antitrust Litig.*, 281 F.R.D. 531, 532 (N.D. Cal. 2012); *McCubbrey v. Boise Cascade Home & Land Corp.*, 71 F.R.D. 62, 72 (N.D. Cal. 1976). Here, discovery is stayed pending the settlement approval process, as agreed to by the parties. *See* Preliminary Approval Order at ¶

---

[10] As noted, *supra*, Objector Chung simply declares that she is a class member. *Supra* at 7 n.6, 8 n.7.

[11] Objector Johnson may be in the United Arab Emirates. Accordingly, Plaintiffs propose that his deposition be conducted within 100 miles of Palmer's office.

32. Given the circumstances surrounding the Objectors it is appropriate to make a limited exception to the stay, and Korean Air does not object to this discovery.

To the extent the objectors are considered parties; their depositions may be noticed pursuant to FED. R. CIV. P. 30. To the extent the Court considers them non-parties, FED. R. CIV. P. 45 governs discovery from them. *See, e.g., Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679 (N.D. Cal. 2006); *Del Campo v. Kennedy*, 236 F.R.D. 454, 457 (N.D. Cal. 2006).

The scope of permissible discovery is governed by FED. R. CIV. P. 26(b), which permits the discovery of any non-privileged material "relevant to the claim or defense of any party," even if inadmissible, as long as it "appears reasonably calculated to lead to the discovery of admissible evidence." *Gonzales*, 234 F.R.D. at 679 (quoting Fed. R. Civ. P. 26(b)(1)); *Del Campo*, 236 F.R.D. at 457 (same). And for purposes of Rule 26(b)(1), relevance is broadly construed. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Courts generally attempt to balance three factors: "the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party" responding. *Gonzales*, 234 F.R.D. at 680 (citing *Heat & Control, Inc. v. Hester Indus., Inc.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986)); *Del Campo*, 236 F.R.D. at 458 (same).

**B.  The Subject Matter of the Requested Documents and Depositions Is Relevant, Permissible, and Tailored**

The information sought by plaintiffs, including the bases for the objections, their claimed standing to object, and the conduct of counsel in using objections as a vehicle to be paid without conferring any benefit on the class, and in fact harming the Class by delaying implementation of settlements, are clearly relevant to the final approval process and any potential appeals. As such, the proposed discovery and deposition topics are relevant, needed, and narrowly tailored. Courts in the Ninth Circuit have repeatedly recognized that discovery of objectors is permissible. For example, in *In re Cathode Ray Tube Antitrust Litig.* plaintiffs sought

discovery from an objector "to obtain relevant information regarding (1) his alleged standing as a Settlement Class member to assert objections, (2) the underlying bases for his objection, and (3) his relationship with 'professional' or 'serial' objector counsel that Plaintiffs' counsel believe instigated his objection to the settlement." 281 F.R.D. at 532. Judge Conti, of the Northern District of California, ordered the objector to appear for a deposition noting that "[t]he information sought by [] Plaintiffs, including the bases for [the] objection and his claimed standing to object, are clearly relevant to the Settlement now before the Court." *Id.* at 533.

Similarly, in *Dennings v. Clearwire Corp.*, the court ordered depositions where "Plaintiffs have demonstrated legitimate concerns regarding whether the objections made [] are serious and whether their attorney is a so-called 'professional objector.'" No. 10-1859 (W.D. Wash. Dec. 11, 2012), ECF No. 82. *See also In re Static Random Access Memory Antitrust Litig.*, No. M:07-CV-01819, MDL No. 1819, 2011 U.S. Dist. LEXIS 112915, at *27-28 (N.D. Cal. Sept. 23, 2011) (ordering objectors sit for deposition); *Stern v. AT&T Mobility Corp.*, No. 05-cv-8842 (C.D. Cal. Oct. 15, 2010), ECF No. 344 (order denying motion to quash and ordering objectors to be deposed regarding their "standing, factual allegations supporting objections, and whether objections in other class action cases have been made by the objectors").

In *In re Hydroxycut* the Court ordered an evidentiary hearing on the issue of intent and motive of the Objectors because "motive and intent may have bearing on the issue of the Objectors' credibility with respect to the issue of standing." 2013 U.S. Dist. LEXIS 61674 at *68-69. *See also Arthur* Tr. 16:12-13.

### C. Plaintiffs Will Limit Depositions to 4 Hours Thereby Minimizing Any Potential Hardship

Plaintiffs propose that the intended depositions not exceed four hours and be conducted within 100 miles of each Objector's and Palmer's place of residence or

the office of their counsel of record. Accordingly, any potential hardship to the Objectors or Palmer will be minimal, which is another factor in support of allowing the depositions. *See, e.g., In re: Cathode Ray Tube Antitrust Litig.*, 281 F.R.D. at 533 (Court allowed deposition noting that "[]Plaintiffs are willing to limit [the] deposition to four hours, and are willing to take it in Denver, Colorado.").

### D. The Objectors Voluntarily Appeared In This Litigation and Should Be Subject to Deposition

By interjecting themselves as active participants in the litigation, and possibly delaying the effectiveness of the proposed settlement and the relief to the Class, the Objectors should submit to discovery. As one court explained:

> I cannot believe that it would be right for someone to be able to simply file an objection and then not be questioned further about it. . . . [I]f I were the court looking at this fairness and holding the Fairness Hearing, I would want to know from Ms. Rivero; for instance, what are the bases of her objection. . . . I do not see that it's fair that Ms. Rivero can just file an objection and then leave it at that. And if I were the district court, I would want to know what's going on and why she filed objections, especially in view of the fact that she can opt out – but she doesn't want to opt out, she wants to make a claim and file objections. . . . [Ms. Rivero] has injected herself into this – the fairness of the settlement by stating that she has an objection, and I just don't see that there's anything wrong with trying to go behind that and ask her a few questions.

Ex. 12 at p. 42-43 (motion to quash hearing transcript from *In re Reebok Easytone Litig.*, No. 12-MC-2 (S.D. Tex. Jan. 6, 2012), ECF No. 2). *See also In re: Cathode Ray Tube Antitrust Litig.* 281 F.R.D. at 533 ("Here, Hull voluntarily appeared in this litigation by objecting to the Chungwa Settlement and was served with a subpoena, and is properly subject to discovery."). Similarly, the Objectors and Palmer here voluntarily appeared in this litigation and should properly produce documents and be subject to examination by deposition.

## IV. CONCLUSION

For the reasons stated herein, Plaintiffs *ex parte* application for permission to obtain documents and depose Palmer and Objectors Johnson, Nedlouf, and Chung should be granted.

DATED: November 13, 2013

MARC M. SELTZER
SUSMAN GODFREY L.L.P.

/s/ Marc M. Seltzer
_____
Marc M. Seltzer

SUSAN G. KUPFER
GLANCY BINKOW & GOLDBERG LLP

/s/ Susan G. Kupfer
_____
Susan G. Kupfer

JEFF S. WESTERMAN
WESTERMAN LAW CORP.

/s/ Jeff S. Westerman
_____
Jeff S. Westerman

*Plaintiffs' Settlement Class Counsel*