UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Priority | _____ |
|---|---|
| Send | _____ |
| Enter | _____ |
| Closed | _____ |
| JS-5/JS-6 | _____ |
| Scan Only | _____ |

**CASE NO.:** MDL 07-01891 SJO (AGRx)  **DATE:** November 21, 2013
CV 07-05107 SJO (AGRx)

**TITLE:** In Re Korean Air Lines Co., Ltd. Antitrust Litigation

========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                                         Not Present
Courtroom Clerk                                          Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**          **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                              Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER FOR OBJECTORS TO SHOW CAUSE REGARDING CLASS MEMBERSHIP; DENYING PLAINTIFFS' EX PARTE APPLICATION FOR ORDER ALLOWING DISCOVERY OF OBJECTORS AND THEIR COUNSEL** [Docket No. 654]

In August 2007, litigation commenced in what would be a complex and lengthy class action antitrust lawsuit against Defendants Asiana Airlines, Inc. ("Asiana") and Korean Air Lines Co., Ltd. ("Korean Air"). On July 15, 2011, the Court approved a final settlement agreement with Asiana (Order Approving Settlement Between Pls.' and Def. Asiana, ECF No. 505), and entered judgment and dismissed Asiana from the case (Final J. & Order of Dismissal with Prejudice as to Def. Asiana, ECF No. 507). On July 31, 2013, the Court preliminarily approved a settlement agreement with Korean Air. (Order Granting Pls.' Mot. for Prelim. Approval of Settlement Between Pls. and Def. Korean Air (("Preliminary Settlement Order"), ECF No. 608.) The Court will hold a final settlement agreement hearing ("Final Settlement Hearing") on the settlement agreement with Korean Air on December 2, 2013. (Mot. for Settlement Approval of Final Approval of Settlement Between Pls. & Def. Korean Air, ECF No. 649.)

In advance of this hearing, Settlement Class Counsel were required to mail and e-mail notice of the proposed settlement to potential class members. (Prelim. Settlement Order ¶ 14.) The Preliminary Settlement Order required any objectors to object by October 25, 2013. (Prelim. Settlement Order ¶ 28.) On October 23, 2013, Objectors Said Nedlouf ("Nedlouf") and the Estate of Mary Kathryn Bizjak ("Bizjak Estate") filed an objection with the Court. (Objection of Said Nedlouf ("Nedlouf Objection"), ECF No. 635.) Plaintiffs Ki Ja Chung ("Chung"), Joo Young Jin, Tae Bong Nam, Joo Jin, Hyun Tae Kim, Ki Myung Chung, Myung Suk Joo, Jane Doe Joo, Jing Young Kim, Hwan Hang Hur, Moon Ho Kim, and Jane Doe Kim (collectively, "Chung, et al.") filed an objection on October 25, 2013. (Mot. to Oppose Award of Att'ys' Fees ("Chung Objection"), ECF No. 639.) And on the same day, Objector Stuart Johnson ("Johnson") (collectively with Nedlouf, Bizjak Estate, and Chung, et al., "Objectors") objected to the proposed final settlement. (Objection to Final Approval of Proposed Settlement ("Johnson Objection"), ECF No. 640.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| **CASE NO.:** MDL 07-01891 SJO (AGRx)<br>CV 07-05107 SJO (AGRx) | **DATE:** November 21, 2013 |

Objectors to a proposed class action settlement must be class members. The language of Federal Rules of Civil Procedure ("FRCP") Rule 23(e)(3) grants only class members the right to object to a class settlement. *See* Fed. R. Civ. P. 23(e)(5) ("Any class member may object to the [settlement] proposal if it requires court approval . . . ."). Furthermore, non-class members may lack standing to challenge a proposed settlement. While class members have "an interest in the settlement that creates a 'case or controversy' sufficient to satisfy the constitutional requirements," *Devlin v. Scardelletti*, 536 U.S. 1, 6-7 (2002), non-class members have no such interest in the settlement. The party seeking federal jurisdiction bears the burden of establishing standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

None of the Objectors have established their class membership. The Preliminary Settlement Order defines the class as:

> All persons and entities (excluding governmental entities, Defendants, and Defendants' respective predecessors, subsidiaries, and affiliates) who purchased Passenger Air Transportation on the airlines of Defendants in the Action, or any predecessor, subsidiary, or affiliate of the Defendants, at any time during the time period January 1, 2000 through August 1, 2007. As used in this definition, "affiliates" means entities controlling, controlled by, or under common control with a Defendant. The term "affiliates" does not include any travel agents.

(Prelim. Settlement Order ¶¶ 6-7.) In a Declaration, Nedlouf states that he "[is] a class member in the Korean Air Passenger Antitrust Litigation" and that he "purchased a ticket for air passenger travel originating in the United States and ending in Korea on Korean Air Lines or Asiana Airlines between January 1, 2000 and August 1, 2007." (Decl. of Said Nedlouf in Supp. of Nedlouf Objection ¶¶ 1, 3, ECF No. 635-1.) Similarly, Johnson states that he "[is] a class member in the Korean Air Passenger Antitrust[ ]Litigation" and that he "purchased in the United States a ticket for air passenger travel originating in the United States and Korea and ending in Korea and the United States on Korean Air Lines or Asiana Airlines between January 1, 2000 and August 1, 2007." (Decl. of Stuart Johnson in Supp. of Johnson Objection ¶¶ 2, 4, ECF No. 642.)[1] Finally, Chung only declares that she "[is] one of the class members for the class action against Korean Airlines and Asiana Airlines." (Decl. of Ki Ja Chung in Supp. of Chung Objection ¶ 1, ECF No. 639-5.) No other Objectors have included declarations.

---

[1] The Johnson Objection claims that Johnson "purchased air travel from Korean Airlines in the US for travel to and from the US and Korea in December 2002 and January 2004." (Johnson Objection 1.) However, this level of detail is not supported by Johnson's Declaration.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: MDL 07-01891 SJO (AGRx)  DATE: November 21, 2013
CV 07-05107 SJO (AGRx)

All of these statements of class membership are deficient. Nedlouf's and Johnson's assertions repeat the class definition without specificity and detail, while Chung has not provided any foundation for the assertion that she is a class member. As such, the Court is unable to determine whether Objectors are class members as required under FRCP 23(e)(5).[2]

Objectors are hereby ordered to **show cause** in writing on or before **November 29, 2013**, to demonstrate why their Objections should not be struck due to lack of class membership. Objectors may demonstrate their class memberships through signed affidavits, declarations, or relevant documentary evidence such as tickets, receipts, or itineraries. Objectors should attempt to support any allegations of qualifying flights with specific, concrete details such as airline, approximate days or months of travel, and arrival and departure city.

IT IS SO ORDERED.

---

[2] To resolve this issue, Plaintiffs' Settlement Class Counsel ("Plaintiffs") filed an Ex Parte Application for an Order Allowing Discovery of Objectors and Their Counsel ("Application") on November 13, 2013. Because the narrow time window for taking the depositions before the Final Settlement Hearing includes the Thanksgiving holiday and because one of the proposed deponents resides in Dubai, the Court **DENIES** this Application.