**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
Scan Only ___

| | |
|---|---|
| **CASE NO.:** MDL 07-01891 SJO (AGRx)<br>CV 07-05107 SJO (AGRx) | **DATE:** December 6, 2013 |

**TITLE:** In Re Korean Air Lines Co., Ltd. Antitrust Litigation

========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                                   Not Present
Courtroom Clerk                                    Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**                 **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                        Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER STRIKING OBJECTIONS FOR FAILURE TO SHOW CLASS MEMBERSHIP** [Docket Nos. 635, 639 & 640]

In August 2007, litigation commenced in what would be a complex, lengthy, and hard-fought class action antitrust lawsuit against Defendants Asiana Airlines, Inc. ("Asiana") and Korean Air Lines Co., Ltd. ("Korean Air"). On July 15, 2011, the Court approved a final settlement agreement with Asiana (Order Approving Settlement Between Pls. and Def. Asiana, ECF No. 505), and entered judgment and dismissed Asiana from the case (Final J. & Order of Dismissal with Prejudice as to Def. Asiana, ECF No. 507). On July 31, 2013, the Court preliminarily approved a settlement agreement with Korean Air. (Order Granting Pls.' Mot. for Prelim. Approval of Settlement Between Pls. & Def. Korean Air ("Preliminary Settlement Order"), ECF No. 608.) The Court held a final settlement approval hearing ("Final Settlement Hearing") on the settlement agreement with Korean Air on December 2, 2013. (Minutes of Motion Hearing ("Minutes of Final Settlement Hearing"), ECF No. 681.)

The Preliminary Settlement Order required any objectors to object by October 25, 2013. (Prelim. Settlement Order ¶ 28.) On October 23, 2013, Objectors Said Nedlouf ("Nedlouf") and the Estate of Mary Kathryn Bizjak ("Bizjak Estate") filed an objection with the Court. (Objection of Said Nedlouf ("Nedlouf Objection"), ECF No. 635.) Plaintiffs Ki Ja Chung ("Chung"), Joo Young Jin, Tae Bong Nam, Joo Jin, Hyun Tae Kim, Ki Myung Chung, Myung Suk Joo, Jane Doe Joo, Jing Young Kim, Hwan Hang Hur, Moon Ho Kim, and Jane Doe Kim (collectively, "Chung, et al.")[1] filed an objection on October 25, 2013. (Mot. to Oppose Award of Att'ys' Fees ("Chung Objection"), ECF No. 639.) And on the same day, Objector Stuart Johnson ("Johnson") (collectively with Nedlouf, Bizjak Estate, and Chung, et al., "Objectors") objected to the proposed final settlement. (Objection to Final Approval of Proposed Settlement ("Johnson Objection"), ECF No. 640.)

---

[1] Of these Objectors, only Chung filed a declaration.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| **CASE NO.:** MDL 07-01891 SJO (AGRx)<br>CV 07-05107 SJO (AGRx) | **DATE:** December 6, 2013 |

On November 21, 2013, the Court found that no Objector had adequately established class membership and therefore issued an order to show cause on November 21, 2013, requiring all Objectors to demonstrate their class membership by November 29, 2013. (Order for Objectors to Show Cause ("OSC"), ECF No. 663.) Chung and Nedlouf filed second declarations on November 26, 2013 (Decl. of Ki Ja Chung ("Second Chung Declaration"), ECF No. 666; Decl. of Said Nedlouf Re: OSC ("Second Nedlouf Declaration"), ECF No. 667); Johnson filed a declaration one day late on November 30, 2013 (Response to OSC ("Second Johnson Declaration"), ECF No. 670).

Objectors to a proposed class action settlement must be class members. Federal Rules of Civil Procedure ("FRCP") Rule 23(e)(3) grants only class members the right to object to a class settlement. *See* Fed. R. Civ. P. 23(e)(5) ("Any class member may object to the [settlement] proposal if it requires court approval . . . ."). Furthermore, without further showing, non-class members may lack standing to challenge a proposed settlement. While class members have "an interest in the settlement that creates a 'case or controversy' sufficient to satisfy the constitutional requirements," *Devlin v. Scardelletti*, 536 U.S. 1, 6-7 (2002), non-class members have no such interest in the settlement. The party seeking federal jurisdiction bears the burden of establishing standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Thus, each objector to a class action settlement must establish his or her class membership or standing to object.

In the instant case, the class ("Class") is defined as follows:

> All persons and entities (excluding governmental entities, Defendants, and Defendants' respective predecessors, subsidiaries, and affiliates) who purchased Passenger Air Transportation on the airlines of Defendants in the Action, or any predecessor, subsidiary, or affiliate of the Defendants, at any time during the time period January 1, 2000 through August 1, 2007. As used in this definition, "affiliates" means entities controlling, controlled by, or under common control with a Defendant. The term "affiliates" does not include any travel agents.

(Prelim. Settlement Order ¶¶ 6-7.) Passenger Air Transportation is defined as "passenger air transportation service purchased in the United States for flights originating in the United States and ending in the Republic of Korea ('Korea') or flights originating in Korea and ending in the United States." (Prelim. Settlement Order ¶ 8.)

Thus, to maintain their Objections, each Objector must establish through affidavit, declaration, or supporting evidence that he or she purchased either a Korean Air or an Asiana air passenger ticket in the United States for a flight originating in the United States and ending in Korea or for a flight originating in Korea and ending in the United States. All three Objectors have failed to meet this burden.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| CASE NO.: MDL 07-01891 SJO (AGRx) <br> CV 07-05107 SJO (AGRx) | DATE: December 6, 2013 |

First, neither of Chung's declarations satisfy 28 U.S.C. § 1746, which provides requirements for submitting unsworn declarations to the Court. Under this statute, any declaration executed outside of the United States must state either that it is made "under penalty of perjury under the laws of the United States of America" or a substantially similar form. § 1746. Chung resides outside of the United States. (*See* Second Chung Decl. ¶ 1.) Neither declaration submitted by Chung includes any language specifying the country it was executed in or the laws under which it was executed. (*See generally* Second Chung Declaration; Decl. of Ki Ja Chung in Supp. of Chung Objection ("First Chung Declaration"), ECF No. 639-5.) Without this information, the Court cannot know whether the declarations were properly submitted, so the Court strikes the First Chung Declaration and the Second Chung Declaration. With no properly submitted declarations or evidence of class membership, Chung has failed to establish her standing as a class member.[2]

Like Chung, Johnson also fails to establish his class membership. Like Chung's declarations, the first declaration that Johnson submitted to the Court does not follow the requirements of 28 U.S.C. § 1746. (*See* Decl. of Stuart Johnson in Supp. of Johnson Objection ("First Johnson Declaration"), ECF No. 642.) Johnson executed the First Johnson Declaration in Dubai and failed to include any language specifying that the perjury laws of the United States apply, and not those of Dubai. (First Johnson Decl. ¶ 5.) Thus, the Court strikes the First Johnson Declaration. In the Second Johnson Declaration, Johnson declares only that he "purchased air travel from Korean Airlines in the US and [he] traveled on Korean Airlines to and from the US and Korea in December 2002 and January 2004." (Second Johnson Decl. ¶ 2.) He does not specifically declare that these tickets originated in the United States and ended in Korea, or vice versa, nor does he provide any documentation or further detail showing that he purchased qualifying airline tickets. The Court is unable to determine whether Johnson is a class member, and thus has standing to object to the Final Settlement Agreement. Johnson has therefore failed to provide sufficient evidence of class membership to this Court.

---

[2] However, even had the Court not struck Chung's declaration, she still may not have provided sufficient evidence of class membership to maintain her objection. In the First Chung Declaration, she makes a conclusory and unclear declaration that she "[is] one of the class members for the class action against Korean Airlines and Asiana Airlines." (First Chung Decl. ¶ 1.) The Second Chung Declaration does not include any specific flight dates, itineraries, or supporting evidence. (Second Chung Decl. ¶¶ 1-2.) And despite the fact that Chung has resided in Korea since 2002, she confusingly states that "[g]enerally, [she] purchased the tickets from Korean travel agencies in Tacoma, Washington, or Federal Way, Washington, depending on which travel agency gave a better rate." (Second Chung Decl. ¶ 2.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| CASE NO.:  MDL 07-01891 SJO (AGRx)<br>CV 07-05107 SJO (AGRx) | DATE:  December 6, 2013 |

Finally, after reviewing the Nedlouf's declarations, the Court finds that Nedlouf has also failed to provide sufficient evidence of his class membership.  Nedlouf declares that he and his deceased former spouse "purchased round trip tickets for air passenger travel originating in Chicago, Illinois and ending at Incheon International Airport in Seoul, South Korea and for a return flight from Incheon International Airport in Seoul, South Korea to Chicago, Illinois from Korean Air Lines." (Second Nedlouf Decl. ¶ 3.)  Nedlouf also includes the approximate dates of his trip and a copy of a redacted American Express charge summary showing two charges to Korean Air.  (Second Nedlouf Decl. ¶¶ 4-5 & Ex. A ("Charge Summary").)  The Charge Summary includes charges by two different accountholders: Nedloud and M K Bizjak-Nedlouf.  (Charge Summary.)  Nedlouf states that he and his wife used the account jointly, with each accountholder having separate cards.  (Second Nedlouf Decl. ¶ 5.)  The charges for the Korean Air tickets were placed on Nedlouf's wife's card, and not his own.  (Charge Summary.)  Nedlouf states that he and his wife "were jointly obligated to pay charges on the account and the charges for the plane tickets were paid in full." (Second Nedlouf Decl. ¶ 5.)  Nedlouf has described his qualifying Korean Air flight in detail and provided a credit card receipt verifying the purchases.  However, Nedlouf's evidence and declaration show only that his wife purchased the tickets.  While Nedlouf may have been "jointly obligated to pay charges on the account," he makes no statements and provides no evidence that he actually did make any payment towards the plane tickets.  Without evidence that Nedlouf himself purchased the tickets or paid for some portion of the tickets, this Court cannot presume Nedlouf's class membership.

Nedlouf also objects to the Final Settlement Agreement as the executor of the Bizjak Estate.  While Nedlouf has demonstrated the Bizjak Estate's class membership, he has provided no evidence save his own statement that he is the executor of the Bizjak Estate, and no evidence as to the scope of his authority as executor.  (*See* Decl. of Said Nedlouf in Supp. of Nedlouf Objection ¶ 4, ECF No. 635-1.)  Without more, the Court cannot know that Nedlouf is the duly appointed executor or that he has the authority to bring this objection for the Bizjak Estate.

Therefore, all three Objectors' statements of class membership are deficient.  The Objectors had two chances to provide this evidence.  Furthermore, had any Objector or any counsel representing an Objector attended the Final Settlement Hearing, they would have had the opportunity to demonstrate their class membership to the Court.  However, no Objector or counsel for an Objector attended this hearing.  As such, the Court is unable to determine whether Objectors are class members as required under FRCP 23(e)(5).

The Court therefore **strikes** all three Objections due to lack of class membership.  However, even had the Objectors had standing to bring the Objections, the Court considered all Objections on their merits at the Final Settlement Hearing and nonetheless found the Final Settlement Agreement fair, adequate, and reasonable.  (Minutes of Final Settlement Hearing 1.)

IT IS SO ORDERED.