MARC M. SELTZER (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150

SUSAN G. KUPFER (141724)
kupfer@glancylaw.com
GLANCY BINKOW & GOLDBERG LLP
One Embarcadero Center, Suite 760
San Francisco, CA 94111
Tel: (415) 972-8160
Fax: (415) 972-8166

JEFF S. WESTERMAN (94559)
jwesterman@jswlegal.com
WESTERMAN LAW CORP.
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Tel: (310) 698-7450
Fax: (310) 201-9160

Plaintiffs' Settlement Class Counsel

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| In re KOREAN AIR LINES CO., LTD. ANTITRUST LITIGATION | MDL No. 1891 |
| | Master File No. CV 07-05107 SJO (AGRx) |
| This Document Relates To:<br><br>All Actions | **AMENDED FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE AS TO DEFENDANT KOREAN AIR LINES CO., LTD.**<br><br>Date: December 2, 2013<br>Time: 10:00 a.m.<br>Place: Courtroom of the Hon. S. James Otero |

The above-entitled consolidated actions duly came on for hearing on December 2, 2013, on Class Plaintiffs' application for final approval of the proposed settlement between Class Plaintiffs' and defendant Korean Air Lines Co., Ltd. ("Korean Air"). At the hearing, the parties and all other interested persons were afforded the opportunity to be heard in support of and in opposition to the proposed settlement. Based on the papers filed with the Court and presentations made to the Court at the hearing, and the entire record of these proceedings, and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED**, as follows:

1. This Final Judgment incorporates by reference the definitions set forth in the Stipulation of Settlement Between Class Plaintiffs and Defendant Korean Air Lines Co., Ltd. (the "Agreement"), dated as of June 11, 2013, and all terms used herein shall have the same meanings as set forth in the Agreement unless otherwise specified herein. The terms of the Agreement are hereby incorporated in this Final Judgment as if fully set forth herein.

2. The Court has jurisdiction over the subject matter of these actions and all parties to the actions, including all Class Members.

3. Pursuant to Rule 23(c) and (e) of the Federal Rules of Civil Procedure, the Court certifies, for settlement purposes only, the following Class:

> All persons and entities (excluding governmental entities, defendants, and defendants' respective predecessors, subsidiaries, and affiliates) who purchased Passenger Air Transportation on the airlines of Defendants in the Action, or any predecessor, subsidiary, or affiliate of the Defendants, at any time during the time period January 1, 2000 through August 1, 2007. As used in this definition, "affiliates" means entities controlling, controlled by, or under common control with a Defendant. The term "affiliates" does not include any travel agents.

The term "Passenger Air Transportation" means passenger air transportation service purchased in the United States for flights originating in the United States and ending in the Republic of Korea ("Korea") or flights originating in Korea and ending in the United States.

4. The Court finds and concludes, for settlement purposes only, the prerequisites to a class action under Federal Rule of Civil Procedure 23(a) have been satisfied, in that, with respect to the Class:

(a) numerosity is satisfied;

(b) the claims of the Class Plaintiffs are typical of those of the other Class members;

(c) there are questions of fact and law that are common to all members of the Class; and

(d) the Class Plaintiffs will fairly and adequately protect the interests of the Class and have retained counsel experienced in antitrust and class action litigation who have and will continue to adequately represent the Class.

5. The Court further finds and concludes, for settlement purposes only, this action may be maintained as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure because (i) a class action is superior to other available methods for the fair and efficient adjudication of this controversy, and (ii) questions of fact and law common to the members of the Class predominate over any questions affecting only individual members.

6. Pursuant to Rule 23(c)(3) of the Federal Rules of Civil Procedure, all persons and entities who fall within the foregoing description of the Class who have not timely and validly requested exclusion from the Class are Class Members and are fully bound by this Final Judgment and the terms of the Agreement.

7. The persons who timely and validly excluded themselves from the Class were listed in the Supplemental Declaration of Robin M. Niemiec (Doc. 699-2), filed on November 27, 2013, and are listed in Exhibit 1 to this Final Judgment. As noted in the foregoing Supplemental Declaration of Robin M. Niemiec, the list includes three Class members who opted out after the deadline for requesting exclusion from the class expired. All such persons are hereby excluded from the Class and are not bound by this Final Judgment or the terms of the Agreement, and may pursue their own individual remedies, if any, against Korean Air and the Releasees. However, such persons are not entitled to any of the rights or benefits accorded to Class Members under the Agreement.

8. As established by the Declaration of Robin M. Niemiec Regarding Mailing of Notice (Doc. 626), and the Declaration of Katherine Kinsella Regarding Implementation of Class Notice (Doc. 627), both filed on October 14, 2013, the Settlement Administrator caused the short-form Class Notice (the "Summary Notice") in the form approved by the Court's Order Granting Plaintiffs' Motion for Preliminary Approval of Settlement Between Plaintiffs and Defendant Korean Air Lines, Co., Ltd. and for Approval of Notice Plan, Plan of allocation and Claim Form ("Preliminary Approval Order"), filed on July 31, 2013, to be mailed postage prepaid or disseminated by electronic mail to all potential Class members who could be identified from the records of defendants Korean Air and Asiana Airlines, Inc., and caused the Summary Notice to be published in the manner required by the Preliminary Approval Order, and the Long-Form Class Notice, also in the form approved by the Preliminary Approval Order, to be made available to members of the Class on the settlement website and upon their request.

9. The Court finds that the Settlement Class Counsel and the Settlement Administrator fully complied with the Preliminary Approval Order and that the Class notice program approved by the Court in its Preliminary Approval Order was the best notice practicable under the circumstances, including individual notice to all members of the Class who could be identified through the exercise of reasonable effort. The Court further finds that the Class notice program provided due and adequate notice of these proceedings and of the matters set forth therein, including the terms of the Agreement, to all parties entitled to such notice and fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715(b), and constitutional due process.

10. The Court finds and concludes that the objections submitted by Ki Ja Chung, Joo Young Jin, Tae Bong Nam, Joo Jin, Hyun Tae Kim, Ki Myung Chung, Myung Suk Joo, Jane Doe Joo, Jing Young Kim, Hwan Hang Hur, Moon Ho Kim, Jane Doe Kim, Said Nedlouf and Stuart Johnson to be without merit and that the pregoing objectors lack standing to object for the reasons set forth in its Order Striking Objections for Failure to Show Class Membership (Doc. 684), filed on December 6, 2013, and overrules the objections in all respects.

11. As found by the Court in its Order Approving Settlement Between Plaintiffs and Defendant Korean Air the Court hereby approves the settlement set forth in the Agreement and finds and concludes that the settlement is, in all respects, fair, adequate and reasonable to the Class, and orders the settling parties to consummate the settlement set forth in the Agreement in accordance with its terms.

12. Upon the occurrence of the Effective Date, the Releasees shall be completely released, acquitted, and forever discharged from any and all of the Released Claims as set forth in the Agreement. Upon the occurrence of the

Effective Date, the Releasors shall be forever barred and enjoined from asserting, instituting or prosecuting, directly or indirectly, any Released Claim in any court or other forum against any of the Releasees.

13. Upon the occurrence of the Effective Date, Korean Air, on behalf of itself, its administrators, predecessors, successors and assigns, and the other Releasees, shall completely release, acquit, and forever discharge any and all Released Defendant's Claims, and shall forever be enjoined from prosecuting the Released Defendant's Claims against Class Plaintiffs, all other Class Members and their counsel.

14. None of the provisions of the Agreement, this Final Judgment, nor the fact of the settlement set forth in the Agreement constitutes any admission by any of the settling parties of any liability, wrongdoing or violation of law, damages or lack thereof, or of the validity or invalidity of any claim or defense asserted in these actions.

15. The Court hereby dismisses with prejudice these actions as to Korean Air only, without costs to any of the parties as against the others, except as otherwise provided in the Agreement.

16. Without affecting the finality of this Final Judgment, the Court reserves and retains exclusive and continuing jurisdiction over Class Plaintiffs, the Class Members, Korean Air, and the Settlement Funds for the purposes of effectuating and enforcing this Final Judgment and the Agreement.

17. The award of costs and expenses to Class Counsel, including any appeals therefrom, shall not affect the finality of this Final Judgment or delay the Effective Date of the Agreement.

18. The Court hereby finds that there is no just reason for delay and directs the Clerk to enter this Final Judgment forthwith pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED, ADJUDGED AND DECREED.**

Dated:  December 23, 2013

S. James Otero
UNITED STATES DISTRICT JUDGE

# Exhibit 1

Exclusion Report                                    11/26/2013 09:05 AM
PROJECT:  Korean Air  -  Database:  KORA                    Page 1 of 2
Report Criteria:  Includes EXCK OR XLTE Excludes       Report ID :EXC15014

| EXCL ID | FULL NAME |
|---|---|
| 17 | KYU HA LEE |
| 18 | EUI SUK GO |
| 19 | SAMUEL FINEMAN |
| 20 | JACKIE CHOI |
| 21 | TERESITA D ANDERSON |
| 22 | JUSTINA BALDE |
| 23 | SILVESTRA ARANJUEZ |
| 24 | MARINELA V CABANERO |
| 25 | AZUCENA V CABANERO |
| 26 | MARY HWANGJUN HONG |
| 27 | NANCY B EDLUND |
| 28 | REBECCA G. KIM |
| 29 | PHILIP JUN |
| 30 | RAJESH AHIR |
| 31 | AL PETER ESPY |
| 32 | SAYAKA ITO |
| 33 | LOIS MACKEY |
| 34 | JOSEPHINE G ZARASPE |
| 35 | MYOUNG SOO CHA |
| 36 | YOUNG AI CHA |
| 37 | SAM GWON KANG |
| 38 | HANNA M KANG |
| 39 | KUM S HORTON |
| 40 | MIN CHA WALLACE |
| 41 | RICHARD E. FERLING |
| 42 | LEONARDA NEBRIJA |
| 43 | DORIS MATSUMURA |
| 44 | ETHEL BARCLAY |
| 45 | RICHRD BARCLAY |
| 46 | AISOON HONG |
| 47 | SAMUEL LEE |
| 48 | SAEBYUL LEE |
| 49 | GLORIA T HAMPTON |
| 50 | KEIKO ONO |
| 51 | KRYSTAL MINSSEN |
| 52 | IN SUB KIM |
| 53 | JIN WOOUNG CHOI |
| 54 | GIR JA NO |
| 55 | KYUNG OK KIM |
| 56 | VATSAMON PRASERTHDAM |
| 57 | BOK JA JUNG |
| 58 | JARUWAN PRASERTHDAM |
| 59 | MANUS PRASERTHDAM |

PRIVILEGED INFORMATION/CONFIDENTIALITY NOTICE - The information contained on this report is confidential information that is intended to remain confidential. It is intended for the use of Rust Consulting, Inc.

Exclusion Report 11/26/2013 09:05 AM
PROJECT: Korean Air - Database: KORA  Page 2 of 2
Report Criteria: Includes EXCK OR XLTE Excludes  Report ID :EXC15014

| EXCL ID | FULL NAME |
|---|---|
| 60 | JAE KU YANG |
| 61 | SHIN JA YANG |
| 62 | SUN HEE KOO |
| 63 | WOOK HEE KOO |
| 64 | NEIL B SUYDAM |
| 65 | EUN S CROUSE |
| 66 | JOSE AGUILAR |
| 67 | BELEN D AGUILAR |
| 68 | PETER H KIM |
| 69 | TERESA KIM |
| 70 | MYUNG SOOK SHIN |
| 71 | GARY RANDALL MORRIS |
| 72 | SHRUTI PATEL |
| 73 | EVELYNA JUANITAS |
| 74 | ROY R GAINES |
| 75 | YOUNG GAINES |
| 76 | KWANG SU PARK |
| 77 | NICOLITA MARIE GARCES |
| 78 | SOOK HEE CHUNG |
| 79 | DAVID ROE |
| 80 | SHIN JA KIM |
| 81 | RUTH PRASERTHDAM |
| 82 | GABRIELITO VISITACION |
| 83 | JOSEFF VISITACION |
| 84 | JONATHAN OH |
| 85 | KRISTEN ELIZABETH VOGT |

TOTAL NUMBER OF EXCLUSIONS: 69

PRIVILEGED INFORMATION/CONFIDENTIALITY NOTICE - The information contained on this report is confidential information that is intended to remain confidential. It is intended for the use of Rust Consulting, Inc.