JEFF S. WESTERMAN (94559)
jwesterman@jswlegal.com
WESTERMAN LAW CORP.
1925 Century Park East, Suite 2100
Los Angeles, CA  90067
Tel:  (310) 698-7450
Fax:  (310) 201-9160

SUSAN G. KUPFER (141724)
skupfer@glancylaw.com
GLANCY BINKOW & GOLDBERG LLP
One Embarcadero Center, Suite 760
San Francisco, CA  94111
Tel:  (415) 972-8160
Fax:  (415) 972-8166

MARC M. SELTZER (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA  90067
Tel: (310) 789-3100
Fax: (310) 789-3150

Plaintiffs' Interim Class Counsel

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| IN RE KOREAN AIR LINES CO., LTD. ANTITRUST LITIGATION | MDL No. 1891 |
| | Master File No. CV 07-05107 SJO (AGRx) |
| This Document Relates To:<br><br>ALL ACTIONS | **ORDER GRANTING PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES** |
| | Date      December 2, 2013<br>Time:     10:00 a.m.<br>Place:    Courtroom of the<br>             Hon. S. James Otero |

Pursuant to Fed. R. Civ. P. 23(h), 54(d), and 52(a), plaintiffs have filed Plaintiffs' Notice of Motion and Motion for Award of Attorneys' Fees and

2981870v1/010438

Reimbursement of Expenses (the "Motion"). The Motion duly came on for hearing on December 2, 2013. Having reviewed the papers filed in connection with the Motion, and all of the papers, pleadings and files in this litigation, and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

Plaintiffs' application for an award of attorneys' fees comprised of $12,500,000, an amount equal to 25% of the $50,000,000 cash portion of the Settlement Funds, and 25% of the coupon portion of the Settlement Funds established pursuant to the settlements with defendants Asiana Airlines, Inc. and Korean Air Lines Co., Ltd. is fair, appropriate and reasonable, and the Court awards these amounts, plus $574,832.08 in costs and expenses. In doing so, the Court makes the following findings of fact and conclusions of law:

1. The capitalized terms used in this Order have the same definition as used in the Stipulation of Settlement Between Class Plaintiffs and Defendant Asiana Airlines, Inc., dated as of July 30, 2010, and filed on October 9, 2010 (Doc. 422-2), and the Stipulation of Settlement Between Class Plaintiffs and Defendant Korean Air Lines Co., Ltd, dated as of June 11, 2013, and filed on July 3, 2013 (Doc. 596-2).

2. The Class was provided with due and adequate notice, in compliance with the requirements of constitutional due process and Rule 23 of the Federal Rules and Civil Procedure, pursuant to the Class notice program approved by the Court in its Order Granting Plaintiffs' Motion for Preliminary Approval of Settlement Between Plaintiffs and Defendant Korea Air Lines Co., Ltd. ("Preliminary Settlement Order") (Doc. 608), filed on July 31, 2013, of the Motion and that plaintiffs' counsel intended to apply for an award of attorneys' fees in an amount not to exceed 25% of the cost and coupon portions of the settlements and for costs and expenses incurred during the prosecution of this litigation

3. The settlements confer substantial benefits on the Class.

4. The requested attorneys' fees are fair, appropriate and reasonable whether expressed as a percentage of the cash and coupon components of the settlements or by reference to the total attorneys' fee lodestar reported by Settlement Class Counsel. The use of the percentage-of-the-fund method in common-fund cases is the prevailing practice in the Ninth Circuit for awarding attorneys' fees and permits the Court to focus on a showing that a fund conferring benefits on a class was created through the efforts of plaintiffs' counsel. *See, e.g.*, *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002); *Six (6)Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990).

5. The Court further finds and concludes that an award of 25% of the coupon portion of the Settlement Funds as attorneys' fees comports with the Class Action Fairness Act. In awarding 25% of the coupons provided by the settlements, the Court took into account the value of the coupons to be redeemed in light of the characteristics of the coupons and other factors. Those characteristics and factors include (a) the freely tradable nature of the coupons, which can be sold for cash without the need to purchase any goods or services, (b) the lengthy three-year term of the coupons, (c) the six-month extension of their term for any *cy pres* distribution, (d) the absence of blackout dates, (e) the fact that no fees will be charged by the defendant airlines for the redemption of the coupons, (f) the fact that an experienced coupon administrator has been appointed by the Court to make a market to facilitate the trading and exchange of the coupons, (g) the fact that Class members include international travelers who travel often between the U.S. and Korea, (h) the fact that nearly 70,000 claims have already been submitted by Class members and the deadline for submitting claims has not yet occurred, (i) and the fact that plaintiffs' counsel will be paid in the same coupons as the Class for the portion of the settlements attributable to the coupons. The Court finds and

concludes that payment to plaintiffs' counsel in coupons is a fair and reasonable way to compensate plaintiffs' counsel for the portion of the settlements attributable to coupons and that doing so directly ties the compensation to plaintiffs' counsel for obtaining the coupon portion of the settlements to the value of the coupons made available to the Class.

6. The Court finds and concludes that the fees requested are also fully justified by (a) the results achieved by the settlements; (b) the substantial risks and complexity of the litigation; (c) the contingent nature of the fee and the financial burden carried by plaintiffs' counsel; (d) the length of time that the litigation has been pending; (e) awards made in similar cases; (f) percentages in standard contingency-fee agreements in similar individual cases; (g) the non-monetary benefits obtained in the settlements; (h) the reaction of the Class; and (i) the work and labor of plaintiffs' counsel and the attorneys' fee lodestar incurred in prosecuting this litigation.

7. The Court finds that the settlements were reached following extensive, arm's-length negotiations between the parties, and that the settlements were negotiated in good faith and in the absence of collusion.

8. During the prosecution of plaintiffs' case, plaintiffs' counsel incurred $574,832.08 in unreimbursed costs and expenses, which include costs for expert witnesses, discovery and deposition expenses, and other expenses that the Court finds to be reasonable and necessary to the prosecution of the litigation.

9. The Preliminary Settlement Order required any objectors to object to plaintiffs' fee and cost applications by October 25, 2013. On October 23, 2013, Said Nedlouf and the Estate of Mary Kathryn Bizjak filed an objection to the settlement and fee and cost application. (Doc. 635.) Ki Ja Chung, Joo Young Jin, Tae Bong Nam, Joo Jin, Hyun Tae Kim, Ki Myung Chung, Myung Suk Joo, Jane Doe Joo, Jing Young Kim, Hwan Hang Hur, Moon Ho Kim, and Jane Doe Kim

1  filed and objection to the fee application on October 25, 2013. (Doc. 639.) And on
2  the same day, Stuart Johnson objected to the proposed settlement and fee and cost
3  application. (Doc. 640.).

4      10.   The Court finds and concludes that objections to the fee and cost
5  application submitted by the objectors are without any merit and should be
6  overruled because the objectors lack standing to object for the reasons set forth in
7  its Order Striking Objections for Failure to Show Class Memberships (Doc. 684),
8  filed on December 6, 2013, and because the fees and costs awarded pursuant to this
9  order are fair, appropriate and reasonable.

10      11.   The attorneys' fees and expenses awarded pursuant to this order shall
11  be allocated by Settlement Class Counsel among other plaintiffs' counsel in a
12  manner that Settlement Class Counsel in good faith believes reflects the
13  contributions of plaintiffs' counsel to the prosecution and settlement of the claims
14  in this litigation.  Upon petition by any plaintiffs' counsel, Settlement Class
15  Counsel's allocation to such counsel will be reviewed by the Court under an abuse-
16  of-discretion standard.  The Court approves this allocation plan, because
17  Settlement Class Counsel are the most familiar with the nature and amount of work
18  done by other plaintiffs' counsel and the contributions they made to prosecution
19  and settlement of this action.

20      12.   The attorneys' fees and expenses awarded pursuant to this order (the
21  "Fee and Expense Award") may, in the discretion of Settlement Class Counsel, be
22  paid from the Settlement Funds upon the instruction of Settlement Class Counsel
23  within five court days after the entry of this order. If any portion of the Fee and
24  Expense Award is disbursed prior to the Effective Date, or in the event the
25  settlement is reversed on appeal or any portion of the Fee & Expense Award is
26  vacated, reversed or reduced by the Court or on appeal, any plaintiffs' counsel who
27  received payment of any portion of the Fee and Expense Award that is subject to
28

elimination or reduction shall within ten court days after the applicable order is entered by the Court, refund to the Settlement Funds the full amount of the Fee and Expense Award previously paid to such counsel, or, if the Fee & Expense Award is reduced, a proportion of such full amount which shall be equal to the proportion of the reduced Fee & Expense Award to the original award. Any plaintiffs' counsel receiving any portion of the Fee & Expense Award prior to the Effective Date or the finality of this order shall expressly submit to the jurisdiction of the Court and guarantee in writing repayment to the Settlement Funds prior to the disbursement of any portion of the Fee and Expense Award to such counsel. The obligation to make such repayment shall be the sole responsibility of the counsel who received such payment and shall be limited to the amount received by such counsel. The obligation shall be enforceable by the Court on the motion of Settlement Class Counsel or defendant Korean Air Lines Co., Ltd. The Court shall retain continuing jurisdiction over the Settlement Funds, the parties, and plaintiffs' counsel for purposes of enforcing this order.

**IT IS SO ORDERED**.

Dated:  December 23, 2013

_____
S. James Otero
UNITED STATES DISTRICT JUDGE

2981870v1/0104386

1  Submitted By:

2  JEFF S. WESTERMAN
3  WESTERMAN LAW CORP.

4  SUSAN G. KUPFER
   GLANCY BINKOW & GOLDBERG LLP
5
   MARC M. SELTZER
6  SUSMAN GODFREY L.L.P.

7

8  By  /s/ *Marc M. Seltzer*
            Marc M. Seltzer
9  Plaintiffs' Settlement Class Counsel