Joseph Darrell Palmer (SBN 125147)
Email: darrell.palmer@palmerlegalteam.com
Law Offices of Darrell Palmer
2244 Faraday Avenue, Suite 121
Carlsbad, CA 92008
Telephone: (858) 215-4064
Facsimile: (866) 583-8115

Attorney for Objector Stuart Johnson

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| IN RE KOREAN AIR LINES CO., LTD. ANTITRUST LITIGATION | MDL: 1891 |
| | Case No. 07-cv-05107-SJO (AGRx) |
| This Document Relates To: | **RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR IMPOSITION OF AN APPEAL BOND AND AN ORDER ALLOWING DISCOVERY** |
| ALL ACTIONS. | |
| Defendant. | Date: July 28, 2014<br>Time: 10:00 a.m.<br>Judge: Hon. S. James Otero |

1

# **TABLE OF CONTENTS**

2

3

The Legal Standard For Imposing an Appellate Bond ……………………………   1

4

I.   ARGUMENT ………………………………………………………   4

5

6

A.   Plaintiffs' Motion Focuses on Issues that are not Relevant to a
Determination of Whether a Bond Is Appropriate …………………………   4

7

8

  1.  The bad faith of an appeal must be determined by the
     Appeals Court …………………………………………………   4

9

10

  2.  Administrative costs are not properly subject to a bond ………………   6

11

B.   Analysis of Relevant Factors Suggest no Bond should be Required ………   10

12

13

  1.  Appellant's financial ability to post the bond ……………………   11

14

15

  2.  The likelihood that the appellant will lose the appeal and
     be subject to costs ……………………………………………   11

16

  3.  The risk that the appellant would not pay costs if he loses ……………   12

17

18

C.   The Amount of the Bond Requested by Plaintiffs is Excessive
and Further Weighs against Requiring a Bond …………………………   14

19

20

D.   The discovery Plaintiffs request is inappropriate ………………………   14

21

II.   CONCLUSION …………………………………………………   15

22

23

24

25

26

27

28

i

1
2

# <u>TABLE OF AUTHORITIES</u>

## <u>Cases</u>

3
4

*Azizian v. Federated Dept. Stores, Inc.*
499 F.3d 950 (9th Cir. 2007) ……………………………………………… 2, 3, 5, 9-11

5
6

*Clark v. Universal Builders, Inc.*
501 F.2d 324, 341 (7th Cir. 1974) ………………………………………… 2

7
8

*Cobell v. Salazar*
816 F. Supp. 2d 10 (D.D.C. 2011) ………………………………………… 8

9
10

*Embry v. ACER Am. Corp.*
No. C 09–01808 JW, 2012 WL 2055030, at *1 (N.D.Cal. June 5, 2012) ………… 11

11
12

*Eubank v. Pella Corp.*
13-2091, 2014 WL 2444388 at *3 (7th Cir. June 2, 2014) ……………………… 9

13
14
15

*Fleury v. Richemont N. Am., Inc.*
C-05-4525 EMC, 2008 WL 4680033 at *7
(N.D. Cal. Oct. 21, 2008) …………………………………… 2, 5, 8, 10, 11

16
17

*In re American President Lines, Inc.*
779 F.2d 714, 717-18 (D.C. Cir. 1985) …………………………………… 2, 8-10

18
19

*In re AOL Time Warner, Inc.*
2007 WL 2741033, *4 (S.D.N.Y.  Sept. 20, 2007) ……………………………… 1

20
21
22

*In re Broadcom Corp. Secs. Litig.*
Case No. 01-SACV-275 DT (MLGx), 2005 U.S. Dist.
LEXIS 45656, at *9-10 (C.D. Cal. Dec. 5, 2005) ………………………………… 6

23
24

*In re IPO Sec. Litig.*
721 F.Supp.2d 210 (2010) ……………………………………………… 8

25
26

*In re Magsafe Apple Power Adapter Litig.*
12-15757, 2014 WL 1624493 (9th Cir. Apr. 24, 2014) ………………………… 3, 7

27
28

ii

*In re Merrill Lynch Relocation Mgmt., Inc.*
812 F.2d 1116, 1123 (9th Cir.1987) ……………………………………………   3

*In re Netflix Privacy Litig.*
2013 WL 6173772, at *4 (N.D. Cal. Nov. 25, 2013) ……………………………   6

*In re Porsche Cars N. Am., Inc. Plastic Coolant Tubes
Products Liab. Litig.*
2:11-MD-2233, 2014 WL 2931465 (S.D. Ohio June 30, 2014) ………………   8

*In re TFT-LCD (Flat Panel) Antitrust Litig.*
2013 U.S. Dist. LEXIS 34845 (N.D. Cal. Mar. 12, 2013) …………………………   4

*In re Toyota Motor Corp. Unintended Acceleration Mktg.,
Sales Practices, & Products Liab. Litig.*
8:10ML02151 JVS FMOX, 2013 WL 5775118
(C.D. Cal. Oct. 21, 2013) ……………………………………………………   3

*Lindsey v. Normet*
405 U.S. 56, 77-79 (1972) ……………………………………………………   2

*Miletak v. Allstate Ins. Co.*
Case No. 06-C-03778 JW, 2012 WL 3686785, at *2 & n.5
(N.D. Cal. Aug. 27, 2012) ……………………………………………………   6

*Schulken v. Washington Mut. Bank*
09-CV-02708-LHK, 2013 WL 1345716
(N.D. Cal. Apr. 2, 2013) ……………………………………………… 7, 8, 10, 11

*Selletti v. Carey*
173 F.3d 104, 112 (2d Cir.1999) ……………………………………………   3

*Vaughn v. Am. Honda Motor Co.*
507 F.3d 295, 298-99 (5th Cir. 2007) ……………………………………… 8, 12

iii

**Codes, Rules and Other Materials**

28 U.S.C. §§ 1712(a) …………………………………………………………  13

28 U.S.C. § 1712(b) …………………………………………………………  13

28 U.S.C. § 1712(c) …………………………………………………………  13

Federal Rules of Appellate Procedure

    7 …………………………………………………………… 1, 2, 5, 7-11

    8 …………………………………………………………………  8

    38 …………………………………………………………………  5

    39 ………………………………………………………… 3, 6, 7, 9

Federal Rules of Civil Procedure

    62(d)  …………………………………………………………  8

Other Authority

Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 ……………………  13

Plaintiffs ask this court to commit legal error by imposing an appeal bond to secure costs not authorized by law in this circuit.  The parties have already raised many of the issues found in this motion in a motion to dismiss filed with the appeals court.  The appeals court has already denied the Motion to Dismiss.  This Motion is another attempt to limit objectors' ability to appeal the settlement by requiring the posting of an excessively large bond, far beyond that authorized by law and beyond the costs that could reasonably be obtained should objectors' appeal be denied on the merits.  This court lacks jurisdiction to decide either the merits of the appeal or whether the appeal was filed in good faith, and lacks jurisdiction to approve discovery related to the appeal.  The court should reject the Motion outright, or, if the court should find posting of a bond appropriate, only those costs authorized by law should be required.

The only questions properly before the Court today are (1) whether a bond should be imposed, and, (2) the amount of any bond the court may choose to impose.   These determinations should be based on the facts and the law, not the personal grievances Class Counsel may have with objectors in general or this objector's counsel.

**The Legal Standard For Imposing an Appellate Bond**

Rule 7 of the Federal Rules of Appellate Procedure provides for the posting of a bond, "to ensure that the appellee will be paid any costs that are awarded to him if the appellant is unsuccessful on appeal."   The purpose of the rule is to "protect ... an appellee against the risk of nonpayment by an unsuccessful appellant." *In re AOL Time*

1

*Warner, Inc.*, 2007 WL 2741033, *4 (S.D.N.Y.  Sept. 20, 2007).  The Advisory Committee Notes to Rule 7 indicate that the question of the need, if any, for a bond, and its amount, are left to the discretion of the trial court.

Rule 7 does not provide explicit guidance about the factors to consider when determining whether a bond should be imposed.  In the Ninth Circuit, courts have followed guidance found in *Azizian v. Federated Dept. Stores, Inc.*, 499 F.3d 950 (9th Cir. 2007).  *See Fleury v. Richemont N. Am., Inc.*, C-05-4525 EMC, 2008 WL 4680033 at *7 (N.D. Cal. Oct. 21, 2008).

A district court may not impose a bond in an amount beyond what is necessary to insure adequate security if to do so would effectively preclude pursuit of an appeal. *Lindsey v. Normet*, 405 U.S. 56, 77-79 (1972) (holding that statute conditioning appeal on posting of double bond was unconstitutional under Fourteenth Amendment equal protection clause).  Nor may a bond be imposed for the purpose of discouraging exercise of the right to appeal.  See *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 341 (7th Cir. 1974)(stating that "any attempt by a court at preventing an appeal is unwarranted and cannot be tolerated").   Rule 7 was not intended to be used as a means of discouraging appeals, even if perceived to be frivolous.  See *In re American President Lines, Inc*, 779 F.2d 714, 717 (1985) (denying bond request because it failed as legitimate means of protecting Appellee against possibility that appeal might turn out to be frivolous).

A cost bond should not be imposed where the bond will encumber the Appellants' right to maintain their appeal. A cost bond is meant "to insure that whatever assets a party *does* possess will not have been dissipated or otherwise have become unreachable by the time such costs actually are awarded." *Selletti v. Carey,* 173 F.3d 104, 112 (2d Cir.1999). See also *In re Merrill Lynch Relocation Mgmt., Inc.,* 812 F.2d 1116, 1123 (9th Cir.1987). Recent Ninth Circuit authority has affirmed that "The district court may not include in an appeal bond any expenses beyond those referenced in Fed. R. App. P. 39 unless such expenses may be shifted pursuant to another statute." *In re Magsafe Apple Power Adapter Litig.*, 12-15757, 2014 WL 1624493 (9th Cir. Apr. 24, 2014) (Exhibit A to declaration of Joseph Darrell Palmer), citing *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 959–60 (9th Cir.2007).  Similarly, in *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Products Liab. Litig.*, 8:10ML02151 JVS FMOX, 2013 WL 5775118 (C.D. Cal. Oct. 21, 2013) (Exhibit B to declaration of Joseph Darrell Palmer) this court denied a Motion for Imposition of Appeal Bonds after determining that increased settlement administration costs could not be included in the amount of a bond imposed on appeal.

/ / /

/ / /

/ / /

# I.  ARGUMENT

**A.** **Plaintiffs' Motion Focuses on Issues that are not Relevant to a Determination of Whether a Bond Is Appropriate**

### 1.  The bad faith of an appeal must be determined by the Appeals Court

Plaintiffs Memorandum of Law in Support of the Motion and the declarations filed in support thereof waste this court's time with irrelevant arguments attempting to establish the bad faith and vexatious conduct of the objectors and their counsel.[1]  For example, the Westerman Declaration, Dkt. No. 716-1 (which acknowledges that plaintiffs costs on appeal will amount to only $762.00 for each appeal or $1,524.00 for the two appeals), attaches eleven documents amounting to 136 pages as exhibits, all of which relate to other cases involving objectors' counsel.  See Westerman Declaration, Ex. B-L, found at pages 8 – 144 of the declaration.   These documents are intended to support Plaintiffs' contention that this objectors' counsel is "a serial objector" who has engaged in "bad faith and vexatious conduct".  (Dkt. 716, Memo of Law, pages 5-7).  Objectors' bad faith is not, however, relevant to the court's determination of whether to require an appellate bond or the amount of that bond.  Plaintiffs waste the court's time by filing this extraneous material.

/ / /

---

[1] To address one issue raised by counsel (Dkt. 716, Memorandum of Law, page 6, lines 10-12), although not relevant to this motion, counsel would like to inform the court that an agreement for a *nunc pro tunc* dismissal of sanctions has been agree to in the case of *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2013 U.S. Dist. LEXIS 34845 (N.D. Cal. Mar. 12, 2013).

4

The fact that Plaintiffs are seeking such a large bond highlights their goal of painting the appeal as frivolous.  In seeking such a large bond, they are in effect asking the district court to impose sanctions.  The Ninth Circuit's decision in *Azizian, supra*, prevents this court from considering the frivolity or bad faith of the appeal. As noted in *Azizian*, only the appellate court has the authority to impose sanctions for a frivolous appeal, holding that pursuant to Federal Rule of Appellate Procedure 38, an appellee can be awarded damages and single or double costs if the appellate court were to determine that the appeal was frivolous. See Fed. R. App. P. 38 ("If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee").

In addition, the Ninth Circuit has expressly held that "a district court may not include in a Rule 7 bond appellate attorney's fees that might be awarded by the court of appeals if that court holds that the appeal is frivolous under Federal Rule of Appellate Procedure 38." *Fleury v. Richemont N. Am., Inc.*, C-05-4525 EMC, 2008 WL 4680033 at *7 (N.D. Cal. Oct. 21, 2008), *citing Azizian*, 499 F.3d at 954.  *Fleury* summarized the Ninth Circuit's ruling in observing, "In so holding, the Ninth Circuit indicated that Rule 7 is not intended to provide a penalty to address the frivolity of an appeal." *Id.*

/ / /

**2.  Administrative costs are not properly subject to a bond.**

Despite anticipating costs of less than $1,524.00 for the appeals (or $762.00 per appellant), Plaintiffs ask this court to require each appellant to post a bond of $290.000. The additional amounts requested are to cover costs incurred as a result of delay in implementation of the Settlement.  More than ninety-nine percent of the amount requested in Plaintiffs' bond motion are thus intended to cover additional settlement administration expenses which the administrator anticipates incurring during the pendency of the appeal.  The declaration from Robin Niemiec, client services director for settlement administrator Rust Consulting, asserts that an additional $24,262.50 per month for a total of $291,150 per year will be incurred during the pendency of the appeal.  Dkt. 716-2, ¶ 4.

In support of Plaintiffs' contention that administrative costs associated with the delay in implementing a settlement should be included in the bond, Plaintiffs cite several unpublished non-binding decisions in this Circuit, including *In re Broadcom Corp. Secs. Litig.*, Case No. 01-SACV-275 DT (MLGx), 2005 U.S. Dist. LEXIS 45656, at *9-10 (C.D. Cal. Dec. 5, 2005); *In re Netflix Privacy Litig.*, 2013 WL 6173772, at *4 (N.D. Cal. Nov. 25, 2013) and *Miletak v. Allstate Ins. Co.*, Case No. 06-C-03778 JW, 2012 WL 3686785, at *2 & n.5 (N.D. Cal. Aug. 27, 2012).  Plaintiffs have not, however, addressed the recent Ninth Circuit decision affirming that "The district court may not include in an appeal bond any expenses beyond those referenced in Fed. R.App. P. 39 unless such

expenses may be shifted pursuant to another statute." *In re Magsafe Apple Power Adapter Litig.*, 12-15757, 2014 WL 1624493 at *1 (9th Cir. Apr. 24, 2014).

Nor do Plaintiffs cite to any statute authorizing the inclusion of such costs in an appeal bond. The costs that can be included in a Rule 7 bond are those enumerated in Fed. R. App. P. 39, subdivision (e) "(1) the preparation and transmission of the record; (2) the reporter's transcript, if needed to determine the appeal; (3) premiums paid for a *supersedeas* bond or other bond to preserve rights pending appeal; and (4) the fee for filing the notice of appeal." As noted in *Magsafe*, "these costs rarely exceed a few hundred dollars when taxed against an appellant." *Magsafe*, at *1. *Magsafe*'s holding is particularly instructive. The court found:

> The district court abused its discretion by requiring the objectors to post $15,000 appeal bonds given that the only applicable fee-shifting statute is Fed. R.App. P. 39. Accordingly, we vacate the district court's May 29, 2012, order. On remand, the district court may impose an appeal bond that more accurately reflects the amount that a prevailing appellee would be entitled to recover from a losing appellant under Fed. R.App. P. 39. *Id.*

Plaintiffs demand for bonds of $290,000.00 is not supported by authoritative case law. The class action system does not require objecting class members to cover speculative administrative expenses or delay costs associated with the appeal. On this issue, objector draws the court's attention to the recent case of *Schulken v. Washington Mut. Bank*, 09-CV-02708-LHK, 2013 WL 1345716 (N.D. Cal. Apr. 2, 2013), in which the court determined the posting of a bond was appropriate, but limited that bond to

7

$5,000, which covered reasonable costs related to preparing the appeal, including printing

costs associated with appellate briefs and transcript costs.  Notably, the court rejected

efforts to include administrative delay costs.  See *Schulken*, 2013 WL 1345716, *8, citing

*Fleury*, 2008 WL 4680033 at *8 (finding that "delay damages" may not be included as

"costs" for the purposes of Rule 7) and *In re IPO Sec. Litig.*, 721 F.Supp.2d 210 (2010)

(excluding delay expenses from the amount of an appeal bond, absent authorization by an

applicable fee-shifting statute).

Every appellate court asked to consider whether "costs of delay" can be included in

a Rule 7 appeal bond has said *no*.  "Costs of delay" are only covered in a *supersedeas*

bond available under Fed. R. App. Proc. 8 or Fed. R. Civ. Proc. 62(d). *Vaughn v. Am.*

*Honda Motor Co.*, 507 F.3d 295, 298-99 (5th Cir. 2007); *In re American President Lines,*

*Inc.*, 779 F.2d 714, 717-18 (D.C. Cir. 1985). Yet the word "*supersedeas*" and the relevant

legal rules are entirely absent from the motion papers; they are absent from the non-

binding, legally erroneous, and unpersuasive district court opinions cited by the parties.

When plaintiffs sought to include identical administrative costs in an appeal bond in

*Cobell v. Salazar*, 816 F. Supp. 2d 10 (D.D.C. 2011), the district court issued an order to

show cause why plaintiffs should not be sanctioned for the request.  See also *In re*

*Porsche Cars N. Am., Inc. Plastic Coolant Tubes Products Liab. Litig.*, 2:11-MD-2233,

2014 WL 2931465 (S.D. Ohio June 30, 2014) (reducing bond amount from the

$176,474.50 requested by plaintiffs, to $2, 474.50 to cover expenses related to preparing

and filing the appellate briefs, as well as printing and copying costs allowed under another statute) (Exhibit C to declaration of Joseph Darrell Palmer).

A district court has no "inherent or rule-based power" to impose an appeal bond beyond "security for payment of costs on appeal." *American President Lines,* 779 F.2d at 716, 718-19.  The "costs referred to [in Rule 7] are those that may be taxed against an unsuccessful litigant under Federal Appellate Rule 39, and do not include attorneys' fees that assessed on appeal." *American President Lines,* 779 F.2d at 716. The only exception the Ninth Circuit has ever recognized is in the rare case of a bilateral fee-shifting statute that defines fees as costs. *Azizian v. Federated Dept. Stores Inc.*, 499 F.3d 950, 958-60 (9th Cir. 2007).  Plaintiffs have not sought any such fees in their bond motion.

In an effort to discourage appeals, Class Counsel are now routinely seeking the type of outrageous expenses requested here in their bond motions.  The court should reject this outrageous request; ruling otherwise would deter all but the wealthiest objectors from obtaining appellate review.  In keeping with the important role objectors play in ensuring that class action settlements are fair to absent class members, the court should not sanction this bald faced attempt at limiting objector's right to appeal.  See *Eubank v. Pella Corp.*, 13-2091, 2014 WL 2444388 at *3 (7th Cir. June 2, 2014) (Noting "The case underscores the importance both of objectors (for they are the appellants in this case—without them there would have been no appellate challenge to the settlement) and of intense judicial scrutiny of proposed class action settlements.")

MDL 1891
OPPOSITION TO APPEAL BOND AND ORDER ALLOWING DISCOVERY

The reason the plaintiffs fail to identify the relevant legal rule and the relevant appellate precedent is obvious: *American President Lines* demonstrates they are not entitled to the relief they request. Although the parties claim to be concerned about the cost of delay, their frivolous appeal bond request, if granted, will cause *more* delay, as the parties engage in collateral litigation over the reversible error that the Plaintiffs ask this Court to commit.

**B.   Analysis of Relevant Factors Suggest no Bond should be Required**

Rule 7 does not provide explicit guidance as to the factors a court should consider in ruling on a motion to require posting of a bond, although case law has established certain factors the court may consider. Courts within the Ninth Circuit typically consider: (1) appellant's financial ability to post the bond; (2) the risk that the appellant would not pay costs if he loses; and (3) the likelihood that the appellant will lose the appeal and be subject to costs.  See *Fleury v. Richemont N. Am., Inc*., C–05–4525 EMC, 2008 WL 4680033, at *7 (N.D.Cal. Oct.21, 2008), *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950 (9th Cir. 2007); *Schulken v. Wash. Mut. Bank*, No. 09-CV-02708, 2013 WL 1345716, at *4 (N.D. Cal. Apr. 2, 2013). Class Counsel's arguments notwithstanding, an analysis of these factors indicates that Class Counsel has not established the necessity of the bond.

/ / /

### 1. Appellant's financial ability to post the bond.

An appellant's financial ability to post the bond is the first factor cited by
Plaintiffs.  Generally, District courts have found this factor weighs in favor of a bond,
absent an indication that a plaintiff is financially unable to post bond.  *Fleury*, 2008 WL
4680033, at *7; *Embry v. ACER Am. Corp.*, No. C 09–01808 JW, 2012 WL 2055030, at
*1 (N.D.Cal. June 5, 2012).  However here the size of the bond requested is so great that
it raises due process concerns.  Although Mr. Johnson may be able to post a reasonable
bond to cover the costs of printing briefs and other costs generally taxable under FRAP 7,
the fact that Plaintiffs are seeking $290,000.00 in costs from each appellant weighs
against the court requiring the bond.  The concern regarding appellants' ability to pay is
grounded in due process concerns.  Where imposition of a bond would chill the right to
appeal, a court should not impose an appellate bond. See*, e.g., Azizian*, 499 F.3d at 961
(noting constitutional concern regarding unduly burdening the right to appeal).  Thus in
this case, and absent the request for reasonable costs, the first factor weighs against
imposition of a bond.  Should the court reduce the bond amount to the reasonable costs
anticipated by Plaintiffs, the appellant would be able to pay these costs.

### 2. The risk that the appellant would not pay costs if he loses.

This objector acknowledges that this factor generally weighs in favor of requiring a
bond if appellant resides out of state, noting that "Courts have recognized that 'collecting
costs from out of state appellants may be difficult.'" See *Schulken*, 2013 WL 1345716, at

11

*5 (imposing bond on resident of Washington where case was pending in Northern District of California).  As this objector resides abroad, this court may find this fact weighs in favor of imposing a reasonable bond, namely the amount required to cover Plaintiffs costs should they prevail on appeal (i.e., the $762.00 requested by Plaintiffs).

### 3. The likelihood that the appellant will lose the appeal and be subject to costs.

Notwithstanding the Motion's numerous unsubstantiated and self-serving assertions that Mr. Johnson's appeal is frivolous, whether the appeal is well founded and the objections meritorious will be determined by the appellate court, not the district court. *Vaughn v. American Honda Motor Co., Inc.,* 507 F.3d 295, 299 (5th Cir. 2007).

Mr. Johnson provided the Court with detailed objections supported by ample case law.  His objections included concerns over the attorneys' fees agreed to in this case, particularly as related to the coupon portion of the settlement.  Although the district court chose to overrule these objections, the existence of a substantial body of federal and state jurisprudence regarding attorney's fees demonstrates that reasonable people and courts may apply different analyses and reach different results.

Attorneys' fees in coupon settlements are especially problematic.  Plaintiffs have adopted certain novel procedures related to the coupon portion of the Settlement, but it is not clear whether these procedures – although creative – will work to the benefit of the class or accord with the additional scrutiny coupon settlements require under the Class

12

Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (codified in various sections of title 28 of the United States Code).   Title 28, U.S.C. §§ 1712(a)-(c) regulate the calculation and award of attorneys' fees to class counsel in coupon settlements by providing (1) that the portion of any attorney's fee award attributable to the award of the coupons be based on the value to class members of the coupons that are actually redeemed, and (2) that any portion of such award that is not based on the recovery of coupons be calculated with reference to the amount of time class counsel reasonably expended working on the action, including, if appropriate, the application of a "lodestar" and multiplier. 28 U.S.C. § 1712(b).  It is not clear that the approach adopted in this case accords with these requirements, and as such this objector contends there is a high probability that the court will at the very least remand the settlement to the district court for the additional proceedings required by CAFA.

Rather than dealing with the real issues raised on appeal, this Motion merely seeks an excessive bond as a back-door way to prevent the appeal.  The parties have already raised many of the issues found in this motion in a motion to dismiss filed with the appeals court on April 2, 2014.  The motion was denied on April 28, 2014.  See Appellate Case Number: 14-55010, Dkt. Nos. 15 and 16 and this court's Dkt. Nos. 712 and 713.  In its Order denying the Motion to Dismiss the court suggested "Appellees' motion to dismiss this appeal is denied without prejudice to renewing the arguments in the answering brief." Dkt. 712.  Rather than preserving their arguments for the answering

brief as directed by the Appellate court, Plaintiffs are instead attempting to put a halt to the appeal by requesting an excessive bond.

Analysis of all of the above factors suggests requiring a Bond would not be appropriate.

## C.   The Amount of the Bond Requested by Plaintiffs is Excessive and Further Weighs against Requiring a Bond

For the foregoing reasons the court should determine that a bond is not necessary in light of the minimal costs the court could properly impose on objectors should the appeals be denied.  If the court does, however, determine that it is appropriate to impose a bond, the amount should be limited to the costs requested by counsel.  In his declaration David Westerman stated that he anticipated Plaintiffs would incur a total of $1,524.00 in costs for the two appeals of the settlement, or $762.00 per appeal.  Should the court determine imposition of a bond on this appellant is appropriate the bond should be limited to $762.00 per appellant.

## D.   The discovery Plaintiffs request is inappropriate.

Plaintiffs seek leave to conduct discovery based in part on their excessive request: they wish to determine if appellants are capable of posting a $290,000.00 bond.  As noted above, there is no authority for this court to impose such a bond, nor are Plaintiffs entitled to information as to appellants ability to post such a bond.   Similarly the standing issue is an issue to be determined on appeal; this court has already ruled on this issue.

14

## II. CONCLUSION

This Motion merely seeks an excessive bond as a back-door way to stop the appeal, having already lost their motion to dismiss the appeal.   The motion seeks to chill objector's right to appeal and must be denied because it provides no valid basis in law or fact supporting the imposition of such a large bond (or any bond covering administrative delay costs) and instead focuses on irrelevant claims regarding objectors' counsel and the merits of the appeals.

Mr. Johnson will happily deposit $2000 with the court or in class counsel's trust account to cover costs in the event he does not prevail on appeal.

Dated:   July 7, 2014                              By: /s/ Joseph Darrell Palmer
                                                             Joseph Darrell Palmer

                                                   Attorney for Objector Stuart Johnson

15

# CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2014, I electronically filed the foregoing with the Clerk of the Court of the United States District Court for the Central District of California by using the USDC CM/ECF system.

I certify that all participants in the case who are registered CM/ECF users that service will be accomplished by the USDC CM/ECF system.

_____/s/ Joseph Darrell Palmer_____
Joseph Darrell Palmer

MDL 1891
OPPOSITION TO APPEAL BOND AND ORDER ALLOWING DISCOVERY