JEFF S. WESTERMAN (94559)
jwesterman@jswlegal.com
WESTERMAN LAW CORP.
1900 Avenue of the Stars, 11th Floor
Los Angeles, CA 90067
Tel: (310) 698-7880
Fax: (310) 775-9777

SUSAN G. KUPFER (141724)
skupfer@glancylaw.com
GLANCY BINKOW & GOLDBERG LLP
One Embarcadero Center, Suite 760
San Francisco, CA 94111
Tel: (415) 972-8160
Fax: (415) 972-8166

MARC M. SELTZER (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150

Plaintiffs' Settlement Class Counsel

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| IN RE KOREAN AIR LINES CO., LTD. ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | MDL No. 07-01891<br><br>Master File No. CV 07-05107 SJO (AGRx)<br><br>**PLAINTIFFS' CONSOLIDATED REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR IMPOSITION OF APPEAL BONDS PURSUANT TO RULE 7 OF THE FEDERAL RULES OF APPELLATE PROCEDURE AND FOR AN ORDER ALLOWING DISCOVERY OF OBJECTORS**<br><br>**HEARING REQUESTED**<br><br>**Date:   July 28, 2014**<br>**Time:   10:00 a.m.**<br>**Place:  Courtroom of the Hon. S. James Otero** |

1  Objectors Johnson and Nedlouf oppose the motion to impose Rule 7 appeals
2  bonds and order discovery but do not confront the key factual and legal points made
3  in the opening brief. Each concedes that he is willing to deposit a bond—Johnson
4  for $2,000, Johnson opp. at 15, and Nedlouf for $762, Nedlouf opp. at 7—and
5  principally oppose the amount of the bond sought. Title 28 U.S.C. § 1920(6)
6  provides a clear statutory basis for including in the Rule 7 bonds the costs incurred
7  by the court-appointed claims administrator. Johnson and Nedlouf never contest—
8  nor even mention—this statute, which plaintiffs explicitly relied on as the basis for
9  including the administrative delay costs in the bond amount. *See* Opening Br. at 13-
10 14.

11 Objectors also oppose the amount of the appeal bond sought by arguing that
12 it would impair their ability to pursue their appeals. Yet, as with his allegation of
13 Class membership, Johnson, who appears to be based in Dubai, offers no evidence
14 regarding his inability to post the bond. Similarly, Nedlouf offers no evidence
15 regarding his ability to post a bond.

16 This dispute over the ability to post the bond amount is precisely why the
17 Court should order discovery of the Objectors, whose only argument against
18 allowing discovery is the same erroneous assertion that the costs incurred by the
19 court-appointed claims administrator cannot be included in the bond amount.
20 Additionally, Objectors' counsels' past conduct further demonstrates why
21 discovery is necessary, namely, to ensure that their clients have actually consented
22 to object to the settlement and to take their appeals, and have been made aware that
23 the costs of appeal may be awarded against them. Given the history of Johnson's
24 counsel in particular, evidenced at pp. 5-7, 18-19 of the opening brief, it appears
25 that the failure to provide a declaration in opposition to this motion may well signal
26 that at least Johnson did not even authorize the objection, let alone the exposure to
27 costs. It may well be that some simple deposition inquiry could result in termination
28

of the appeals and enable the distribution of the settlement to the 90,000 Class members whose relief is being held up by these Objectors.

All three factors weigh in favor of imposing bonds of at least $290,000. Although Objectors cry foul, they each recognize that a bond is appropriate under the circumstances. The amount requested is that which is necessary to ensure that Objectors will pay the costs incurred by the Class for the court-appointed claims administrator during the pendency of the appellate process; they will be responsible for these costs upon losing their appeals.

Finally, even separate and apart from the bonds, the Court should order discovery "to protect the Court's final judgment." *In re Cathode Ray Tube Antitrust Litig.*, 281 F.R.D. 531, 533-34 (N.D.Cal. 2012) ("*In re CRT*") (internal citation omitted). Plaintiffs seek discovery from Objectors regarding their understanding of the settlements and claimed basis for their appeals, their motivations in appealing, their financial arrangements with counsel related to their appeals, and whether they are even aware of and consent to counsels' actions in their names. The Court should order discovery of the Objectors and should further order appeals bonds in the amount of at least $290,000.[1]

**A. Section 1920 provides an undisputed basis for including in the Rule 7 bonds the costs incurred by the court-appointed claims administrator.**

As plaintiffs set forth in their opening brief at pp. 13-14, 28 U.S.C. § 1920 provides a clear statutory basis for imposing the costs at issue here. Neither Johnson

---

[1] Nedlouf asserts that plaintiffs' counsel failed to comply with Local Rule 7-3 and this Court's standing order with respect to meeting and conferring. *See* Neldouf Opp. at 3 n.2. Plaintiffs' counsel believe that filing such a motion was discussed in the context of a meeting that took place between the Objectors' counsel and Class counsel on June 13, 2014, and understood that discussion to be sufficient under the rule and order. To the extent Nedlouf's counsel disagrees, plaintiffs' counsel apologize for the misunderstanding. Plaintiffs' counsel note that they did not oppose the late filing of Nedlouf's opposition, nor seek an extension of time to file this reply.

nor Nedlouf confront this argument. Instead, they cite inapposite case law and Johnson focuses on "attorneys' fees," and supersedeas bonds, neither of which plaintiffs seek here.

Johnson and Nedlouf each reiterate that "[r]ecent Ninth Circuit authority has affirmed that 'The district court may not include in an appeal bond any expenses beyond those referenced in Fed. R. App. P. 39 *unless such expenses may be shifted pursuant to another statute*.'" Johnson Opp. at 3, 6-7 (quoting *In re Magsafe Apple Power Adapter Litig.*, 12-15757, 2014 WL 1624493 (9th Cir. Apr. 24, 2014)) (emphasis added); Nedlouf Opp. at 4. Here, there is such a statute. That statute is § 1920; and Objectors do not—and cannot—contest that the Court may include costs in the Rule 7 bond pursuant to § 1920.

Ignoring the core legal authority cited in plaintiffs' brief, Johnson speciously asserts that "Plaintiffs [do not] cite to any statute authorizing the inclusion of such costs in an appeal bond." Johnson Opp. at 7. To reiterate, the Court may include in a Rule 7 bond the compensation of court-appointed experts pursuant to Rule 7 and 28 U.S.C. § 1920(6). Section 1920 provides that a "judge or clerk of any court of the United States may tax as costs the following: . . . (6) Compensation of court appointed experts . . . ." Here, the Court appointed Rust Consulting as the claims administrator, subject to the court's oversight, *see* doc. 608 ¶ 16, and the administrative costs are incurred for compensating Rust, *see* Niemiec Decl.

As plaintiffs set forth in the opening brief and as Objectors have not contested, Rule 7 includes the "costs" contained in § 1920. *See Nalder v. United Auto. Ins.*, 2011 WL 4905717 (D. Nev. Oct. 14, 2011) (noting that the Ninth Circuit has held "that the costs enumerated in Rule 39 are among the costs available on appeal but not necessarily the only costs allowable on appeal" and thus "the idea of costs on appeal suggests that they would be limited to the sort of costs described in Rule 39(c), 39(e), *and 28 U.S.C. § 1920*" and certain attorneys' fees) (emphasis added); *In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*, 2010 WL

5147222 (W.D. Ky. Dec. 13, 2010) ("The costs referenced by Rule 7 are contained in 28 U.S.C. § 1920 and Federal Rule of Appellate Procedure 39."); 20 MOORE'S FEDERAL PRACTICE § 307.10[2] (3d ed. 2003) ("The costs of appeal for which the [Rule 7] bond ensures payment are those authorized by 28 U.S.C. § 1920 and Appellate Rule 39."); 16A WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 3953 (4th ed. database updated April 2014) ("Costs on appeal for which a Rule 7 bond can be required include the costs authorized in 28 U.S.C. § 1920 to the extent those costs relate to the appeal.").

Objectors' citations prove plaintiffs' point. In the most recent case Johnson relies on, Johnson opp. at 8, the court stated: "It is undisputed that the costs referenced in Federal Rule of Appellate Procedure 39(e) and 28 U.S.C. § 1920 can be assessed on appeal and included in a bond under Rule 7." *In re Porsche Cars N. Am., Inc. Plastic Coolant Tubes Products Liab. Litig.*, 2:11-MD-2233, 2014 WL 2931465, at *3 (S.D. Ohio June 30, 2014); *see id.* at *5 (including § 1920 costs in the appeal bond). Similarly, the most recent case on which Nedlouf relies, Nedlouf Opp. at 5, the court stated: "the definition of 'costs' for Appellate Rule 7 purposes come from Rule 39, 28 U.S.C. § 1920, or the statute underlying the litigation." *In re Bayer Corp. Combination Aspirin Products Mktg. & Sales Practices Litig.*, 09-MD-2023 BMC, 2013 WL 4735641, at *4 (E.D.N.Y. Sept. 3, 2013).

Objectors' other citations are inapposite or easily distinguishable. *See* Johnson Opp. at 6-10, Nedlouf Opp. at 5. In each case on which they rely, the plaintiffs sought to impose bonds without a proper statutory basis for doing so. *See Schulken v. Washington Mut. Bank,*, 2013 WL 1345716, at *8-9 (N.D. Cal. Apr. 2, 2013) (declining to award administrative delay costs in a Rule 7 appeal bond where plaintiff did not "concretely identify the basis for their $10,000 estimate, nor clearly distinguish the projected costs from those that could be claimed as attorney's fees"); *In re Toyota Motor Corp.*, 2013 WL 5775118, at *2 (C.D. Cal. Oct. 21, 2013) (declining to award administrative cost delays because class plaintiffs could

not "identify any applicable fee-shifting statute" that would entitled them to costs on appeal).[2]

In contrast, as set forth *supra* and in the opening brief, here plaintiffs have provided an uncontested statutory basis for including the costs of compensating the court-appointed claims administrator.

In its non-precedential decision in *Magsafe*, the Ninth Circuit merely reiterated the holding of *Azizian* in rejecting the inclusion of expenses in a Rule 7 bond <u>unless</u> they may be imposed pursuant to another statute. *See Azizian v. Federated Dept. Stores Inc.*, 499 F.3d 950 (9th Cir. 2007). *Azizian*, like *Magsafe*, does not address § 1920 and in no way undermines the clear statutory authority for including § 1920 costs in the Rule 7 bond amount. Contrary to Johnson's assertion, *Azizian* does <u>not</u> hold that attorneys' fees are the <u>only</u> "costs" beyond Federal Rule of Appellate Procedure 39 that may be included in a Rule 7 bond. *See* Johnson Opp. at 9. Rather, *Azizian* held that "the term 'costs on appeal' in Rule 7 ***includes all expenses defined as 'costs' by an applicable fee-shifting statute, including attorney's fees.***" 499 F.3d at 958. Here, plaintiffs do not seek attorneys' fees, but rather seek "expenses defined as 'costs'" by § 1920.

---

[2] The additional out-of-circuit cases Objectors cite are similarly inapposite. *See Vaughn v. Am. Honda Motor Co.*, 507 F.3d 295, 298-99 (5th Cir. 2007) (reducing appeal bonds because the basis for the bond amount was pre-judgment interest and the probability that the appeals would be summarily denied); *In re American President Lines, Inc.*, 779 F.2d 714, 716 (D.C. Cir. 1985) (holding that attorneys' fees and Federal Rule of Appellate Procedure 38 costs are not encompassed by Rule 7); *Cobell v. Salazar*, 816 F. Supp. 2d 10 (D.D.C. 2011) (acknowledging that some attorneys' fees can be included in Rule 7 bond amount, but rejecting that Equal Access to Justice Act is proper fee-shifting statute); *In re Initial Pub. Offering Sec. Litig.*, 721 F. Supp. 2d 210, 216 (S.D.N.Y. 2010) (imposing $25,000 appeal bond but not including delay costs because the statutory basis asserted for the delay costs "does not fall within the scope of those fee-shifting statutes contemplated by the Second Circuit for purposes of assessing costs for a Rule 7 bond"), *opinion clarified*, 2010 WL 5186791 (S.D.N.Y. July 20, 2010).

1  Although Objectors dispute the bond amount, $290,000 simply reflects the substantial costs they are imposing on the Class and is consistent with circuit practice. Rule 7 provides that the Court may order a bond "in any form and amount necessary," and courts in this circuit have consistently ordered bonds in substantial amounts. *See* Mot. at 12-13 (listing cases).

### B. The 'ability to pay' factor weighs in favor of imposing Rule 7 bonds, and Objectors' opposition to the amount is merely evidence that the Court should order discovery.

All parties agree that the three factors the Court should consider in imposing the bonds are (1) the appellant's financial ability to post the bond, (2) the risk that the appellant will not pay the costs upon losing the appeal, and (3) the likelihood that an appellant will lose his appeal and be subject to costs. *See* Johnson Opp. at 10; Nedlouf Opp. at 6.

Johnson concedes—and Nedlouf does not contest—that, in the absence of evidence to the contrary, the presumption is that he is able to post the bond amount. Johnson Opp. at 11 (citing *Fleury v. Richemont North America, Inc.*, 2008 WL 4680033, at *7 (N.D. Cal. Oct. 21, 2008)). Yet in the next breath, without proffering any evidence, Johnson raises the specter of due process and his inability to post the bond amount. Johnson Opp. at 11. Nedlouf raises the same concern—that he will be "barred" from pursuing his appeal—without proffering any evidence regarding his inability to pay. Nedlouf Opp. at 6. In *Fleury*, the very case Johnson and Nedlouf cite, the court found insufficient appellant's mere contention that she would be unable to pursue an appeal if the court imposed a bond of $380,644.88. *Id.* at *7. Therefore, the first factor weighs in favor of imposing $290,000 bonds.

Nonetheless, to the extent Objectors' arguments need to be rebutted, the Court should order discovery.

And, in any event, the Court should order discovery to aid in the enforcement of the bond motion and the ultimate collection of costs. As set forth in the opening

brief at pp. 18-20, Mr. Palmer has a well-documented history of misleading courts and claiming to represent parties who are not even clients, or did not consent to such representation, while he prosecutes appeals for his own purposes. Given the strong possibility that Johnson is unaware of the current proceedings, he may ultimately refuse to pay costs when awarded on the ground that he never consented to the objection filed in his name or the appeal. Not only has the Court ruled that Johnson does not have standing, but he has filed nothing to demonstrate awareness that this appeal is prosecuted in his name. Mr. Arter has also previously dropped an objection when discovery of his client was ordered, raising similar questions as to whether his client will comply with the award of costs, especially having contested his ability to do so. *See* Mot. at 19; Exs. F, G, H.[3]

The need for discovery is especially true given Johnson's none-too-veiled threat that he will appeal any order imposing a bond, *see* Johnson opp. at 10 (noting that the "appeal bond request, if granted, will cause *more* delay, as the parties engage in collateral litigation over the reversible error"), and his demonstrated practice of proffering new evidence on appeal in this case, *see* Ex. J.

**C. The other two factors also weigh in favor of imposing Rule 7 bonds.**

As they must, Johnson and Nedlouf concede that the second factor—the risk that they will not pay the costs imposed—weighs in favor of imposing bonds. *See* Johnson Opp. at 11-12; Nedlouf Opp. at 6. As to the third factor—the likelihood that he will lose his appeal—Nedlouf concedes that this factor weighs against him, respectfully noting that "given the Court's prior holdings, the Court is likely to find this factor weighs in favor of a bond." Nedlouf Opp. at 6. As to the likelihood he will lose his appeal, Johnson's only argument concerns the coupon portion of the attorneys' fee award. Johnson Opp. at 12-14. The argument is meritless, and as this Court observed in rejecting it and approving the coupon component of the

---

[3] Citations to exhibits refer to the exhibits attached to the Westerman Declaration, Doc. 716-1.

settlement and attorneys' fees, Class Counsel "set a high bar for other cases" in structuring the coupons as they did. Ex. C at 20. Where the district court has "carefully considered" objections and found them lacking merit, this factor "weighs heavily in favor of requiring a bond." *Embry v. ACER America Corp.*, 2012 WL 2055030, at *1 (N.D. Cal. June 5, 2012). Moreover, this Court concluded that the Objectors lack standing, *see* doc. 684, and that issue will likely be dispositive on appeal.

Johnson argues that the Court may not consider how frivolous his appeal is. Johnson Opp. at 4-5; *see also* Nedlouf Opp. at 4. This is not correct. Johnson conflates the appellate court's discretion to impose a "penalty" or "sanctions" for a frivolous appeal with the propriety of considering Mr. Palmer's conduct in imposing a Rule 7 bond. Although "frivolousness" may not be an independent factor to consider, Mr. Palmer's bad faith and the possibility that Johnson may not even be aware that an objection was filed in his name is certainly relevant to the likelihood that Johnson will refuse to pay the costs imposed if the appeal is unsuccessful. The same is true of the fact that Nedlouf's counsel admitted Nedlouf pursued his objection and appeal primarily because his personal non-merits based animus toward Korean Air. The administrative costs sought are neither "sanctions" nor "penalties." And the Court may consider the conduct of Objectors and their counsel as part of the three factors relevant to imposing the bonds.

**D. The Court should order discovery regarding the merits of the appeals.**

Independent of the reasons for ordering discovery related to the Rule 7 bonds, the Court should order discovery regarding the propriety of Objectors' appeals. Aside from a throw-away line in his introduction that the Court "lacks jurisdiction to approve discovery related to the appeal," Johnson does not contest—nor does Nedlouf—that the Court may order discovery here. Objectors' only argument is the same erroneous assertion that there is "no authority" to impose a $290,000 bond. Johnson Opp. at 14; *see* Nedlouf Opp. at 7. The Court should order

discovery along with imposing bonds, just as the court did in the *Netflix* litigation. *See In re Netflix Privacy Litig.*, 2013 WL 6173772, at *5 (N.D. Cal. Nov. 25, 2013) (simultaneously ordering discovery of objectors and imposing an appeal bond on each of them); *see also In re CRT*, 281 F.R.D. 531 (ordering discovery of appealing objectors).

Given the serious questions related to the Objectors' and their counsels' *bonda fides*, see opening brief at pp. 5-8, 18-20, the Court should order discovery regarding "the bases for the objections, [Objectors] role in objecting to this and other class settlements, and [Objectors] relationships with the counsel that may affect the merits of the objection." *In re Netflix Privacy Litig.*, 2013 WL 6173772, at *2. The Court has the inherent power to reopen discovery, despite the Objectors' appeals, because "the Final Judgment from which [they] appeal[] expressly provides for the Court's continuing jurisdiction to implement, enforce and administer the settlement, and to manage the Class Action itself," *In re CRT*, 281 F.R.D. at 533; *see* Doc. 694 ¶ 16. Moreover, "it is well settled that following a notice of appeal, the Court retains jurisdiction 'to preserve the integrity of this Court's judgments in general, and specifically to protect the Court's final judgment . . .'" *In re CRT*, 281 F.R.D. at 533-34 (quoting *In re Itel Sec. Litig.*, 596 F. Supp. 226, 233 (N.D. Cal. 1984), *aff'd*, 791 F.2d 672 (9th Cir. 1986)).

Discovery will aid the enforcement of the final judgment and prevent needless delay. After seven years of hard-fought litigation and the Court's careful consideration of every aspect of the settlement and requested attorneys' fee award, Objectors are attempting to hold up the settlement in a case where they have no standing and have lodged facially inconsequential objections. As recounted *supra* and in the opening brief, Johnson, like other purported Palmer clients, may be completely unaware of Palmer's actions on his behalf. Arter has conceded that Nedlouf's objection is motivated by Nedlouf's personal animosity toward Korean Air, and Arter has a demonstrated history of dropping his clients' objections when

they are subjected to scrutiny through discovery. The Court should allow discovery to preserve the integrity of the final judgment and to protect the Class from frivolous objections.

In sum, plaintiffs request that the Court (1) hold a hearing on plaintiffs' motion, (2) impose $290,000 Rule 7 appeals bonds on each Objector, and (3) order discovery of each Objector.[4]

Respectfully submitted,

DATED July 14, 2014:

MARC M. SELTZER
SUSMAN GODFREY L.L.P.

　/s/ Marc M. Seltzer　
Marc M. Seltzer

SUSAN G. KUPFER
GLANCY BINKOW & GOLDBERG LLP

　/s/ Susan G. Kupfer　
Susan G. Kupfer

JEFF S. WESTERMAN
WESTERMAN LAW CORP.

　/s/ Jeff S. Westerman　
Jeff S. Westerman

Plaintiffs' Settlement Class Counsel

---

[4] Plaintiffs recognize that at this time the Court has removed the hearing on this motion from its calendar. *See* Doc. 719.