UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

| | |
|---|---|
| **CASE NO.:** MDL 07-01891 SJO (AGRx) <br> CV 07-05107 SJO (AGRx) | **DATE:** July 24, 2014 |

**TITLE:** <u>In Re Korean Air Lines Co., Ltd. Antitrust Litigation</u>

========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Victor Paul Cruz <br> Courtroom Clerk | Not Present <br> Court Reporter |

**COUNSEL PRESENT FOR PLAINTIFF:**        **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                                          Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR IMPOSITION OF APPEAL BONDS** [Docket No. 716]

This matter is before the Court on Plaintiffs' Settlement Class Counsel's ("Plaintiffs") Motion for the Imposition of Appeal Bonds ("Motion"), filed June 30, 2014. Stuart Johnson ("Johnson") and Said Nedlouf ("Nedlouf") (collectively, "Objectors") filed separate Oppositions ("Stuart Opposition," ECF No. 717; "Nedlouf Opposition," ECF No. 718-3; collectively, "Oppositions") to the Motion, to which Plaintiffs filed a single Reply ("Reply," ECF No. 720). The Court found this matter suitable for disposition without oral argument and vacated the hearing set for July 28, 2014. *See* Fed. R. Civ. P. 78(b). For the following reasons, Plaintiffs' Motion is **GRANTED IN PART**.

I.      <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

In August 2007, litigation commenced in what would be a complex, lengthy, and hard-fought class action antitrust lawsuit against Defendants Asiana Airlines, Inc. ("Asiana") and Korean Air Lines Co., Ltd. ("Korean Air"). On July 15, 2011, the Court approved a final settlement agreement with Asiana (Order Approving Settlement Between Pls. and Def. Asiana, ECF No. 505), and entered judgment and dismissed Asiana from the case (Final J. & Order of Dismissal with Prejudice as to Def. Asiana, ECF No. 507). On July 31, 2013, the Court preliminarily approved a settlement agreement with Korean Air. (Order Granting Pls.' Mot. for Prelim. Approval of Settlement Between Pls. & Def. Korean Air ("Preliminary Settlement Order"), ECF No. 608.) The Court held a final settlement approval hearing ("Final Settlement Hearing") on the settlement agreement with Korean Air on December 2, 2013. (Minutes of Motion Hearing ("Minutes of Final Settlement Hearing"), ECF No. 681.)

There were three objections to the settlement approval, including objections by Johnson and Nedlouf. (Order Striking Objections for Failure to Show Class Membership ("Order Striking Objections"), ECF No. 684.) The Court struck all three of these objections as the objectors, including Johnson and Nedlouf, failed to show their class membership. (Order Striking

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: MDL 07-01891 SJO (AGRx)        DATE: July 24, 2014
         CV 07-05107 SJO (AGRx)

Objections 4, ECF No. 4.)  The Court also noted that even had the objectors had standing to object, the Court considered all objections on their merits at the Final Settlement Hearing and nonetheless found the Final Settlement Agreement fair, adequate, and reasonable.  (Order Striking Objections 4, ECF No. 4.)  The Court issued an Amended Final Judgment and Order of Dismissal with Prejudice as to Defendant Korean Air Lines ("Final Judgment," ECF No. 694), and an Order Granting Plaintiffs' Motion for Award of Attorneys' Fees and Reimbursement of Expenses ("Attorneys' Fees Order," ECF No. 695).  Nedlouf and Johnson have appealed the Final Judgment, Attorneys' Fees Order, and the Order Striking Objections.  (Notice of Appeal, ECF Nos. 696, 697.)

II.    DISCUSSION

Federal Rule of Appellate Procedure 7 ("Rule 7") provides that "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal."  Fed. R. App. P. 7.   "A district court may always include in an appeal bond the costs specified in [Federal Rule of Appellate Procedure 39 ('Rule 39')]."  *In re Magsafe Apple Power Adapter Litig.*, No. 12-15757, 2014 WL 1624493, at *1 (9th Cir. Apr. 24, 2014).  However, "[t]he district court may not include in an appeal bond any expenses beyond those referenced in [Rule] 39 unless such expenses may be shifted pursuant to another statute."  *Id.*  28 U.S.C. § 1920(6) allows any court to tax as costs the "[c]ompensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services . . . ."

Here, Plaintiffs seek an appeal bond from Objectors pursuant to Rule 7.  In calculating the amount of this appeal bond, § 1920(6) allows the Court to tax as costs the compensation of court appointed experts.  Plaintiffs argue that the claims administrator for the class action settlement is court appointed and thus qualifies as a "court appointed expert."  There, Plaintiffs argue that the Court may include in the appeal bond the additional costs incurred by the claims administrator as a result of the delay brought on by the Objectors' appeals.  (Mot. 11, 13-14.)  Because these costs—which include maintaining the post office box, staffing the toll-free call center, updating the website, and responding to class member inquiries—are approximately $25,000 per month, Plaintiffs seek a total bond of at least $290,000 from Objectors.  (Mot. 11.)

The Court disagrees that the claims administrator fits into the category of "court appointed experts." Typically, this category applies to expert witnesses appointed by the court under Federal Rule of Evidence 706, and not claims administrators selected by the parties and approved by the court.  In declining to extend the category of "interpreters" in 28 U.S.C. § 1920(6) to include document translators, the Supreme Court stressed that its decision "[kept] with the narrow scope of taxable costs."  *Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997, 2006 (2012). "Taxable costs are limited to relatively minor, incidental expenses as is evident from § 1920, which lists such items as clerk fees, court reporter fees, expenses for printing and witnesses, expenses for

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| CASE NO.: | MDL 07-01891 SJO (AGRx) <br> CV 07-05107 SJO (AGRx) | DATE: | July 24, 2014 |

exemplification and copies, docket fees, and compensation of court-appointed experts." *Id.* Thus, the Court reasoned that it "s[aw] no compelling reason to stretch the ordinary meaning of the cost items Congress authorized in § 1920." *Id.* Similarly, this Court sees no reason to stretch the ordinary meaning of "court appointed expert" to include administrative delay costs associated with a claims administrator in a class action settlement.

In addition to the administrative costs of the claims administrator, Plaintiffs have also calculated copying and binding costs of $762 for each appeal. (Mot. 11.) In his Opposition, Nedlouf states that he "has no objection to a bond being set in this amount" (Nedlouf Opp'n 7), and Johnson states that he "will happily deposit $2000 with the court or in class counsel's trust account to cover costs" (Johnson Opp'n 15). Because neither Objector appears to object to a bond set at this lower amount, the Court orders that appeals bonds in the amount of $762 each be imposed on Johnson and Nedlouf. Given the low cost of these bonds and the Objectors' stated willingness to pay, there is no need to conduct discovery to determine the Objectors' abilities to pay. The Court therefore **DENIES** Plaintiffs' request for an order allowing discovery of Objectors.

III.  RULING

For the foregoing reasons, the Court **GRANTS IN PART** Plaintiffs' Motion and orders that appeals bonds in the amount of **$762** be imposed on both Stuart Johnson and Said Nedlouf. The Court **DENIES** Plaintiffs' request for an order allowing discovery of Objectors.

IT IS SO ORDERED.